**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**LEE SCHMIDT and CRYSTAL ARRINGTON,**

    Plaintiff,

v.                                                          Civil Action No.: 2:24-cv-621

**CITY OF NORFOLK,
and MARK TALBOT, in his
Official capacity as the Norfolk Chief of Police,**

    Defendants.

## ANSWER TO COMPLAINT

Defendants, the City of Norfolk (the "City") and Mark Talbot, Norfolk Chief of Police, by counsel, for their Answer to Plaintiffs' Complaint state as follows:

1. Defendants deny all constitutional violations alleged in the Complaint.

2. The allegation in paragraph 1 that the City has installed a network of cameras is admitted. The remaining allegations in paragraph 1 are denied.

3. The allegations in the first sentence of paragraph 2 are admitted. The Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 2 and they are therefore denied.

4. The allegations in the first three sentences of paragraph 3 are denied. It is admitted that Mark Talbot stated the words quoted in the fourth sentence of paragraph 3. The remaining allegations in the fourth and fifth sentences of paragraph 3 are denied. The allegations in the sixth sentence of paragraph 3 that the City is expanding a "dragnet" are denied. The remaining allegations in the sixth sentence of paragraph 3 are admitted.

5. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 and they are therefore denied.

6. The allegations of paragraph 5 are denied.

7. The allegations in the first and second sentences of paragraph 6 that an officer may access Flock information without a warrant are admitted. All other allegations in the first and second sentences of paragraph 6 are denied. The allegations in the remaining sentences of paragraph 6 are denied.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first three sentences of paragraph 7 and they are therefore denied. The last sentence of paragraph 7 is admitted except the Complaint's characterization of "ominously" which is hereby denied.

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 and they are therefore denied.

10. The allegations in the first and second sentences of paragraph 9 amount to legal conclusions rather than assertions of fact. To the extent a response is required, Defendants deny such allegations. The allegations in the third sentence of paragraph 9 are denied. The allegations in the remaining sentences of paragraph 9 amount to legal conclusions rather than assertions of fact. To the extent a response is required, Defendants deny such allegations

11. The allegations in paragraph 10 amount to legal conclusions rather than assertions of fact. To the extent a response is required, Defendants deny such allegations.

12. Paragraph 11 asserts the nature of this action, which Defendants do not contest.

13. Paragraph 12 asserts this Court's jurisdiction, which Defendants do not contest.

14. Paragraph 13 asserts venue in this judicial district, which Defendants do not contest.

15. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 14 and 15 and they are therefore denied.

16. The allegations in paragraphs 16 through 18 are admitted.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 19 through 36 and they are therefore denied.

18. The allegations in paragraphs 37 through 40 are admitted.

19. The allegations in the first two sentences of paragraph 41 are admitted. As to the third sentence of paragraph 41, Defendants admit the quoted language is consistent with what is stated at the web page directed to by the hyperlink provided in footnote to paragraph 41. Defendants deny the allegations in paragraph 41 that Flock cameras are able to record "whether [a] vehicle is registered to a resident or non-resident" and can record "damage or alterations." The allegations in the fourth sentence of paragraph 41 are denied. The allegations in the last sentence of paragraph 41 are admitted.

20. The allegations in the first two sentences of paragraph 42 are admitted. The Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence of paragraph 42 and they are therefore denied. As to the last sentence in paragraph 42, Defendants admit that Chief Talbot stated the words cited as a quotation, however any further allegations in paragraph 42 regarding the implication or meaning of Chief Talbot's statement are denied.

21. The allegations in the first sentence of paragraph 43 are admitted. The allegations the second sentence of paragraph 43 are denied. The allegations in the final sentence of paragraph 43 are admitted.

22. As to the allegations in paragraph 44, the allegation that NPD purchased Flock access for "unlimited users" is admitted to the extent consistent with the terms of the Flock Agreement. The remaining allegations of paragraph 44 are denied.

23. The allegations in paragraph 45 are denied.

24. The allegation in paragraph 46 that the NPD adopted a policy in July 2023 is admitted. The remaining allegations in the first and second sentences of paragraph 46 are denied. The allegations in the remaining sentences in paragraph 46 are admitted.

25. The allegations in paragraphs 47 and 48 are denied.

26. The allegations in paragraph 49 are admitted, however Defendants aver that individual officers' decisions to search the database and the scope of that search are subject to NPD policy and limited to law enforcement purposes.

27. The allegations in the first sentence of paragraph 50 are denied. As Defendants do not know what amount of frequency is meant by the term "commonly," Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 50 and they are therefore denied.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 51 and 52 and they are therefore denied.

29. As to paragraph 53, Defendants deny the NPD can use information they record to build a picture of plaintiff Schmidt's daily habits and routines. As to all other allegations in paragraph 53, Defendants lack knowledge or information sufficient to form a belief about the truth of such allegations and they are therefore denied.

