IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| LEE SCHMIDT and CRYSTAL ARRINGTON,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF NORFOLK, the NORFOLK POLICE DEPARTMENT, and MARK TALBOT, in his official capacity as the Norfolk Chief of Police,<br><br>*Defendants*. | Civil Case No. 2:24-cv-00621-MSD-LRL |

**CONSENT PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), and with parties' consent through their respective attorneys, the Court hereby **ORDERS** as follows:

1. The purpose of this Order is to protect personal identifying information, protected health information, automatic license plate reader data, trade secrets, and information subject to a right of privacy or confidentiality protected by law, by regulation, or by contract.

2. The following definitions apply to this Order:

    a. "Discovery Material" means all information, documents, and things exchanged in discovery as part of the litigation of this Action (as that term is defined herein);

    b. "Action" means the case of LEE SCHMIDT *et al.* v. CITY OF NORFOLK, *et al.* pending in the United States District Court, Eastern District of Virginia, Norfolk Division; Case No. 2:24-cv-00621-MSD-LRL;

c. "Party" means plaintiff Lee Schmidt, plaintiff Crystal Arrington, defendant City of Norfolk, and defendant Mark Talbot (in his official capacity as Norfolk Chief of Police);

d. "Non-Party" means any person other than a person included as a Party;

e. "Producing Party" means any Party and Non-Party when said person produces or otherwise provides any Discovery Material in response to or in connection with any discovery request, including, without limitation, depositions (whether based upon oral examination or written questions), interrogatories, requests for admission, or document requests, as well as any and all copies and excerpts thereof;

f. "Receiving Party" means any Party or Non-Party when said person receives any Discovery Material from any Producing Party in response to or in connection with any discovery requests, including, without limitation, depositions (whether based upon oral examination or written questions), interrogatories, requests for admission, or document requests, as well as any and all copies and excerpts thereof;

g. "Protected Material" means Discovery Material that has been designated, in whole or in part, as "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order";

h. "Native Document" means a document that exists, in its original format, as a digital document consisting of a named, transferrable computer file; and

i. "Order" means this Consent Protective Order.

3. This Order applies to all Discovery Material produced or otherwise provided to any Receiving Party. This Order also applies to every Non-Party who has signed the "Agreement to Be Bound By Protective Order" (attached as Exhibit 1 to this Order) and who (I) is served with a subpoena in connection with this Action or who otherwise produces any documents or (II) is noticed for a deposition in this Action, whereafter every such Non-Party is entitled to the protections of this Order and subject to its obligations. Any Party or its counsel serving upon a Non-Party a subpoena that requires the production of documents or testimony must also serve a copy of this Order along with such subpoena and must inform the Non-Party recipient of the ability to designate documents or testimony produced pursuant to such subpoena according to the provisions of this Order.

4. If any additional party joins, or is joined in, this action, it cannot have access to Protected Material until it has either, (I) been ordered by the Court to comply with this Order, or (II) executed and filed with the Court its agreement to be fully bound by this Order.

5. All deadlines or dates stated in this Order are computed pursuant to Federal Rule of Civil Procedure 6.

6. All Protected Material must be designated and marked by a Producing Party as follows:

    a. Except for deposition transcripts or Native Documents, a marking of either "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order" must be affixed to the documents. If it is practical to do so, the marking must be placed clearly on each page. If marking each page is not practical, the marking must be placed prominently

        on at least the first page. Such marking must not obscure or obliterate any of the contents of the document to which it is affixed.

b.   For any Native Document, the file name must include both the Bates number and at least one of the confidentiality designations set forth in subparagraph a. above, and the Bates-stamped slip sheet used as a placeholder for the Native Document must include both the Bates number and said confidentiality designation. If the Receiving Party prints or otherwise makes copies of any Protected Material, the printout or copy must be marked with the same confidentiality designation as appears on the original version.

c.   For deposition transcripts:

    i.   A Producing Party must designate any transcript or portion of a transcript by either (I) requesting, on the record during the deposition, that a specific portion or portions of the testimony are designated to be Protected Material; or (II) providing written notice to the court reporter and counsel for all Parties within ten days of receipt of the final transcript, which notice must identify, by page and line number, the portion or portions of the testimony that are designated to be Protected Material.

    ii.   Any introduction of Protected Material as an exhibit or use during a deposition does not constitute a waiver of any of the provisions or protections of this Order as to the introduced Protected Material.

        iii.      If testimony is designated as Protected Material, the court reporter, must include on the cover page of each such transcript the legend: "This transcript contains information subject to a Protective Order and must be used only in accordance therewith" and each page of the transcript must include the legend "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order," as appropriate. If the deposition is videotaped, the videotape must be subject to the same level of confidentiality as the transcript and include the legend "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order," as appropriate, if any portion of the transcript is so designated.

