UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| LEE SCHMIDT and CRYSTAL ARRINGTON,<br><br>                Plaintiffs,<br><br>    v.<br><br>CITY OF NORFOLK and MARK TALBOT, in his official capacity as the Norfolk Chief of Police,<br><br>                Defendants. | Case No.: 2:24-cv-00621-MSD-LRL<br><br>Hon. Mark S. Davis |

**PROPOSED INTERVENOR FLOCK SAFETY'S
ANSWER TO PLAINTIFFS' COMPLAINT**

      Flock Group, Inc., doing business as Flock Safety ("Flock"), by counsel, provides the following answers and affirmative defenses to the Complaint filed by Plaintiffs Lee Schmidt and Crystal Arrington. Flock denies all allegations in the Complaint not specifically admitted below. In responding to the Complaint, Flock uses the headings employed by Plaintiffs. Flock answers as follows:

**ANSWER TO SPECIFIC ALLEGATIONS**

**INTRODUCTION**

      1.     Flock admits that license plate reader ("LPR") cameras are installed within Norfolk city limits. Except as expressly admitted herein, Flock denies the remainder of the allegations in Paragraph 1.

      2.     Flock admits that it has contracted with the City of Norfolk to provide approximately 172 Flock ALPRs to the City. Except as expressly admitted herein, Flock denies the remainder of the allegations in Paragraph 2.

3.  Flock admits that photographs taken by Flock cameras in the City of Norfolk are stored for 30 days. Flock lacks sufficient information or belief regarding the truth of the allegation regarding the statement by the City's police chief and on that basis denies it. Flock denies the remainder of the allegations in Paragraph 3.

4.  Flock admits that depending upon the services purchased by a customer, the customer may have the capability to output a list of cameras that have captured a particular vehicle's image. Flock denies that it provides "advanced search" and "artificial intelligence functions," as those terms are vague and undefined. Except as expressly admitted herein, Flock denies the remainder of the allegations in Paragraph 4.

5.  Flock lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis denies them.

6.  Flock admits that photographs taken by Flock cameras in the City of Norfolk are stored for 30 days. Flock lacks information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and on that basis denies them.

7.  Flock denies the allegations in Paragraph 7.

8.  Flock lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 8, and on that basis denies them.

9.  The allegations in Paragraph 9 contain legal conclusions to which no response is required. To the extent that any response is required, Flock lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies them.

10.  The allegations in Paragraph 10 contain legal conclusions to which no response is required. To the extent a response is required, Flock denies the allegations in Paragraph 10.

## JURISDICTION AND VENUE

11. Flock admits that Plaintiffs' complaint cites the Fourth Amendment to the U.S. Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983; and the Declaratory Judgment Act, 28 U.S.C. § 2201, but denies that Plaintiffs are entitled to relief under any of those provisions or any other law.

12. Flock admits that the Complaint alleges federal question claims, but denies that this Court has subject matter jurisdiction on the grounds that the Plaintiffs lack Article III standing.

13. Flock does not contest that venue is proper in this Court.

## PARTIES

14. Flock lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15. Flock lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15.

16. Flock admits the allegation in Paragraph 16.

17. Flock admits the allegations in Paragraph 17.

18. Flock does not contest that this suit asserts claims against Chief Talbot in his official capacity. The remaining allegations in Paragraph 18 contain legal conclusions to which no response is required. To the extent that a response is required, Flock lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 18, and on that basis denies them.

## STATEMENT OF FACTS

### *Automatic License Plate Readers*

19. The allegations in Paragraph 19 relate to LPRs generally and assert blanket allegations. Flock lacks knowledge and information sufficient to form a belief as to the truth of such generalized allegations, and on that basis denies the allegations in Paragraph 19. Flock admits that LPRs generally are computer-controlled cameras, that some LPRs are mounted above ground and some are mounted on police cars, and that LPRs generally use optical character recognition. Except as expressly admitted herein, Flock denies the allegations in Paragraph 19.

