# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of Virginia

| | |
|---|---|
| Lee Schmidt & Crystal Arrington | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. 2:24-cv-00621 |
| City of Norfolk & Mark Talbot, in his official capacity as Norfolk Chief of Police | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
Flock Group Inc. d/b/a Flock Safety
(c/o Jonathan Kravis, Munger Tolles & Olson, Washington D.C.)

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: 901 N. Glebe Road, Suite 900 Arlington, VA 22203 | Date and Time: 04/14/2025 5:00 pm |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 03/14/2025

| _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Michael B. Soyer |
| Signature of Clerk or Deputy Clerk | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ Lee Schmidt & Crystal Arrington _____, who issues or requests this subpoena, are:

Michael B. Soyer, 901 N. Glebe Rd, Ste. 900, Arlington, VA 22203 | msoyfer@ij.org | (703) 682-9320

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   2:24-cv-00621

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

□ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

□ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

### DEFINITIONS

1.    "Case" refers to *Schmidt v. City of Norfolk*, No. 2:24-cv-00621 (E.D. Va.).

2.    "Defendants" refers collectively to Defendants City of Norfolk and Mark Talbot, in his official capacity as Norfolk Chief of Police, and includes all of their subsidiaries, departments, agencies, branches, components, subdivisions, officials, executives, appointees, representatives, employees, officers, agents, and any others acting on their behalf.

3.    "Documents and ESI" has the same meaning as in Federal Rule of Civil Procedure 34(a)(1)(A).

4.    "Flock Cameras" refers to any automated license plate reader cameras manufactured, sold, or marketed by You.

5.    "Flock Data" refers to any images, data, records, information, documents, or other materials generated or captured by Flock Cameras.

6.    "Flock System" refers to any software Flock provides, including all of the uses, programs, features, and capabilities of such software.

7.    "Plaintiffs" refers collectively to Lee Schmidt and Crystal Arrington.

8.    "You" and "Your" refer to Flock Group Inc. d/b/a Flock Safety, including all of its subsidiaries, departments, branches, components, subdivisions, officers, executives, representatives, employees, agents, and any others acting on its behalf.

### INSTRUCTIONS

1.    Send all Documents and ESI You produce in response to these requests by email to undersigned counsel.

2.      Provide responsive Documents and ESI for the time period of February 1, 2022 through the present.

3.      Produce all Documents and ESI responsive to these requests that are in Your possession, custody, or control, as defined in Rule 34(a)(1) and the caselaw interpreting it.

4.      Produce Documents and ESI responsive to these requests in the form in which they are kept in the ordinary course of business. If ESI would not be reasonably usable in the form in which it is maintained in the ordinary course of business, produce it in a reasonably usable form or forms.

5.      If You are aware of Documents and ESI responsive to these requests that have been destroyed or lost, or that are otherwise unavailable, identify such Documents and ESI in Your response to the relevant request(s) by author/sender, recipient(s), title or subject line, subject matter, date, and number of pages; and describe in detail the reasons for the loss, destruction, or unavailability of such Documents and ESI.

6.      If You object to any request, state Your specific objections in response to the request and state whether You are withholding Documents and ESI based on each objection.

7.      If You object to part of a request, produce Documents and ESI in response to the remainder of the request to which You do not object.

8.      If you withhold Documents and ESI based on an assertion of privilege, produce a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5)(A) and the caselaw interpreting it, including providing the following information: (i) the author or sender, including their affiliation, title, and email address, if applicable; (ii) any recipients, including their affiliations, titles, and email addresses, if applicable; (iii) the date; (iv) the attorney or other individual supporting the claim of privilege; (vi) the title or subject line; (vii) a description of the

basis for the claim of privilege sufficient for Plaintiffs to assess Your claim; (viii) whether the Document or ESI was redacted or withheld; and (ix) a Bates number, if applicable, or other identifier by which to identify each privilege log entry.

9.      If only portions of Documents and ESI are privileged, produce the nonprivileged portions with only the redactions necessary to protect the privileged portions of such documents.

10.     If You intend to use search terms and custodians to identify Documents and ESI for review in response to any request, state so in Your response to that request and, whether in your response or by separate correspondence, provide proposed custodians and search terms.

11.     If You intend to use any form of Technology Assisted Review ("TAR"), prior to the use of TAR, provide the name of the vendor, the specific TAR program, all details of the TAR process, the number of Documents and ESI selected for review, the sources from which Documents and ESI were collected, the proposed size of the seed set, the process for review of the seed set, the identities of the people who will review the seed set, the proposed recall and precision rates, the proposed ranking threshold to be used (if any) to identify relevant Documents and ESI, any limit on the overall number of Documents and ESI You intend to review or produce, and any quality control measures You plan to use to assess the reliability of the TAR, including whether you plan to manually review Documents and ESI marked as non-responsive.

### REQUESTS FOR PRODUCTION

**Request for Production 1:** Documents and ESI that you have provided or sent to, received from, or exchanged with Defendants.

**Request for Production 2:** Documents and ESI containing or reflecting Your communications, whether internal or with third parties, including Defendants, about this Case.

**Request for Production 3:** Documents and ESI containing or reflecting marketing or promotional materials You have provided to Defendants.

