IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| LEE SCHMIDT and CRYSTAL ARRINGTON,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF NORFOLK and MARK TALBOT, in his official capacity as the Norfolk Chief of Police,<br><br>    Defendants. | Civil Case No. 2:24-cv-00621-MSD-LRL |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs request that Defendants respond to the following requests for production.

**DEFINITIONS**

1. "Documents and ESI" has the same meaning as in Federal Rule of Civil Procedure 34(a)(1)(A) and the caselaw interpreting it.

2. "Flock" refers to Flock Group Inc. d/b/a Flock Safety, including all of its subsidiaries, departments, branches, components, subdivisions, officers, executives, representatives, employees, agents, and any others acting on its behalf.

3. "Flock Cameras" refers to any automated license plate reader cameras manufactured, sold, or marketed by Flock. This definition includes such cameras owned, rented, or otherwise acquired by third parties, where any images, data, records, information, documents, or other materials from such Flock Cameras are shared with or accessible to You.

    4.    "Flock Data" refers to any images, data, records, information, documents, or other materials generated or captured by Flock Cameras. This definition includes such images, data, records, information, documents, or other materials of third parties that are shared with or accessible to You.

    5.    "Flock System" refers to any software Flock provides to you, including all of the uses, programs, features, and capabilities of such software.

    6.    "Plaintiffs" refers collectively to Lee Schmidt and Crystal Arrington.

    7.    "You" and "Your" refer collectively to Defendants City of Norfolk and Mark Talbot, in his official capacity as the Norfolk Chief of Police, and include all of their subsidiaries, departments, agencies, branches, components, subdivisions, officials, executives, appointees, representatives, employees, officers, agents, and any others acting on their behalf.

## INSTRUCTIONS

    1.    Send all Documents and ESI You produce in response to these requests by email to undersigned counsel.

    2.    Provide responsive Documents and ESI for the time period of February 1, 2022 through the present.

    3.    Produce all Documents and ESI responsive to these requests that are in Your possession, custody, and control, as defined in Rule 34(a)(1) and the caselaw interpreting it.

    4.    Produce Documents and ESI responsive to these requests in the form in which they are kept in the ordinary course of business. If ESI would not be reasonably usable in the form in which it is maintained in the ordinary course of business, produce it in a reasonably usable form or forms.

5.      If You are aware of Documents and ESI responsive to these requests that have been destroyed or lost, or that are otherwise unavailable, identify such Documents and ESI in Your response to the relevant request(s) by author/sender, recipient(s), title or subject line, subject matter, date, and number of pages; and describe in detail the reasons for the loss, destruction, or unavailability of such Documents and ESI.

6.      If You object to any request, state Your specific objections in response to the request and state whether You are withholding Documents and ESI based on each objection.

7.      If You object to part of a request, produce Documents and ESI in response to the remainder of the request to which You do not object.

8.      If you withhold Documents and ESI based on an assertion of privilege, produce a privilege log that complies with Federal Rule of Civil Procedure 26(b)(5)(A) and the caselaw interpreting it, including providing the following information: (i) the author or sender, including their affiliation, title, and email address, if applicable; (ii) any recipients, including their affiliations, titles, and email addresses, if applicable; (iii) the date; (iv) the attorney or other individual supporting the claim of privilege; (vi) the title or subject line; (vii) a description of the basis for the claim of privilege sufficient for Plaintiffs to assess Your claim; (viii) whether the Document or ESI was redacted or withheld; and (ix) a Bates number, if applicable, or other identifier by which to identify each privilege log entry.

9.      If only portions of Documents and ESI are privileged, produce the nonprivileged portions with only the redactions necessary to protect the privileged portions of such documents.

10.     These requests for production impose continuing obligations, such that You are required to produce promptly Documents and ESI You create, obtain, or discover in the future that are responsive to these requests.

11. If You intend to use search terms and custodians to identify Documents and ESI for review in response to any request, state so in Your response to that request and, whether in your request or by separate correspondence, provide proposed custodians and search terms.

