**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| LEE SCHMIDT and CRYSTAL ARRINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NORFOLK and MARK TALBOT, in his official capacity as the Norfolk Chief of Police,<br><br>Defendants. | Case No.: 2:24-cv-00621-MSD-LRL<br><br>Hon. Mark S. Davis |

**MEMORANDUM IN SUPPORT OF MOTION TO FILE PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO COMPEL UNDER SEAL**

Pursuant to Local Rule 5, Plaintiffs Lee Schmidt and Crystal Arrington moved to permanently seal the unredacted versions of Plaintiffs' Response to Defendants' Motion to Compel and allow the redacted version of Plaintiffs' Response to Defendants' Motion to Compel to remain on the public record. Plaintiffs request that the unredacted versions of the following materials be permanently sealed:

1. **Plaintiffs' Response to Defendants' Motion to Compel**;
2. **Exhibit A** to Plaintiffs' Response (table showing discovery requests relevant to Defendants' motion to compel and Plaintiffs' corresponding objections and answers);
3. **Exhibit B** to Plaintiffs' Response (Plaintiff Lee Schmidt's Responses to Defendants' Interrogatories);
4. **Exhibit C** to Plaintiffs' Response (Plaintiff Crystal Arrington's Responses to Defendants' Interrogatories);
5. **Exhibit D** to Plaintiffs' Response (Plaintiff Lee Schmidt's Responses to Defendants' Requests for Production of Documents);
6. **Exhibit F** to Plaintiffs' Response (Declaration of Plaintiff Lee Schmidt).

Plaintiffs have included redacted versions of all of these materials to be filed on the public record. Plaintiffs' Response also includes two exhibits without redactions: **Exhibit E** (Plaintiff Crystal Arrington's Responses to Defendants' Requests for Production of Documents); and **Exhibit G**

(Declaration of Plaintiff Crystal Arrington). The redacted information that Plaintiffs ask the Court to seal all falls into one of the following categories:

1. Plaintiffs' license plates;
2. The addresses of nonparties;
3. The addresses of locations Plaintiffs frequently visit, such as churches and hospitals;
4. Plaintiffs' social media account usernames;
5. (See confidential memorandum).

The Court has the "authority to seal court documents 'if the public's right of access is outweighed by competing interests.'" *DSS A.S. v. Pacem Defense LLC*, No. 1:24-cv-1331 (MSN/LRV), 2025 WL 908040, at *2 (E.D. Va. Jan. 28, 2025) (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000)) (granting request to seal "confidential and commercially sensitive information"). The First Amendment protects the public's right of access to "documents, such as those filed with a summary judgment motion, that 'serve[ ] as a substitute for trial.'" *Id.* (quoting *Virginia Dep't State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). But for other documents, "the motions to seal should be granted" under the "common law standard" if the party (1) "complie[s] with the procedural requirements for sealing" and (2) "can show a countervailing interest that heavily outweighs the public interest in access to the documents." *Id.* at *2 (citing *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). Plaintiffs' Response to Defendants' Motion to Compel and the discovery documents attached as exhibits cannot "reasonably be considered to serve as a substitute for trial" and, "[a]ccordingly, the common law standard governs." *Id.* As explained below and in Plaintiffs' confidential memorandum, Plaintiffs meet this standard and the Court should grant their motion.

## I. Plaintiffs Have Complied with the Procedural Requirements for Sealing

The Court may seal filings if three procedural requirements are met: (1) adequate "public notice of the request"; (2) lack of "less drastic alternatives"; and (3) the Court "provide[s] specific

reasons and factual findings supporting its decision." *Id.* at *1 (alteration in original) (citing *Ashcraft*, 218 F.3d at 302). All three requirements are met.

***First,*** Plaintiffs have provided "public notice of the request to seal" pursuant to Local Rule 5 to "allow interested parties a reasonable opportunity to object." *Id.* (cleaned up); Pls.' Notice of Filing a Motion to Seal. *See* Local Rule 5(B).

