**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| LEE SCHMIDT and CRYSTAL ARRINGTON, <br><br>     Plaintiffs, <br><br> v. <br><br> CITY OF NORFOLK and MARK TALBOT, in his official capacity as the Norfolk Chief of Police, <br><br>     Defendants. | Civil Case No. 2:24-cv-00621-MSD-LRL |

**PLAINTIFFS' NOTICE OF DEVELOPMENTS RELATED TO
DEFENDANTS' MOTION TO COMPEL, DOC. 82
(SET FOR HEARING AUGUST 6, 2025)**

Defendants filed a motion to compel, Doc. 82, which is set for a hearing this Wednesday, August 6, 2025. Among other things, Defendants have asked the Court to compel Plaintiffs to produce the cell site location information ("**CSLI**") associated with their cellphones, which Plaintiffs have argued is not within their possession, custody, or control. *See* PageID# 1303. Perhaps recognizing as much, Defendants issued three subpoenas demanding CSLI from Plaintiffs' cellphone service providers. As explained in further detail below, one of those subpoenas led AT&T to illegally produce CSLI associated with Plaintiff Lee Schmidt's cellphone, in violation of the Stored Communications Act. In other words, AT&T made an illegal production in response to an illegal subpoena. Plaintiffs are alerting the Court to this development now because it involves an issue currently pending before the Court and because Plaintiffs may be forced to seek further relief through motions practice.

On June 27, Defendants notified Plaintiffs that they intended to serve two subpoenas seeking CSLI from the Plaintiffs' respective cellphone service providers. *See* Exs. A, B. Later, Defendants served an additional subpoena on AT&T, presumably because Mr. Schmidt's provider uses AT&T's network. *See* Ex. C. The subpoena uses this Court's standard form, which advises the recipient that it is "**COMMANDED**" to produce documents and may be held in contempt if it fails to do so. *See id.* at 3, 5. The subpoena set a return date of July 29, 2025 at 4:00 p.m. *Id.* at 3. Confusingly, amid pages of boilerplate, an attachment requests that AT&T contact defense counsel, advises that defense counsel were seeking consent[1] and/or court authorization, and requests that AT&T "hold" or "preserve" responsive documents. *See id.* at 6–7.

Plaintiffs did not move for a protective order because the subpoenas did not actually request the production of documents and because there is no basis in federal law for such a subpoena, which a sophisticated entity like AT&T that routinely receives such requests would presumably know. The Stored Communications Act prohibits AT&T from producing CSLI and Defendants from requiring the production of CSLI, subject only to a few narrow exceptions. *See* 18 U.S.C. §§ 2702(a)(3), (c), 2703(c). Subpoenas are not one of them—as every court to consider the question has concluded. *See, e.g.*, *PPG Indus., Inc. v. Jiangsu Tie Mao Glass Co.*, 273 F. Supp. 3d 558, 560–61 (W.D. Pa. 2017) (collecting cases from many courts, including this one); *see also* *Theofel v. Farey-Jones*, 359 F.3d 1066, 1074 (9th Cir. 2004) (civil subpoena in violation of Stored Communications Act "'transparently and egregiously' violated the Federal Rules"); 2 Wayne R. La Fave et al., *Criminal Procedure* § 4.8(c), Westlaw (4th ed. Nov. 2024 update) ("a civil discovery subpoena issued under Rule 45 is not sufficient" to compel non-content information).

---

[1] Plaintiffs have consistently refused to consent to production of their CSLI in conversations and correspondence with defense counsel. *See, e.g.*, Doc. 83-13, PageID# 1112; Doc. 83-14, PageID# 1116.

Nor does anything in the Federal Rules of Civil Procedure authorize Defendants' delayed-release subpoena. Rule 45(a)(1)(A)(iii) mandates that "[e]very subpoena *must* . . . command each person to whom it is directed to do the following at a specified time and place: attend and testify, produce designated documents, electronically stored information, or tangible things . . . ; or permit the inspection of premises" (emphasis added). Absent from that list is a command to "hold" the subpoena or "preserve" documents pending some future event. "That [AT&T] could have objected is immaterial." *Theofel*, 359 F.3d at 1074. "[A]ll discovery subpoenas are contempt-sanctionable orders of the court . . . ." *SEC v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010); *accord Higginbotham v. KCS Int'l, Inc.*, 202 F.R.D. 444, 455 (D. Md. 2001). And recipients are often "cowed into compliance . . . , especially if they . . . have no personal interest at stake." *Theofel*, 359 F.3d at 1074–75. Thus, "[t]he subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused." *Id.* at 1074. The mere expectation that the recipient will recognize the illegality of the subpoena is no excuse for serving "a piece of paper masquerading as legal process." *Id.*[2]

Even worse, Defendants still have not provided direct and complete answers to Plaintiffs' questions—or even confirmed that they have destroyed AT&T's illegal production. Immediately after Defendants informed Plaintiffs about the production, Plaintiffs requested that Defendants provide copies of all communications with Plaintiffs' cellphone service providers, identify any of Defendants' contacts at those companies, confirm whether anyone accessed Mr. Schmidt's CSLI, and immediately delete the CSLI (including requiring any third-party vendors to do the same). *See* Ex. D at 1–2. In response, Defendants simply provided a copy of the cover letter they served with

---

[2] The SCA does authorize a preservation "request." 18 U.S.C. § 2703(f)(1). But a subpoena is not a "request," it is a "contempt-sanctionable order[] of the court." *Hyatt*, 621 F.3d at 693.

3

the subpoena. *See* Ex. D at 1, 4. They did not confirm whether anyone at AT&T contacted defense counsel, as both the subpoena and cover letter requested, or provide substantive answers to any of Plaintiffs' other questions. Worse still, they confirmed that they still possess Mr. Schmidt's CSLI.

In short, Defendants' conduct resulted in a violation of a federal law meant to protect privacy. Nothing authorized their subpoena or AT&T's response. To the contrary, the Stored Communications Act prohibited both. Plaintiffs will be prepared to discuss this issue at the previously scheduled August 6, 2025 hearing, and, if necessary, seek further relief after that hearing. That includes, if still necessary, an order directing Defendants to destroy Mr. Schmidt's CSLI and to take any steps necessary to ensure that Ms. Arrington's cellphone service provider does not produce her CSLI in response to Defendants' subpoena.

Respectfully submitted,

Dated: August 4, 2025

Jessica Bigbie
  (TX Bar No. 24134429)*

Institute for Justice
816 Congress Ave, Suite 970
Austin, TX 78701
Tel: (512) 480-5936
Fax: (512) 480-5937
jbigbie@ij.org

*/s/ Robert Frommer*   

Robert Frommer
  (VA Bar No. 70086)
Joshua Windham
  (NC Bar No. 51071)*
Michael B. Soyfer
  (NY Bar No. 5488580; DC Bar No. 230366)*
Tahmineh Dehbozorgi
  (DC Bar No. 90030252)*
James T. Knight II
  (DC Bar No. 1671382)*
Institute for Justice
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
rfrommer@ij.org
jwindham@ij.org
msoyfer@ij.org
tdehbozorgi@ij.org
jknight@ij.org

*Attorneys for Plaintiffs*

*pro hac vice

5