# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

LEE SCHMIDT and CRYSTAL
ARRINGTON,

          Plaintiffs,

v.

CITY OF NORFOLK and MARK TALBOT,
in his official capacity as the Norfolk Chief
of Police,

          Defendants.

Case No.: 2:24-cv-00621-MSD-LRL

Hon. Mark S. Davis

## NOTICE OF SUBPOENA

TO:      Michael B. Soyfer, Esq. (NY Bar # 5488580; DC Bar # 230366)
Robert Frommer, Esq. (VA Bar #70086)
Joshua Windham, Esq. (NC Bar #51071)
Tahmineh Dehbozorgi, Esq. (DC Bar #90030252)
Jessica Bigbie, Esq. (TX Bar #24134429)
James Timothy Knight, II, Esq. (DC Bar #1671382)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203-1854
703-682-9320 phone
703-682-9321 fax
rfrommer@ij.org
jwindham@ij.org
msoyfer@ij.org
tdehbozorgi@ij.org
jbigbie@ij.org
jknight@ij.org

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that the City

of Norfolk intends to serve a Subpoena, in the form attached hereto, on Pure Talk Holdings, Inc.

on June 30, 2025 or as soon thereafter as service may be effectuated.

Dated: June 27, 2025                    By:  */s/ Jonathan Kravis*
                                             Jonathan Kravis (*pro hac vice*)
                                             jonathan.kravis@mto.com
                                             Munger, Tolles, & Olson LLP
                                             601 Massachusetts Avenue NW, Suite 500E
                                             Washington, D.C. 20001
                                             Telephone: (202) 222-1130

                                             *Counsel for Defendant City of Norfolk*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Virginia

| | | |
|---|---|---|
| LEE SCHMIDT, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  2:24-cv-621 |
| CITY OF NORFOLK, et al. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:          Pure Talk Holdings, Inc., 11100 Alcovy Rd., Covington, GA 30014

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: City of Norfolk Dept. of Law, 810 Union St., Suite 900, Norfolk, VA 23510 | Date and Time:  07/29/2025 4:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      06/30/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | Jonathan Kravis |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    City of Norfolk
_____ , who issues or requests this subpoena, are:

Jonathan Kravis, 601 Massachusetts Ave NW, Suite 500E, Wasington DC; (202) 222-1130; jonathan.kravis@mto.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  2:24-cv-621

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

This Attachment identifies the DOCUMENTS requested by the City of Norfolk in Case No. 2:24-cv-00621 that must be produced for inspection and copying pursuant to Federal Rule of Civil Procedure 45 and the attached subpoena.

As noted further herein, the City of Norfolk asks that YOU contact undersigned counsel to acknowledge receipt of this request, and then please hold  this request pending further authorization.  Defendants are in the process of seeking Plaintiff's consent to the production of the records requested herein and/or the resolution of a pending motion to compel.  Please also preserve all DOCUMENTS responsive to the requests set forth in this Attachment.

### DEFINITIONS

1.      "DOCUMENT(S)" shall have the broadest possible meaning that Rule 34 of the Federal Rules of Civil Procedure allows and shall include all written, recorded, graphic, or photographic matter, however produced or reproduced, pertaining in any manner to the subject matter indicated and includes, without limiting the generality of the foregoing, all originals, copies, and drafts of all papers, writings, email, letters, drawings, graphs, charts, photographs, audio recordings, video recordings, electronic recordings, notes, diaries, memoranda, minutes, spreadsheets, presentations, calendars, books, papers, accounts, time sheets, affidavits, declarations, and any computer-generated, computer-stored, or electronically-stored matter, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form, including DOCUMENTS stored on laptop computers, Blackberrys, iPhones, smartphones, and any other similar device.  "DOCUMENT(S)" shall also include each copy that is not identical to the original or to any other identified copy, including all drafts and notes (whether typed, handwritten, or otherwise) made or prepared in connection with such DOCUMENTS, whether used or not.

2.      "YOU," or "YOUR," as used herein means Visible Service LLC.  The terms "YOU" and "YOUR" are intended to be interpreted in the manner which leads to the broadest

scope of DOCUMENTS responsive to the category in which the term appears and should be understood to include any representatives, staff members, administrative or personal assistants, agents, legal representatives and all other persons acting on YOUR behalf or under YOUR direction.

