IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LEE SCHMIDT and CRYSTAL ARRINGTON,

      **Plaintiffs,**

v.

CITY OF NORFOLK and MARK TALBOT, in
his official capacity as the Norfolk Chief of Police,

      **Defendants.**

Civil Action No. 2:24-cv-621

**DEFENDANTS' RESPONSE
TO PLAINTIFFS' NOTICE OF DEVELOPMENTS**

Plaintiffs' "notice of developments" is nothing more than a highly misleading, last-minute effort to distract from Plaintiffs' own discovery deficiencies.  Contrary to Plaintiffs' hyperbolic accusations about an "illegal subpoena," the truth is that Plaintiff Lee Schmidt's cell service provider AT&T appears to have made a good-faith error, producing cell site records in response to a subpoena that clearly instructed AT&T to preserve the records only.  Defendants promptly alerted Plaintiffs to the error, and committed not to open the records pending the Court's resolution of Defendants' motion to compel, which is scheduled for a hearing tomorrow. Plaintiffs' filing omits key facts and distorts the record.

On June 2, 2025, Defendants requested Plaintiffs' consent to obtain their cell site location information ("CSLI") from Plaintiffs' cellular carriers.  As set forth in Defendants' motion to compel, these records are relevant to test Plaintiffs' allegations that Flock cameras track the whole of their movements and that Flock camera data is therefore akin to CSLI for Fourth Amendment purposes.  Plaintiffs refused to consent, so Defendants promptly filed a motion to compel challenging Plaintiffs' categorical refusal to produce any discovery concerning their

location history, including their CSLI.  To ensure that the relevant timeframe of Plaintiffs' CSLI would be preserved pending the Court's ruling on the motion to compel, and to comply with the fact discovery deadline, on June 30, 2025, and July 11, 2025, Defendants issued subpoenas to Plaintiffs' cellular carriers, including AT&T.

Defendants sent each subpoena with a concise, straightforward cover letter.  The letter prominently instructed each carrier to "hold this request pending further authorization," because "Defendants are in the process of seeking [Plaintiffs'] consent to the production of the [CSLI records] and/or the resolution of a pending motion to compel."  ECF No. 97-4 at 4.  The subpoena itself included the same instructions.  *See* ECF Nos. 97-1 at 8; 97-2 at 8; 97-3 at 8.  As Plaintiffs themselves acknowledge, "the subpoenas did not [] request the production of documents."  ECF No. 97 at 2.

Plaintiffs received notice of the subpoenas before they were served.  At that time, Plaintiffs did not raise any concerns with the form or content of the subpoenas and did not file an objection with the carriers or a motion to quash with the Court.

Last week, unexpectedly, defense counsel received an email from AT&T attaching a ZIP file as well as a certificate of authenticity.  Concerned that AT&T might have mistakenly transmitted CSLI records contrary to the clear instructions in the subpoena and cover letter, defense counsel called AT&T.  On that call, an AT&T representative advised defense counsel that AT&T sent CSLI records because it had not received an objection to the subpoena from Plaintiff.  Defendants then notified Plaintiffs that AT&T had mistakenly produced CSLI records contrary to the instructions in the subpoena and cover letter.  Defendants advised Plaintiffs that they would not open the records pending the Court's ruling on Defendants' motion to compel.  In response to a request from Plaintiffs for further information, Defendants produced a copy of the

2

subpoena transmittal cover letter and explained that AT&T's production of the CSLI records appeared to be a good faith mistake notwithstanding the clear instructions in the letter. Defendants also confirmed for Plaintiffs that Ms. Arrington's cellular carrier, Verizon, had acknowledged receipt of their subpoena but not produced any CSLI records.

While Plaintiffs' "notice of developments" does not request any relief from the Court, the notice's suggestion that Defendants' subpoena to AT&T was "illegal," ECF No. 97 at 1, is wrong. As an initial matter, Plaintiffs did not raise any timely objection when they received notice of the subpoena for Mr. Schmidt's cell site records on June 27, 2025,[1] three days before it was served, did not move to quash the subpoena, and took no affirmative steps to challenge the subpoena. In any event, contrary to Plaintiffs' insinuations, a civil subpoena is a proper method to obtain CSLI even when a party improperly attempts to withhold consent. *See Flagg v. City of Detroit*, 252 F.R.D. 346, 354 (E.D. Mich. 2008) (holding that text messages stored by carrier SkyTel were nonetheless within the defendant's control, and noting the "obvious point that it is immaterial whether a party … might prefer not to give the necessary consent"). Defendants cited *Flagg* in their reply in support of the motion to compel, but Plaintiffs do not mention that case in their notice.

Finally, Plaintiffs' accusation that "Defendants' conduct resulted in a violation of a federal law meant to protect privacy," ECF No. 97, at 4, is deeply misleading. Plaintiffs did not challenge the subpoena when it was issued. Plaintiffs concede that the subpoena did not seek production of records until further authorization was provided. And Plaintiffs have no basis to

---

[1] Defendants served notice of their intent to subpoena PureTalk, Mr. Schmidt's cellular carrier, on June 27. Upon receipt of that subpoena, PureTalk informed Defendants that AT&T, not PureTalk would have access to the records sought in that subpoena. Defendants subsequently served a subpoena on AT&T on July 11. Plaintiffs did not raise an objection to either notice.

3

allege that the erroneous production of CSLI contrary to the plain language of the subpoena was

anything other than a good-faith mistake by a third party.  Plaintiffs' suggestion of impropriety

by Defendants is completely unwarranted.

THE CITY OF NORFOLK and
MARK TALBOT


/s/
Karla J. Soloria (VSB 82674)
Assistant City Attorney
Adam D. Melita (VSB 41716)
Chief Deputy City Attorney
karla.soloria@norfolk.gov
adam.melita@norfolk.gov
City of Norfolk Department of Law
810 Union Street, Suite 900
Norfolk, VA 23510
Telephone:  (757) 664-4529
Facsimile:  (757) 664-4201

*Attorneys for Defendants the City of Norfolk
and Mark Talbot*

E. Martin Estrada (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
(213) 683-9100
Martin.Estrada@mto.com

Jonathan I. Kravis (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100
Jonathan.Kravis@mto.com

*Attorneys for Defendant the City of Norfolk*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of August, 2025, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a copy of the foregoing to the following:

Michael B. Soyfer, Esq. (NY Bar # 5488580; DC Bar # 230366)
Robert Frommer, Esq. (VA Bar #70086)
Joshua Windham, Esq. (NC Bar #51071)
Tahmineh Dehbozorgi, Esq. (DC Bar #90030252)
Jessica Bigbie, Esq. (TX Bar #24134429)
James T. Knight II, Esq. (DC Bar #1671382)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203-1854
703-682-9320 phone
703-682-9321 fax
rfrommer@ij.org
jwindham@ij.org
msoyfer@ij.org
tdehbozorgi@ij.org
jbigbie@ij.org
jknight@ij.org

*Counsel for Plaintiffs*

/s/
_____
Karla J. Soloria (VSB 82674)
Assistant City Attorney
karla.soloria@norfolk.gov
City of Norfolk Department of Law
810 Union Street, Suite 900
Norfolk, VA 23510
Telephone:  (757) 664-4529
Facsimile:  (757) 664-4201

*Attorney for Defendants the City of Norfolk and Mark Talbot*

5