UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

LEE SCHMIDT and CRYSTAL ARRINGTON,

    Plaintiffs,

v.

CITY OF NORFOLK, and MARK TALBOT, in his official capacity as the Norfolk Chief of Police,

    Defendants.

Civil No. 2:24cv621

## ORDER

This matter is before the Court on the parties' Joint Motion for a Continuance. ECF No. 99. The parties seek to extend three deadlines outlined in the scheduling order, including: Defendant's deadline to complete depositions, the deadline to complete expert depositions and depositions in lieu of trial testimony, and the deadline for all dispositive motions, including summary judgment. Id. Because the parties have not shown good cause as required by Federal Rule of Civil Procedure 16, the motion for a continuance is **DENIED**.

### A. Background

The Court entered a scheduling order on February 24, 2025, ordering that Defendant's deadline to complete depositions was July 28, 2025, the deadline to complete expert depositions and

depositions in lieu of trial testimony was August 5, 2025, and all dispositive motions were due August 14, 2025. Thereafter, Plaintiffs filed an unopposed motion for a continuance on June 3, 2025. ECF No. 69. The Court granted this motion, finding good cause existed to extend the parties' deadlines due to the fact that, despite the parties' diligence, new Virginia legislation that could impact the use of the technology being challenged in this case was going into effect. ECF No. 71. As a result, the Court extended Defendant's deadline to complete depositions to August 27, 2025, the deadline to complete expert depositions and depositions in lieu of trial testimony to September 4, 2025, and the deadline for all dispositive motions to September 15, 2025. ECF No. 71. Now, just two months later, the parties are seeking yet another continuance "to accommodate Plaintiffs' and counsels' schedules" and because they "cannot complete discovery and file dispositive motions" within the current deadlines. ECF No. 99, at 1-2.

### B. Legal Standard

Scheduling orders entered pursuant to Rule 16 of the Federal Rules of Civil Procedure are mandatory. Equal Emp. Opportunity Comm'n v. Hooters of Am., LLC, 347 F.R.D. 445, 447 (M.D.N.C. 2024). Rule 16 further provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. Good cause requires "the party seeking relief [to] show

2

that the deadlines cannot reasonably be met despite the party's diligence." Ball v. Takeda Pharmaceuticals Am., Inc., 963 F. Supp. 2d 497, 509 (E.D. Va. 2013) (quoting Cook v. Howard, 484 F. App'x 805, 815 (4th Cir. 2012)). More specifically, the good cause requirement is not satisfied if the "party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." Id.

### C. Discussion

Here, the parties assert that there is good cause to modify the scheduling order for a second time due to their "diligent efforts to complete discovery on time." ECF No. 99. The parties, however, provide no evidence supporting their claimed diligence. Id. at 2. The Court finds this conclusory statement, and the two excuses the parties do provide, woefully insufficient to demonstrate good cause.

First, the parties argue that September 3 and 4, 2025 are the only days that Plaintiffs' and counsel are available for depositions. ECF No. 99, at 2. The parties, however, fail to demonstrate that there was no date in the past 69 days since the Court granted the last motion to continue, or in the upcoming 16 days that the depositions could have occurred. The Court is confident that the parties will find a day prior to the August 27, 2025, deadline to accommodate everyone's schedules and complete the depositions in a timely manner.

3

Second, the parties assert that, under the current schedule, they have limited time to analyze potentially complex expert material before deposing witnesses and less than two weeks from the close of fact discovery to file summary judgment. Id. The Court directs the parties' attention to ECF Nos. 69-1, and 71. The deadlines that parties take issue with are the same exact deadlines they requested, and this Court granted, in their prior motion for a continuance. Compare ECF No. 69-1 with ECF No. 71. As such, this argument engenders little sympathy. Accordingly, the parties have not shown that they have been diligent in meeting their deadlines, or that good cause exists to modify the scheduling order.

### D. Summary

For the reasons set forth above, the Court **DENIES** the motion for a continuance. ECF No. 99.

The Clerk is **REQUESTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ Mark S. Davis
CHIEF UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
August 11, 2025

4