30. The allegations in paragraph 54 and 55 are denied.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 and they are therefore denied.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 57 and they are therefore denied. The remaining allegations in paragraph 57 are denied.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 58 and they are therefore denied. The remaining allegations in paragraph 58 are denied.

34. The allegations in the first sentence of paragraph 59 are denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence of paragraph 59 and they are therefore denied. The remaining allegations of paragraph 59 are denied.

35. As to paragraph 60, the allegation that Flock Cameras allow the NPD and other Flock users to track plaintiff Schmidt's every movement over 30 days or more and analyze that data is denied. The allegation that the use of Flock Cameras has the potential to reveal where plaintiff Schmidt goes, what he does, and who he associates with is denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 60 and they are therefore denied.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 61 through 65 and they are therefore denied.

37. As to paragraph 66, the allegation that anyone with access to Flock's database can use this information to figure out which places plaintiff Arrington frequently visits in Norfolk and deduce who her relatives and closest friends are is denied. Defendants lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations in paragraph 66 and they are therefore denied.

38. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 67 through 68 and they are therefore denied.

39. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 69 and they are therefore denied. The remaining allegations in paragraph 69 are denied.

40. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of paragraph 70 and they are therefore denied. The remaining allegations in paragraph 70 are denied.

41. The allegations in the first sentence of paragraph 71 are denied. The allegations in the second and third sentence of paragraph 71 are admitted. The remaining allegations of paragraph 71 are denied.

42. As to paragraph 72, the allegation that Flock Cameras allow the NPD and other Flock users to track plaintiff Arrington's every movement over 30 days or more and analyze that data is denied. The allegation that the use of Flock Cameras has the potential to reveal where plaintiff Arrington goes, what she does, and who she associates with is denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 72 and they are therefore denied.

43. As to paragraph 73, the allegation that Flock Cameras capture plaintiff Arrington and her clients on their way to doctors' offices, hospitals, and other places in Norfolk is denied. The allegation that with enough photographs, Defendants may even be able to figure out who plaintiff Arrington's clients are and where she usually takes them is denied. Defendants lack

knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 73 and they are therefore denied.

    44.    The allegations in paragraph 74 are denied.

    45.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 75 through 80 and they are therefore denied.

    46.    The allegations in paragraph 81 are denied.

    47.    The allegations in paragraph 82 that any NPD officer can access the whole of plaintiff Schmidt's or plaintiff Arrington's, or any other driver's movements over at least the past 30 days are denied. The allegation that any NPD officer can access data from Flock Cameras without "any form of prior approval" is denied. The remaining allegations in paragraph 82 are admitted.

    48.    The allegations in paragraph 83 are denied except it is admitted that NPD policy does not require its officers to have probable cause to access data from the Flock Cameras.

    49.    The allegations in paragraph 84 are denied.

    50.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs 85 and 86 and they are therefore denied.

    51.    The allegation in paragraph 87 that Defendants' installation and operation of Flock Cameras have invaded Plaintiffs' privacy by exposing a record of their movements throughout the City to every person the NPD allows to access its data is denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 87 and they are therefore denied.

    52.    The allegation in paragraph 88 that Defendants' installation and operation of the Flock Cameras have exposed a record of the trips plaintiff Arrington takes with her clients to and

around the City to every person the NPD allows to access its data is denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 88 and they are therefore denied.

53. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 89 and they are therefore denied.

54. The allegations in paragraph 90 are denied.

55. The allegations in paragraph 91 are denied to the extent the term "City officials" is intended to include any person who is not a member of the NPD who has been authorized to access Flock data. The allegation that access to Flock data is "unfettered" is denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 91 to the extent such allegations pose a hypothetical set of circumstances. Such remaining allegations are therefore denied.

56. The allegation in paragraph 92 that Defendants will expand their "surveillance capabilities" by adding 65 more Flock cameras is denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 92 and they are therefore denied.

57. The allegations in paragraph 93 do not make any assertion of fact but are rather a recapitulation of previous allegations and therefore such allegations are admitted or denied in the same manner as they were when each allegation was set out originally.

58. Paragraphs 94 through 96 do not make any assertion of fact but rather make statements of law. To the extent a response is required, Defendants do not contest the statements of law in paragraphs 94 through 96.

59. The allegation in paragraph 97 is denied.

60. The allegations in the first sentence of paragraph 98 are denied. The remaining allegations in paragraph 98 are admitted.