7.    A Producing Party must designate Discovery Material as "Confidential – Subject to Protective Order" only upon a good-faith and reasonable belief that the Discovery Material contains information that is not generally available to the public and that is (I) personal identifying information, protected health information, automatic license plate reader data, or trade secrets; or (II) subject by law, regulation, or contract to a legally protected right of privacy or confidentiality.

8.    Defendants and non-Parties may designate Discovery Material as "Attorneys' Eyes Only – Subject to Protective Order." Such designation must be made only upon a good-faith and reasonable belief that the Discovery Material contains information that is not generally available to the public and is of such a nature that its disclosure would create a substantial risk of serious injury to any person that could not be avoided by designating the material as "Confidential – Subject to Protective Order."

9. This Order is intended to operate as the functional equivalent of an injunction prohibiting defendant City of Norfolk and defendant Mark Talbot (in his official capacity as Norfolk Chief of Police) from disclosing or producing Protected Material produced in discovery in this Action by plaintiff Lee Schmidt, plaintiff Crystal Arrington, or a Non-Party pursuant to The Virginia Freedom of Information Act (Va. Code § 2.2-3700 et seq.) (hereinafter the "Virginia FOIA"). Notwithstanding the foregoing, nothing in this Order should be construed to prohibit disclosure or production of (I) public records that were prepared, owned, or possessed by defendant City of Norfolk and defendant Mark Talbot (in his official capacity as Norfolk Chief of Police) prior to discovery in this Action and would otherwise be subject to production under the Virginia FOIA or (II) any Protected Material that is de-designated or unsealed by Court order during the course of this Action or otherwise becomes generally available to the public. In the event that (I) a Receiving Party is subject to a request under the Virginia FOIA for Protected Material, (II) the Producing Party does not waive all the protections of this Order relating to the Protected Material, (III) the Receiving Party provides notice of such request to the Producing Party within one (1) business day, and (IV) the Receiving Party declines to disclose Protected Material pursuant to this Order, then the Producing Party will hold the Receiving Party harmless from and against all court-ordered civil penalties and reasonable attorneys' fees arising out of or resulting from any action brought by any person pursuant to the Virginia FOIA challenging the Receiving Party's nondisclosure of requested Protected Material, provided that the only documents found or held to have been improperly withheld in such action are the Producing Party's Protected Material.

10. Counsel must not designate material as Protected Material without a good-faith and reasonable belief that such qualifies as Protected Material under this Order. Counsel for the designating party must make designations as narrowly and reasonably as practicable, including but

not limited to designating only those portions of documents or other materials that contain information that is not generally available to the public and of the kind described in paragraphs 7 and 8 of this Order.

11.  Protected Material may be used only (I) as part of the litigation of this Action, (II) as otherwise allowed under this Order, or (III) with the express written consent of the Producing Party. Protected Material may not be revealed, delivered, disclosed, or otherwise made known, in whole or in part, to any person except:

    a.    the Court and its personnel;

    b.    counsel of record for the Parties and attorneys, paralegals, and other support staff working under their direct supervision and direction;

    c.    the Parties;

    d.    outside consulting or testifying experts retained as part of the litigation of this Action and their necessary support personnel, provided that the consultant or expert has signed the "Agreement to Be Bound By Protective Order" attached as Exhibit 1 to this Order before receiving any Protected Material;

    e.    an officer before whom a deposition is taken, including court reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer;

    f.    any deponent or trial witness during deposition preparation, a deposition, trial testimony preparation, or trial testimony, where counsel in good faith believes that disclosure is necessary or useful for the preparation or examination of the witness;

 g. any person who is identified in the content or metadata of the Protected Material as an author, addressee, or recipient of the Protected Material;

 h. when the Protected Material is a meeting record, any attendee of the meeting;

 i. any person who would have likely reviewed, prior to its designation as Protected Material, said Material during his or her employment as a result of the nature of his or her position;

 j. outside photocopying, graphic production services, or litigation support services (e.g., e-discovery vendors, contract review attorneys, and trial and jury consultants), as necessary and useful in connection with this Action; *and*

 k. any other person whom the Parties and, when applicable, the Non-Party who designated the Protected Material agree, expressly in writing, may receive such Material (which agreement cannot be unreasonably withheld).