20. Flock lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 20 because they are generalizations or Plaintiffs' characterizations, and on that basis denies them.

21. Flock admits that some LPRs are capable of operating without breaks. Except as expressly admitted herein, Flock denies the allegations in Paragraph 21.

22. Flock admits that depending upon the model of LPR, license plates captured by the LPR may be associated with a particular time and location, which can be stored in a database. Except as expressly admitted herein, Flock denies the allegations in Paragraph 22.

23. Flock admits that some companies that sell LPRs and software services to police departments also offer their customers the capability to share data. Except as expressly admitted herein, Flock denies the allegations contained in Paragraph 23.

24. Flock admits that its products assist law enforcement in recovering stolen vehicles and solving crimes. Flock lacks information sufficient to form a belief as to the truth of the allegations in Paragraph 24 as to what is "commonly" or "typically" done by police departments nationwide and on that basis denies the remaining allegations in Paragraph 24.

25. Flock lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 25, which speak in abstract terms about undefined LPRs, undefined LPR databases, and hypothetical drivers, and on that basis denies them. For the avoidance of doubt, Flock denies the allegations in Paragraph 25 to the extent that they apply as to Flock cameras.

26. Flock lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 26, which speak in abstract terms about undefined LPRs, undefined LPR databases, and hypothetical drivers, and on that basis denies them. For the avoidance of doubt, Flock denies the allegations in Paragraph 26 to the extent that they apply as to Flock cameras.

27. To the extent that Paragraph 27 makes allegations relating to undefined companies and speaks in the abstract, Flock lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 27, and on that basis denies them. For the avoidance of doubt, Flock denies the allegations in Paragraph 27 to the extent that they apply as to Flock cameras.

28. Flock lacks knowledge or information sufficient to form a belief on the truth of the allegations in Paragraph 28, which are entirely hypothetical, and on that basis denies them.

29. Flock admits that the articles cited in the footnotes to Paragraph 29 state that these events occurred. Except as expressly admitted herein, Flock denies the allegations in Paragraph 29.

*Flock Safety*

30. Flock admits that LPR technology continues to develop, but lacks sufficient information or knowledge sufficient to determine whether companies are offering "enhanced LPRs," which is not defined, and on that basis denies the allegations in Paragraph 30.

5

31. Flock lacks information or knowledge sufficient to form a belief as to the truth of the allegation contained in Paragraph 31 that it is among the largest companies that fit the description in Paragraph 30, which contains the undefined term "enhanced ALPRs," and on that basis denies that allegation. Flock admits that its website contains the quoted passages. Except as expressly admitted herein, Flock denies the allegations in Paragraph 31.

32. Flock admits the allegations in the first sentence of Paragraph 32. Flock denies the allegations in the second sentence of Paragraph 32, which are vague in that size, level of infrastructure, and ease of installation and operation are not objective terms. Flock denies the allegations in the third sentence of Paragraph 32, which are vague in that each camera's capabilities depend on particular circumstances. Flock lacks knowledge as to the contracts entered into between other manufacturers and their customers, and therefore lacks information sufficient to admit or deny how its prices compare to other manufacturers; on that basis, Flock denies the allegations in the fourth sentence of Paragraph 32. Flock also lacks knowledge as to what is too expensive for "most small or mid-sized police departments," including what defines a small or mid-sized police department, and also on that basis denies the allegations in the fourth sentence of Paragraph 32. Except as expressly admitted herein, Flock denies the allegations in Paragraph 32.

33. Flock admits the allegations in the first and third sentences of Paragraph 33. Flock denies that it includes "any" distinctive features in the Vehicle Fingerprint, which is limited to specific, defined characteristics of a vehicle. Flock denies that its Vehicle Fingerprint is capable of creating a record of a car's entire movements between any two data points. Except as expressly admitted herein, Flock denies the allegations in Paragraph 33.