**Request for Production 4:** Documents and ESI containing or reflecting any product or user guides or manuals, or data dictionaries, related to the Flock Cameras, Flock Data, or Flock System.

**Request for Production 5:** Documents and ESI mentioning or relating to Plaintiffs, including but not limited to Documents and ESI with the following words, terms, and Virginia license plate numbers (where "w/#" represents the first word within a specified number of words from the second word): "Lee w/2 Schmidt," "Crystal w/2 Arrington," ███████████

███████████████████████████████████████████████

███████████

**Request for Production 6:** All Flock Data related to Plaintiffs.

**Request for Production 7:** All of Defendants' Flock Data.

**Request for Production 8:** All Flock Data from any Flock Cameras within the territorial limits of the City of Norfolk, Virginia, to which Defendants have access.

**Request for Production 9:** All Flock Data from any Flock Cameras in the Virginia municipalities of Portsmouth, Virginia Beach, Chesapeake, Suffolk, Hampton, Newport News, Isle of Wight, and Franklin, to which Defendants have access.

**Request for Production 10:** Documents and ESI sufficient to show all Flock Cameras and all Flock Data to which Defendants have access.

**Request for Production 11:** Documents and ESI sufficient to show all of Your customers or clients that Defendants have permitted to access or view Defendants' Flock Cameras or Flock Data.

**Request for Production 12:** Documents and ESI related to the locations, placement, or positioning of Defendants' Flock Cameras.

**Request for Production 13:** Documents and ESI containing or reflecting Your communications with Defendants regarding the locations, placement, or positioning of Defendants' Flock Cameras.

**Request for Production 14:** Documents and ESI related to Defendant's use of mobile or vehicle-mounted automated license plate readers, including but not limited to documents related to any integration between such mobile or vehicle-mounted automated license plate readers and Defendants' Flock Cameras, Defendants' Flock Data, or the Flock System.

**Request for Production 15:** Documents and ESI containing or reflecting Your contracts and other agreements with Defendants, including any addenda, modifications, exhibits, side letters, and any other documents reflecting Your relationship or transactions with Defendants.

**Request for Production 16:** Documents and ESI containing or reflecting Your data security and/or privacy policies, practices, protocols, or procedures.

**Request for Production 17:** Documents and ESI related to any assessments, evaluations, or violations of Your security and/or privacy policies, practices, protocols, or procedures.

**Request for Production 18:** Documents and ESI related to unauthorized access to Flock Cameras, Flock Data, or the Flock System.

**Request for Production 19:** Documents and ESI sufficient to show the features and capabilities of the Flock System, including but not limited to its search, data analysis, machine learning, and artificial intelligence features or capabilities.

**Request for Production 20:** Documents and ESI related to Your "Vehicle Fingerprint" and "Convoy Analysis" features, including any Documents and ESI provided to or exchanged with Defendants regarding these features.

**Request for Production 21:** Documents and ESI reflecting or containing audits or other assessments related to the Flock Cameras', Flock Data's, or Flock System's use, operation, effectiveness, privacy, or access, whether performed by You or by a third party.

**Request for Production 22:** Documents and ESI containing or reflecting any template or standardized policies, practices, procedures, or protocols for the use of Flock Cameras, Flock Data, or the Flock System that You provided to Your customers or clients.

**Request for Production 23:** Documents and ESI related to the ability of Flock Cameras, Flock Data, or the Flock System to track vehicles or people.

**Request for Production 24:** Documents and ESI related to Fourth Amendment issues related to the Flock Cameras and Flock Data, including but not limited to any such Documents and ESI you have provided to, received from, or exchanged with Defendants.

**Request for Production 25:** Documents and ESI related to privacy concerns related to Flock Cameras, Flock Data, or the Flock System.

**Request for Production 26:** Documents and ESI containing or reflecting any training or educational materials You created for or provided to Your customers or clients related to Flock Cameras, Flock Data, and the Flock System, regardless of whether such materials were created by You or a third party.

**Request for Production 27:** Documents and ESI related to the retention or deletion of Defendants' Flock Data, including but not limited to any policies governing such retention or

deletion as well as communications related to retention or deletion of Defendants' Flock Data and requests to modify or suspend the retention or deletion time period.

**Request for Production 28:** Documents and ESI containing or reflecting testimony by You regarding Flock Cameras, Flock Data, or the Flock System, including but not limited to affidavits, declarations, deposition transcripts, hearing transcripts, trial transcripts, and any other transcripts of judicial proceedings involving Flock Cameras, Flock Data, or the Flock System.

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing subpoena on the following counsel for Flock

Group Inc. d/b/a Flock Safety by email on March 14, 2025:

> Jonathan Kravis
> Martin Estrada
> Rose Ehler
> Joseph Mantegani
> Munger Tolles & Olson LLP
> 601 Massachusetts Avenue NW, Suite 500 E
> Washington, D.C. 20001
> Tel.: (202) 220-1100
> Jonathan.Kravis@mto.com
> Martin.Estrada@mto.com
> Rose.Ehler@mto.com
> Joseph.Mantegani@mto.com

> */s/ Michael B. Soyfer*
> Michael B. Soyfer