12. If You intend to use any form of Technology Assisted Review ("TAR"), prior to the use of TAR, provide the name of the vendor, the specific TAR program, all details of the TAR process, the number of Documents and ESI selected for review, the sources from which Documents and ESI were collected, the proposed size of the seed set, the process for review of the seed set, the identities of the people who will review the seed set, the proposed recall and precision rates, the proposed ranking threshold to be used (if any) to identify relevant Documents and ESI, any limit on the overall number of Documents and ESI You intend to review or produce, and any quality control measures You plan to use to assess the reliability of the TAR, including whether you plan to manually review Documents and ESI marked as non-responsive. Absent an opportunity to review such information and confer, as well as production of the seed set and any Documents and ESI reviewed as quality control, Plaintiffs will not agree to the use of TAR.

**REQUESTS FOR PRODUCTION**

**Request for Production 1:** All Documents and ESI disclosed or referenced in Your Federal Rule of Civil Procedure 26(a)(1) initial disclosures.

**Request for Production 2:** All Documents and ESI You cite, reference, introduce, or rely upon (or will in the future cite, reference, introduce, or rely upon) in any motion, pleading, expert report, discovery request or response, deposition, hearing, proceeding, or trial in this case.

**Request for Production 3:** All Documents and ESI You consulted or relied upon to respond to Plaintiffs' interrogatories.

**Request for Production 4:** All Documents and ESI that You receive or have ever received from any third party, including Flock, related to this case or its subject matter.

**Request for Production 5:** All Documents and ESI containing or reflecting Your communications with any third party, including Flock, related to this case.

**Request for Production 6:** Documents and ESI mentioning or relating to Plaintiffs, including but not limited to Documents and ESI with the following words, terms, and license plate numbers (where "w/#" represents the first word within a specified number of words from the second word): "Lee w/2 Schmidt," "Crystal w/2 Arrington," ▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and ▇▇▇▇▇▇.

**Request for Production 7:** All Flock Data related to Plaintiffs, including any future Flock Data that comes into existence before trial.

**Request for Production 8:** All of Your Flock Data, including any of Your future Flock Data that comes into existence before trial.

**Request for Production 9:** All Flock Data to which You have access.

**Request for Production 10:** Documents and ESI sufficient to show the locations and positioning of Your Flock Cameras.

**Request for Production 11:** Documents and ESI sufficient to show the locations and positioning of any Flock Cameras owned by third parties (i) that are within the territorial limits of the City of Norfolk *and* (ii) to which You have access or which generate Flock Data to which You have access.

**Request for Production 12:** Documents and ESI sufficient to show the locations and positioning of any Flock Cameras (i) to which You have access or which generate Flock Data to

which You have access, *and* (ii) which are owned, are rented, or have been otherwise acquired by the following Virginia municipalities: Portsmouth, Virginia Beach, Chesapeake, Suffolk, Hampton, Newport News, Isle of Wight, and Franklin.

**Request for Production 13:** Documents and ESI containing or reflecting Your communications with Flock.

**Request for Production 14:** Documents and ESI containing or reflecting Your contracts and other agreements with Flock, including any addenda, modifications, exhibits, side letters, and any other documents reflecting Your relationship or transactions with Flock.

**Request for Production 15:** Documents and ESI related to Your decision to contract with Flock, including Your decision to acquire Your Flock Cameras and any related services from Flock.

**Request for Production 16:** Documents and ESI containing or reflecting Your policies, practices, protocols, or procedures related to the Flock Cameras, Flock Data, or Flock System.

**Request for Production 17:** Documents and ESI containing or reflecting Your data security and/or privacy policies, practices, protocols, or procedures.

**Request for Production 18:** Documents and ESI related to any assessments, evaluations, or violations of Your policies, practices, protocols, or procedures related to the Flock Cameras, Flock Data, or Flock System.

**Request for Production 19:** Documents and ESI related to unauthorized access to Your Flock Cameras, Flock Data, or Flock System.

**Request for Production 20:** Documents and ESI containing or reflecting marketing or other materials related to any product or service that Flock has marketed, sold, or otherwise discussed with or provided to You.

**Request for Production 21:** Documents and ESI related to the Flock System, including any documents and ESI related to its search, data analysis, machine learning, and artificial intelligence features or capabilities.