***Second,*** there are no "less drastic alternatives to sealing the documents" that protect Plaintiffs' interests in their confidential and sensitive information. *DSS*, 2025 WL 908040, at *1 (quoting *Ashcraft*, 218 F.3d at 302). In *DSS*, the parties moved to seal "redacted portions" of several documents, including the complaint, briefing on motions to dismiss, and exhibits to those documents. *Id.* at *2. The court found "no alternatives to sealing the materials that would adequately protect the confidential business information contained therein" and noted that "the proposed redactions constitute only a small portion of the materials overall." *Id.* The court rejected a request to seal some exhibits in their entirety, instead sealing only limited redactions. *Id.* at *2, n. 2. The relief Plaintiffs seek here is no more "drastic" than the relief granted in *DSS*. Plaintiffs do not seek to seal any documents in their entirety, only "a small portion of the materials" in a few discrete categories. As explained below in Section II, the information that Plaintiffs seek to redact and protect is highly sensitive and confidential. Short of sealing the redacted portions, there are no alternative measures that would protect Plaintiffs' interests.

***Third,*** as described below in Section II, the material Plaintiffs request the Court to seal is "confidential" and "sensitive" and thus "appropriate for sealing," allowing it to "provide[] specific reasons and factual findings supporting its decision." *Id.* at *1–2 (citing *Ashcraft*, 218 F.3d at 302). Based on this memorandum, Plaintiffs' confidential memorandum, and a "review[ of] the materials

filed under seal," *Id.* at *2, the Court will be well equipped to "fully explain[] its reasons for excision." *Knight*, 743 F.2d at 236.

## II. Plaintiffs Have a Countervailing Interest That Heavily Outweighs the Public Interest in Access to the Unredacted Documents

The Court has the power to "insure that its records are not 'used to gratify private spite or promote public scandal . . . .'" *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978). The "decision as to access is one best left to the sound discretion of the trial court . . . in light of the relevant facts and circumstances of the particular case." *Id.* at 599. Plaintiffs brought this Fourth Amendment lawsuit to protect their right to privacy and wish to protect a very limited subset of confidential information from public disclosure. "There is no legitimate public interest in disclosing the proprietary and confidential information of a party." *DSS*, 2025 WL 908040 at *2 (cleaned up). In *DSS*, the court found it "appropriate" to seal "confidential" and "sensitive" information noting that the "materials are not public." *Id.* None of the information that Plaintiffs ask the Court to redact and seal is public information. *See* ¶ 1, above. Plaintiffs' license plates, the addresses of nonparties, the addresses of Plaintiffs' frequented locations, Plaintiffs' social media usernames, and (see confidential memo) are not only private, they "may harm" Plaintiffs and nonparties "if publicly disclosed," and thus "the public's interest in accessing these documents is outweighed." *DSS*, 2025 WL 908040. Permanent sealing—with redacted versions accessible to the public—would prevent these harms.

Moreover, the vast majority of the information filed under seal has little to do with the substance of Plaintiffs' arguments. Indeed, the Court likely would not need to reference the information directly in an ultimate decision to adequately explain its reasoning. And the motion at issue concerns the discovery process, so the public interest in disclosure is much lower than if the motion were one to dismiss or for summary judgment, for instance.

* * *

For these reasons, the Court should grant Plaintiffs' motion to file Plaintiffs' Response to Defendants' Motion to Compel under seal.

DATED: June 23, 2025

Respectfully submitted,

*/s/ Robert Frommer*

Robert Frommer
(VA Bar No. 70086)
Joshua Windham
(NC Bar No. 51071)*
Michael B. Soyfer
(NY Bar No. 5488580; DC Bar No. 230366)*
Tahmineh Dehbozorgi
(DC Bar No. 90030252)*
James T. Knight II
(DC Bar No. 1671382)*
Institute for Justice
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
rfrommer@ij.org
jwindham@ij.org
msoyfer@ij.org
tdehbozorgi@ij.org
jknight@ij.org

Jessica Bigbie
(TX Bar No. 24134429)*
Institute for Justice
816 Congress Ave, Suite 970
Austin, TX 78701
Tel: (512) 480-5936
Fax: (512) 480-5937
jbigbie@ij.org

*Attorneys for Plaintiffs*

*pro hac vice