3.      Each Request shall be construed as being inclusive rather than exclusive. The terms "any" and "all" shall be mutually interchangeable and shall not be construed to limit any request.  The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed outside of its scope.

4.      The present tense shall include the past and future tenses.  The singular shall include the plural, and the plural shall include the singular.

### INSTRUCTIONS

5.      Please hold this request pending further authorization.  Defendants are in the process of seeking Plaintiff's consent to the production of the records requested herein and/or the resolution of a pending motion to compel.  Please also preserve all DOCUMENTS responsive to the requests set forth in this Attachment.

6.      YOU are required to search for and produce all DOCUMENTS requested herein that are in the possession, custody or control of YOU or YOUR representatives, agents, attorneys, accountants, auditors, or other professionals or experts, and any person who is or has been acting on YOUR behalf or under YOU or YOUR attorney's employment, direction and/or control.

7.      YOU are required to produce all responsive non-privileged DOCUMENTS that are within YOUR possession, custody, or control.  Each DOCUMENT is to be produced along with all non-identical versions and without abbreviation or redaction.

8.      If YOU do not intend to fully comply with the subpoena and provide all responsive DOCUMENTS and Communications, YOU must respond in writing and separately to each Request.  If no such DOCUMENTS are within YOUR possession, custody or control, state so

affirmatively. If YOU have searched for and produced all DOCUMENTS within YOUR possession that are responsive to a Request as part of any initial disclosure or production, state so affirmatively.

9. If objecting to any Request, in whole or in part, the objection must state whether any responsive materials are being withheld on the basis of that objection in accordance with Fed. R. Civ. P. 45(d)(2)(B).

10. If YOU assert any claim of privilege as grounds for not producing any DOCUMENTS or Communications requested by these Requests, YOU must identify the legal grounds and facts supporting the objection or privilege in accordance with Fed. R. Civ. P. 45(e)(2) and any applicable local rules and orders issued in the above-captioned matter. With respect to each responsive DOCUMENT that is withheld on the basis of an applicable privilege or other protection against disclosure, YOU are instructed to: (i) identify the author(s), sender(s), and recipient(s) of the DOCUMENT; (ii) identify the date(s) the DOCUMENT was created and distributed; (iii) identify the applicable privilege(s) or protection(s) against disclosure; and (iv) describe the nature of the DOCUMENT in a matter that will enable Defendant to assess the applicability of the privilege(s) or protection(s) against disclosure that YOU rely on.

11. If YOU become aware of any DOCUMENTS or Communications requested by these Requests that have since been destroyed, lost, misplaced, or are otherwise incapable of production, YOU are instructed to respond by providing the following information: (i) the type of DOCUMENT (e.g., email, notes, letters, memorandum, etc.); (ii) the description of the DOCUMENT and its contents; (iii) the identity of the author of the DOCUMENT; (iv) the circumstances under which the DOCUMENT was destroyed, lost, misplaced, or rendered otherwise incapable of production; and (v) the identity of all persons having knowledge of the DOCUMENT or the circumstances under which the DOCUMENT was destroyed, lost, misplaced, or otherwise rendered incapable of production.

**RELEVANT TIME PERIOD**

The relevant time period for the requested DOCUMENTS is February 19, 2025 through July 1, 2025, or another time as agreed.

**DOCUMENTS REQUESTED**

1.    All DOCUMENTS or records in YOUR possession showing historical cell site location information (CSLI) from February 19, 2025 through July 1, 2025 in YOUR possession for the mobile telephone number (407) 963-2926, which is registered to or associated with Lee Schmidt. This request includes, but is not limited to:

- The date and time of all calls and text messages made to or from the number, accompanied by the corresponding cell site (tower) and sector location information used to initiate and terminate each communication;

- Any records of data sessions (e.g., IP sessions or web activity) and associated cell site connections;

- Geographic coordinates or maps of cell sites used during the relevant period; and

- All available Timing Advance data to include LOCDBOR.