61. The allegations in the first sentence of paragraph 99 are denied. Allegations in paragraph 99 to the effect that the NPD could create a long-term record of Plaintiffs' movements throughout the City and other Flock jurisdictions, that the NPD would have the capability to reconstruct Plaintiff's movements over the past 30 days or more, that NPD officers could monitor and catalogue the whole of a person's movements over 30 days, or that NPD is able to reconstruct the entirety of a person's movements retrospectively are denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 99 and they are therefore denied.

62. Paragraph 100 does not make any assertion of fact but rather consists of statements of law and legal conclusions. To the extent a response is required, all allegations regarding statements of law or legal conclusions in paragraph 100 are denied. Defendants deny that they can use information to identify drivers and dig even deeper into their travel, habits, and associations using Flock's advanced software capabilities. The allegation that Flock Cameras create a "Vehicle Fingerprint" that includes identifying information, like a license plate is admitted. All other allegations that make an assertion of fact in paragraph 100 are denied.

63. Paragraph 101 does not make any assertion of fact but rather consists of statements of law and legal conclusions. To the extent a response is required, the allegations in paragraph 101 are denied.

64. The allegations in paragraph 102 are admitted, however Defendants aver that such access is predicated on NPD officers' compliance with the relevant training and policies applicable to using Flock.

65. The allegations in paragraph 103 are admitted.

66. The allegations in paragraph 104 are admitted.

67. The allegations in paragraph 105 are admitted to the extent the Defendants have a policy or custom of not requiring a warrant or probable cause to access, use, or search Flock's database. Any remaining allegation in paragraph 105 is denied.

68. The allegations in paragraph 106 are admitted to the extent the Defendants have a policy or custom of not requiring a warrant or probable cause to download and store the photographs and other information that the Flock Cameras collect. Any remaining allegation in paragraph 106 is denied.

69. The allegations in paragraph 107 are admitted to the extent the Defendants have a policy of not requiring a warrant or probable cause to access, use, or search information downloaded from Flock's database. Any remaining allegation in paragraph 107 is denied.

70. The allegations in paragraph 108 are admitted, however Defendants aver that each officer's access and use of the information available in, or downloaded from, Flock's database is subject to NPD policy and limited to law enforcement purposes.

71. The allegations in paragraph 109 do not make assertions of fact but rather amount to a legal conclusion. To the extent a response is required, such allegations are denied. Defendants deny any allegation to the effect that they have engaged in dragnet surveillance of the whole of plaintiff Schmidt's, Arrington's, and other drivers' movements.

72. Defendants deny Plaintiffs are entitled to any relief sought in their Request for Relief.

73. Any allegations not specifically admitted are hereby denied.

## **AFFIRMATIVE DEFENSES**

74. The Court is without subject matter jurisdiction as the named Plaintiffs lack standing to pursue the claims alleged in the Complaint as previously set forth in Defendants' Motion to Dismiss and Memorandum in support thereof.

75. Plaintiffs fail to state a claim upon which relief may be granted as previously set forth in Defendants' Motion to Dismiss and Memorandum in support thereof.

76. Defendants did not violate Plaintiff's rights under the Constitution or laws of the United States.

77. Defendants will rely upon any and all other defense which become known to them up to and including the time of trial which are warranted by the law and the evidence.

WHEREFORE, Defendants, the City of Norfolk and Mark Talbot by counsel, pray that the relief requested in the Complaint be denied, that said Complaint be dismissed with prejudice, and that the Court enter judgement for the Defendants.

**CITY OF NORFOLK,
and
MARK TALBOT**

_____/s/_____
Karla J. Soloria (VSB 82674)
Assistant City Attorney
Adam D. Melita (VSB 41716)
Chief Deputy City Attorney
karla.soloria@norfolk.gov
adam.melita@norfolk.gov
City of Norfolk Department of Law
810 Union Street, Suite 900
Norfolk, VA 23510
Telephone: (757) 664-4529
Facsimile: (757) 664-4201

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2025 I will electronically file the foregoing *Answer* with the Clerk of Court using the CM/ECF system, which will send a copy of the foregoing to the following,

>Robert Frommer
>Joshua Windham
>Michael B. Soyfer
>Tahmineh Dehbozorgi
>Institute for Justice
>901 N. Glebe Rd., Suite 900
>Arlington, VA 22203
>rfrommer@ij.org
>jwindham@ij.org
>msoyfer@ij.org
>tdehbozorgi@ij.org
>Telephone: (703) 682-9320
>Fax: (703) 682-9321
>
>*Counsel for Plaintiffs*

>_____/s/_____
>Karla J. Soloria (VSB 82674)
>Assistant City Attorney
>karla.soloria@norfolk.gov
>City of Norfolk Department of Law
>810 Union Street, Suite 900
>Norfolk, VA 23510
>Telephone: (757) 664-4529
>Facsimile: (757) 664-4201
>
>*Counsel for Defendants*