12. "Attorneys' Eyes Only" documents or information may be used only for purposes of this case, except as otherwise allowed under this Order or with the consent of the Producing Party. "Attorneys' Eyes Only" documents or information may not be revealed, delivered, disclosed, or otherwise made known, in whole or in part, to any person except those listed in subparagraphs (a), (b), (d), (e), (g), (h), (i), (j), and (k) of the preceding paragraph.

13. Nothing in this Order affects the right of any Producing Party to use or disclose Protected Material that it designated as such.

14. This Order does not create any obligation or duty upon any Party to maintain as confidential or prevent the disclosure of any Discovery Material that is not designated as Protected Material.

15. A Receiving Party may object to the designation of Protected Material or request agreement to disclose Protected Material pursuant to the provisions set forth above. A Receiving Party is not required to make such objection or request at the time such designation is made, and failure to do so does not preclude a later challenge or request. The Receiving Party must first raise the objection or request with the Producing Party in writing. If, within five (5) calendar days of the Producing Party's receipt of such objection, the Producing Party fails to respond to the objection, then the objected-to designation of Protected Material is deemed withdrawn and said designation shall be ignored for all purposes of this Order. If, on the other hand, the Producing Party responds to the Receiving Party's objection and explains, in writing, the basis for its designation of Protected Material, the Producing Party and Receiving Party must meet and confer within five (5) calendar days of the Receiving Party's receipt of the Producing Party's response in a good-faith effort to reach agreement. If agreement cannot be reached, the Receiving Party may, within fourteen (14) calendar days after the failure to reach agreement, seek relief from the Court. In any such proceeding, the burden of proof to show that such Protected Material was properly designated rests on the Producing Party. The document or information in question will remain subject to this Order until the Court rules or the Parties reach agreement prior to such ruling.

16. Protected Material may be used or offered into evidence by any Party in open court at trial, a hearing, or any other proceeding in this Action provided that such Party gives advance notice of not less than five (5) calendar days to the Producing Party and, if the Producing Party objects, promptly meets and confers with the Producing Party in a good-faith effort to narrow or

resolve the objection. If the Parties cannot resolve the dispute during the meet and confer, the Producing Party may file a motion seeking protection or relief from the Court promptly after the meet-and-confer with sufficient time for the Court to resolve the dispute prior to or at the trial, hearing, or other proceeding. The document(s) or information in question will remain subject to this Order until the Court rules.

17. In filing Protected Materials, or pleadings or other papers that contain Protected Material, with the Court, a Receiving Party must seek the Court's permission to make such filing under seal, consistent with Local Rule 5. In doing so, the Receiving Party may take the position that the Protected Materials should be made public or take no position. Nothing in this Order supersedes or otherwise modifies the procedures in Local Rule 5, and the parties must follow the procedures in Local Rule 5 to seek permission to file Protected Material under seal. This Order does not create an independent basis for sealing documents, and any documents will remain under seal only as appropriate under the applicable statutes, rules, and case law. General or aggregated summaries of, references to, descriptions of, or statistics about Protected Material that do not reveal confidential or sensitive information may be filed on the public docket.

18. An inadvertent failure to designate documents or information as Protected Material is not and will not be deemed to be a waiver of a Producing Party's claim of protection under this Order. A Producing Party may restrict further disclosure of such documents that inadvertently were not designated as Protected Materials by notifying the Receiving Party, in writing, of the mistake or other reason for the inadvertent failure to affix the marking required to designate the materials as Protected Materials and the change in designation. The Producing Party must also contemporaneously provide appropriately marked replacement copies of the documents or information, at the Producing Party's sole expense. The Receiving Party must thereafter take

reasonable steps to prevent further disclosure of the newly designated Protected Materials, except as otherwise permitted by this Order.