34. Flock admits that it offers certain features for use in conjunction with its cameras. The terms used in the second sentence of Paragraph 34 are vague and undefined, and on that basis Flock denies the allegations therein. Flock further admits that it uses the phrase "force multiplier" in some of its advertising for some of its products, but denies that it uses it to advertise "these features" listed in Paragraph 34, as the terms used to describe those features in Paragraph 34 are vague and undefined. Except as expressly admitted herein, Flock denies the allegations in Paragraph 34.

35. Flock admits that its customers have the option to opt-in to a data sharing network. Except as expressly admitted herein, Flock denies the allegations in Paragraph 35.

36. Flock admits that its standard policy is that data collected by Flock cameras are deleted after 30 days, but that Flock maintains data for longer durations in limited circumstances, including when doing so is required by law or legal process. Flock further admits that some users of Flock products have the capability of downloading specific license plate captures. Except as expressly admitted herein, Flock denies the allegations in Paragraph 36.

### *NPD Contracts with Flock to Blanket the City in Surveillance*

37. Flock admits the allegations in Paragraph 37.

38. Flock admits that the figures in Paragraph 38 reflect the Flock Agreement, which speaks for itself. Flock denies Paragraph 38 to the extent it contains characterizations of the prices. Except as expressly admitted herein, Flock denies the allegations in Paragraph 38.

39. Flock admits that the Flock Agreement contains the language quoted in Paragraph 39.

40. Flock admits that the Flock agreement provided for installation of 172 Flock LPR cameras in Norfolk. Flock further admits that the Flock Agreement contains the words quoted in

the second sentence of Paragraph 40. Flock otherwise lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 and on that basis denies them.

41. Flock admits the allegations in the first two sentences of Paragraph 41. Flock further admits that the statement in the third sentence of Paragraph 41 was made and is accurately quoted here, but denies that it accurately characterizes the capabilities of Flock cameras. Flock further admits that it retains ownership of the cameras installed pursuant to the Flock Agreement for the term of the Agreement. Except as expressly admitted herein, Flock denies the allegations in Paragraph 41.

42. Flock admits that the data collected through cameras installed pursuant to the Flock Agreement is owned by the City of Norfolk, and that the Agreement grants Flock a license as quoted in the second sentence of Paragraph 42, but denies the allegations in Paragraph 42 to the extent that they misleadingly or selectively quote this passage. Flock lacks sufficient information or belief regarding the truth of the allegation regarding the statement by the City's police chief and on that basis denies it. Except as expressly admitted herein, Flock denies the allegations in Paragraph 42.

43. Flock admits that pursuant to its Agreement with the City of Norfolk, the City's data is stored for 30 days. Flock further admits that the Flock Agreement gives Flock certain rights to retain data for longer time periods in certain limited circumstances. Except as expressly admitted herein, Flock denies the allegations in Paragraph 43.

### *The NPD Places Virtually No Restrictions on Access*

44. Flock admits that the Flock Agreement does not cap the number of accounts the Norfolk Police Department can create. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this remainder of Paragraph 44, and on that

basis denies them. Except as expressly admitted herein, Flock denies the allegations in Paragraph 44.

45. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45, and on that basis denies them.

46. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46, and on that basis denies them.

47. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47, and on that basis denies them.

48. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48, and on that basis denies them.

49. Flock admits that the Flock Agreement does not require advance approval to conduct a query. Flock lacks knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 49, and on that basis denies them.

50. Flock admits that the Flock Agreement does not require users to obtain a warrant or establish probable cause prior to accessing data. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Norfolk Police Department policies or those contained in the second sentence of Paragraph 50, and on that basis denies them. Except as expressly admitted herein, Flock denies the allegations in Paragraph 50.

### *The Flock Cameras Trace the Whole of Lee's Movements in Norfolk*

51. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51, and on that basis denies them.

52. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52, and on that basis denies them.

53. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53, and on that basis denies them.

54. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54, and on that basis denies them.

55. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and on that basis denies them.

56. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56, and on that basis denies them.

57. Flock lacks knowledge and information sufficient to form a belief as to whether images of Ms. Arrington's vehicle or vehicles specifically are stored in a database accessible to any NPD officer and on that basis denies that allegation in Paragraph 57. Flock denies all of the other allegations contained in Paragraph 57.