**Request for Production 22:** Documents and ESI related to Flock's "Vehicle Fingerprint" feature.

**Request for Production 23:** Documents and ESI related to Flock's "Convoy Analysis" feature.

**Request for Production 24:** Documents and ESI containing or reflecting product or user manuals or guides or data dictionaries related to the Flock System or the Flock Data.

**Request for Production 25:** Any audits or other assessments related to the Flock Cameras's, Flock Data's, or Flock System's use, operation, effectiveness, privacy, or access, whether performed by You or by a third party.

**Request for Production 26:** Documents and ESI related to Chief Talbot's statement that "it would be difficult to drive anywhere of any distance without running into a camera somewhere."

**Request for Production 27:** Documents and ESI related to Chief Talbot's response of "Correct, correct," to Councilmember Smigiel's question, "Every time it passes a Flock camera, it's taking that image, so you can actually create a traceable path of the car moving through the city, as long as it's being picked up by the Flock cameras?"

**Request for Production 28:** Documents and ESI containing or reflecting materials used, relied upon, or otherwise considered by Chief Talbot in preparing to brief and briefing Your City Council regarding the Flock Cameras at the Norfolk City Council Work Session on May 23, 2023.

**Request for Production 29:** Documents and ESI provided to Your City Council related to the Flock Cameras, Flock Data, or Flock System.

**Request for Production 30:** Documents and ESI reflecting complaints from members of the public regarding the Flock Cameras or the Flock Data.

**Request for Production 31:** Documents and ESI related to any plans to buy, rent, or otherwise acquire Flock Cameras or other technologies from Flock.

**Request for Production 32:** Documents and ESI sufficient to show the number and type of any mobile or vehicle-mounted automated license plate readers to which You have access or which otherwise contribute to Your Flock Data.

**Request for Production 33:** Documents and ESI sufficient to show every person who has access to Your Flock Cameras, Flock Data, and Flock System.

**Request for Production 34:** Documents and ESI containing or reflecting any training or educational materials created for or provided to any persons with access to, responsibilities related to, or oversight of Your Flock Cameras, Flock Data, and Flock System, regardless of whether such materials were created by You, Flock, or a third party.

**Request for Production 35:** Documents and ESI containing or reflecting the "Standard Operating Procedures, Operational General Order and any necessary forms . . . developed based of (sic) the manufacture's (sic) recommendations, VCIN/NCIC regulations and appropriate legal mandates" referenced in the Norfolk Police Department's "Operational Special Order – 23-002: Flock Safety," dated July 13, 2023.

**Request for Production 36:** Documents and ESI containing or reflecting the training records referenced in the Norfolk Police Department's "Operational Special Order – 23-002: Flock Safety," dated July 13, 2023.

**Request for Production 37:** Documents and ESI containing or reflecting the Flock Safety orientation course referenced in the Norfolk Police Department's "Operational Special Order – 23-002: Flock Safety," dated July 13, 2023.

**Request for Production 38:** Documents and ESI containing or reflecting the "Related Documents" and "Related Forms" referenced in the Norfolk Police Department's "Operational Special Order – 23-002: Flock Safety," dated July 13, 2023.

**Request for Production 39:** Documents and ESI containing or reflecting communications related to privacy concerns related to Flock Cameras, Flock Data, and Flock System.

**Request for Production 40:** Documents and ESI, if any, containing, reflecting, or relating to applications for warrants, in any court, to access Flock Data or to collect any information using Flock Cameras.

**Request for Production 41:** Documents and ESI related to the retention or deletion of Flock Data, including but not limited to communications related to retention or deletion of Flock Data and requests to modify or suspend the retention or deletion time period.

DATED: February 25, 2025          Respectfully submitted,

/s/ *Michael B. Soyfer*

Michael B. Soyfer
 (NY Bar No. 5488580; DC Bar No. 230366)*
Robert Frommer
 (VA Bar No. 70086)
Joshua Windham
 (NC Bar No. 51071)*
Tahmineh Dehbozorgi
 (D.C. Bar No. 90030252)*
**pro hac vice*

Institute for Justice
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
rfrommer@ij.org
jwindham@ij.org
msoyfer@ij.org
tdehbozorgi@ij.org
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2025, I caused the foregoing document to be served by email on counsel of record for Defendants.

*/s/ Michael B. Soyfer*
Michael B. Soyfer