19. By consenting to this Order, no Party agrees to produce any particular documents or information. Nothing in this Order limits or waives the attorney-client privilege, the work-product doctrine, or any other privilege or protection from disclosure. This Order does not preclude a Party or Non-Party from objecting to discovery requests or to the admissibility of any evidence or testimony. Moreover, this Order does not preclude any Party or Non-Party from filing a motion for a protective order concerning particular documents or information, including one that requests restrictions that differ from those in this Order.

20. The provisions of this Order may be altered or modified only by written agreement of the Parties and all other persons who have been made subject to it either by Order of the Court or by signing the "Agreement to Be Bound By Protective Order" attached as Exhibit 1 to this Order. This Order may also be altered or modified by order of this Court or any other court of competent jurisdiction. Each Party expressly reserves its right to seek further amendment to this Order by agreement or motion.

21. The Parties agree that any documents that are otherwise authentic for purposes of admissibility remain authentic even if stamped "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order."

22. Any Receiving Party may disclose Protected Material pursuant to the requirement or request of a duly empowered governmental, regulatory, or supervisory agency or authority or court of competent jurisdiction to the extent such disclosure is required by a valid law, rule, regulation, or court order, and notice is given by the Receiving Party to the Producing Party of any such requirement or request (unless such notification is prohibited by a valid law, rule, regulation,

or court order) within three (3) business days of the Receiving Party's receipt of such request or requirement. Such notification must include a copy of the requirement or request. The Receiving Party must promptly notify, in writing, the person or entity that caused such requirement or request to be issued that some or all of the required or requested material is subject to this Order. If the Producing Party timely seeks a protective order or other remedy, the Receiving Party must not produce any Protected Material before a ruling on the request for a protective order or other remedy is issued, unless (I) the Receiving Party has received the Producing Party's permission to do so, or (II) the governmental, regulatory, or supervisory agency or authority or court of competent jurisdiction that required the disclosure of the subject Protected Material has imposed a deadline by which the disclosure is required that expires before a ruling on the request for a protective order or other remedy is issued. The Producing Party bears the entire burden and expense of seeking protection of its Protected Material. If the Producing Party's request for a protective order or other remedy is denied in whole or in part, or the Producing Party is deemed to have waived compliance with the provisions of this Order, the Receiving Party may disclose that portion of the Protected Material which is legally required, and such disclosure is not a violation of this Order. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from a governmental, regulatory, or supervisory agency or authority or a court.

23. The Court retains jurisdiction over each person or entity who receives or produces any Protected Material and who is bound by the terms of this Order. Any Party claiming a violation of this Order may seek any remedy allowed by law.

Entered this 12th day of March, 2025.

_____
The Hon. Lawrence R. Leonard
U.S. Magistrate Judge

WE ASK FOR THIS:

/s/ *Karla J. Soloria (with consent)*

Karla J. Soloria (VSB 82674)
Assistant City Attorney
Adam D. Melita (VSB 41716)
Chief Deputy City Attorney
karla.soloria@norfolk.gov
adam.melita@norfolk.gov
City of Norfolk Department of Law
810 Union Street, Suite 900
Norfolk, VA 23510
Telephone: (757) 664-4529
Facsimile: (757) 664-4201

*Counsel for Defendants*

/s/ *Robert Frommer*

Robert Frommer
 (VA Bar No. 70086)
Joshua Windham
 (NC Bar No. 51071)*
Michael B. Soyfer
 (NY Bar No. 5488580; DC Bar No. 230366)*
Tahmineh Dehbozorgi
 (DC Bar No. 90030252)*
Institute for Justice
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
rfrommer@ij.org
jwindham@ij.org
msoyfer@ij.org
tdehbozorgi@ij.org

*Attorneys for Plaintiffs*

*pro hac vice

14

# EXHIBIT 1

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

*Schmidt v. City of Norfolk*, Case No. 2:24-cv-00621-MSD-LRL (E.D. Va.)

I, _____, have been provided a copy of the Consent Protective Order ("Order") entered in this case and have carefully reviewed the Order. I understand the Order and agree to be bound by its terms. I understand that by signing below, I am voluntarily submitting to the jurisdiction of this Court for the purpose of any proceedings related to my compliance with or violation of this Order. I understand that if I violate the terms of this Agreement or the Order, I may be subject to sanctions or other punishments, to the fullest extent allowed by law.

Date: _____

_____
(Signature)

_____
(Printed Name)