58. Flock denies the allegations in Paragraph 58.

59. Flock lacks knowledge or information sufficient to form a belief as to Mr. Schmidt's travel outside or Norfolk or to neighboring areas and on that basis denies the allegations in Paragraph 59 regarding such travel. Flock denies all of the remaining allegations in Paragraph 59.

60. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60, and on that basis denies them.

### *The Flock Cameras Trace the Whole of Crystal's Movements in Norfolk*

61. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61, and on that basis denies them.

62. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62, and on that basis denies them.

63. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63, and on that basis denies them.

64. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64, and on that basis denies them.

65. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65, and on that basis denies them.

66. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 66, and on that basis denies them. Flock denies the allegations in the second sentence of Paragraph 66.

67. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67, and on that basis denies them.

68. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68, and on that basis denies them.

69. Flock lacks knowledge and information sufficient to form a belief as to whether images of Ms. Arrington's vehicle or vehicles specifically are stored in a database accessible to any NPD officer and on that basis denies that allegation in Paragraph 69. Flock denies all of the other allegations contained in Paragraph 69.

70. Flock denies the allegations in Paragraph 70.

71. Flock admits that the City of Portsmouth is a Flock customer. Flock denies all of the other allegations in Paragraph 71.

72. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72, and on that basis denies them.

73. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73, and on that basis denies them.

## INJURY TO PLAINTIFFS

74. Flock denies the allegations in Paragraph 74.

75. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75, and on that basis denies them.

76. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76, and on that basis denies them.

77. Flock admits that its software can create Vehicle Fingerprints of vehicles captured by cameras and connected to software capable of creating a Vehicle Fingerprint. Flock lacks knowledge and information sufficient to form a belief as to whether there is a Vehicle Fingerprint for Mr. Schmidt's vehicle or vehicles specifically on that basis denies the remaining allegations in Paragraph 77.

78. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78, and on that basis denies them.

79. Flock admits that its software can create Vehicle Fingerprints of vehicles captured by cameras and connected to software capable of creating a Vehicle Fingerprint. Flock lacks knowledge and information sufficient to form a belief as to whether there is a Vehicle Fingerprint for Ms. Arrington's vehicle or vehicles specifically and on that basis denies the remaining allegations in Paragraph 79.

80. Flock admits that its standard policy is that data collected by Flock cameras are deleted after 30 days. Except as expressly admitted, Flock denies the allegations in Paragraph 80.

81. Flock denies the allegations in Paragraph 81.

82. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82, and on that basis denies them.

83. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83, and on that basis denies them.

84. Flock denies that the Flock Agreement gives officers "unbridled discretion" over whether to access Plaintiffs' information or how to use it. Flock lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 84, and on that basis denies them.

85. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85, and on that basis denies them.

86. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86, and on that basis denies them.

87. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87, and on that basis denies them.

88. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88, and on that basis denies them.

89. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89, and on that basis denies them.

90. Flock denies the allegations in Paragraph 90.

91. Flock admits that the Flock Agreement expires on December 31, 2027. Except as expressly admitted herein, Flock denies the allegations in Paragraph 91.

92. Flock lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92, and on that basis denies them.

## CLAIM FOR RELIEF

*Violation of Plaintiffs' Fourth Amendment Rights (42 U.S.C. § 1983 and the Declaratory Judgment Act)*

93. Flock repeats, realleges, and incorporates by reference its answers to Paragraphs 1 through 92 as though fully stated herein.

94. Flock admits the allegations in Paragraph 94.

95. The allegations contained in Paragraph 95 are legal conclusions to which no response is required. To the extent a response is required, Flock denies the allegations in Paragraph 95.

96. Flock admits that the Fourth Amendment applies to state and local governments.

97. Flock denies the allegations in Paragraph 97.

98. The allegations contained in Paragraph 98 are legal conclusions to which no response is required. Flock admits that the Flock Agreement contains the quoted passage, but denies any characterization of that passage. To the extent a response is required and except as expressly admitted herein, Flock denies the allegations in Paragraph 98.

99. Flock denies the allegations in Paragraph 99. The allegations contained in Paragraph 99(a) are legal conclusions to which no response is required. To the extent a response is required, Flock lacks a basis sufficient to form a belief as to the truth of the allegations in Paragraph 99(a) and on that basis denies them. The allegations contained in Paragraph 99(b) are legal conclusions to which no response is required. To the extent a response is required, Flock denies the allegations in Paragraph 99(b).

100. The allegations contained in Paragraph 100 are legal conclusions to which no response is required. To the extent a response is required, Flock denies the allegations in Paragraph 100.

101. Flock denies the allegations in Paragraph 101.

102. Flock lacks a basis sufficient to form a belief as to the truth of the allegations in Paragraph 102 and on that basis denies them.

103. Flock lacks a basis sufficient to form a belief as to the truth of the allegations in Paragraph 103 and on that basis denies them.

104. Flock lacks a basis sufficient to form a belief as to the truth of the allegations in Paragraph 104 and on that basis denies them.

105. Flock lacks a basis sufficient to form a belief as to the truth of the allegations in Paragraph 105 and on that basis denies them.

106. Flock lacks a basis sufficient to form a belief as to the truth of the allegations in Paragraph 106 and on that basis denies them.

107. Flock lacks a basis sufficient to form a belief as to the truth of the allegations in Paragraph 107 and on that basis denies them.

108. Flock lacks a basis sufficient to form a belief as to the truth of the allegations in Paragraph 108 and on that basis denies them.

109. The allegations contained in Paragraph 109 are legal conclusions to which no response is required.  To the extent a response is required, Flock denies the allegations in Paragraph 109.

## ANSWER TO PRAYER FOR RELIEF

Flock denies that Plaintiffs are entitled to any relief set forth in the Request for Relief.

## FLOCK'S AFFIRMATIVE DEFENSES

Subject to its responses above, and upon information and belief, Flock alleges and asserts the following defenses in response to the allegations in the Complaint.  Regardless of how such defenses are listed herein, Flock bears the burden of proof only as to those defenses that are

deemed affirmative defenses as a matter of law. Flock asserts all appropriate defenses which may be asserted and further reserves the right to plead additional defenses as appropriate and as determined by discovery in this matter.

## **FIRST AFFIRMATIVE DEFENSE**

## **(LACK OF SUBJECT MATTER JURISDICTION)**

Plaintiffs have not suffered a concrete injury and thus lack Article III standing.

## **SECOND AFFIRMATIVE DEFENSE**

## **(FAILURE TO STATE A CLAIM)**

Plaintiffs fail to state a claim upon which relief can be granted.

Dated: April 3, 2025               Respectfully submitted,

/s/ *Stephen E. Noona*
Stephen E. Noona (VSB No. 25367)
Brandan M. Goodwin (VSB No. 94766)
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, Virginia 23510-1665
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
senoona@kaufcan.com
bmgoodwin@kaufcan.com

E. Martin Estrada*
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 683-9100
Martin.Estrada@mto.com

Justin P. Raphael*
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, CA 94105
Telephone:  (415) 512-4000
Justin.Raphael@mto.com

Jonathan I. Kravis*
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW, Ste. 500E
Washington, D.C. 20001
Telephone:  (202) 220-1100
Jonathan.Kravis@mto.com

\* *Pro hac vice* forthcoming

*Attorneys for Proposed Intervenor Flock Group, Inc., d/b/a Flock Safety*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of electronic filing to all counsel of record.

                                        /s/ *Stephen E. Noona*
                                        Stephen E. Noona (VSB No. 25367)
Brandan M. Goodwin (VSB No. 94766)
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, Virginia 23510-1665
Tel: (757) 624-3239
Fax: (888) 360-9092
senoona@kaufcan.com
bmgoodwin@kaufcan.com