**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| LEE SCHMIDT and CRYSTAL ARRINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NORFOLK and MARK TALBOT, in his official capacity as the Norfolk Chief of Police,<br><br>Defendants. | Case No.: 2:24-cv-00621-MSD-LRL<br><br>Hon. Mark S. Davis |

**NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF MOTION TO FILE UNDER SEAL PLAINTIFFS' PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT AND EXHIBITS 2, 4, 6–7, 10, 19, 23–25, AND 29–30**

Pursuant to Local Civil Rule 5, Plaintiffs Lee Schmidt and Crystal Arrington moved to seal certain papers filed in support of Plaintiffs' Motion for Partial Summary Judgment. Plaintiffs move to seal twelve documents—three because they contain the confidential information of Plaintiffs and non-parties and nine because Defendants have designated material in them confidential. As required by Local Civil Rule 5(C)(1), this memorandum contains a "non-confidential description" of all these materials. For the three documents containing confidential information of Plaintiffs and non-parties, this memorandum also meets the requirements of Local Civil Rule 5(C)(2)-(4). Rule 5(C) requires Defendants to meet those requirements for the remaining nine documents.

**DESCRIPTION OF MATERIALS FILED UNDER SEAL**

Plaintiffs request that the unredacted versions of the following three exhibits ("Plaintiffs' Expert Reports") be permanently sealed to protect the privacy rights of Plaintiffs and non-parties:

1. **Exhibit 24** (Expert Witness Report of Chad Higdon-Topaz, Ph.D.);
2. **Exhibit 25** (Expert Report of Andrew P. Wheeler on Behalf of Plaintiffs);

3. **Exhibit 30** (Rebuttal Expert Report of Andrew Wheeler on Behalf of Plaintiffs).

The redacted information in these Reports all falls into one of the following categories:

a. Plaintiffs' license plate numbers;
b. Plaintiffs' addresses;
c. Information on Plaintiffs' specific movements around the Hampton Roads area;
d. The addresses of locations Plaintiffs frequently visit;
e. The names and addresses of nonparties, including Mr. Schmidt's minor daughter.

Plaintiffs further request that the unredacted versions of the following nine documents ("Defendant-Designated Materials") be sealed to the extent and for the duration the Court deems appropriate:

1. **Plaintiffs' Memorandum in Support of their Motion for Partial Summary Judgment**;
2. **Exhibit 2** (Davis Lukens Deposition Transcript);
3. **Exhibit 4** (Derrick Vernon Deposition Transcript);
4. **Exhibit 6** (Michele Naughton Deposition Transcript);
5. **Exhibit 7** (Captain Charles Thomas Deposition Transcript);
6. **Exhibit 10** (Josh Thomas Deposition Transcript);
7. **Exhibit 19** (Flock Camera Locations);
8. **Exhibit 23** (Mark Talbot Deposition Transcript);
9. **Exhibit 29** (Katie Herndon Declaration).

Plaintiffs have included redacted versions of all these materials to be filed on the public record, except for **Exhibit 19** (Flock Camera Locations), which Flock Safety has designated confidential in its entirety. Flock and Defendants "must file a response" to support the sealing of these documents. L. Civ. R. 5.

For their part, Plaintiffs disagree that the redacted information in the Defendant-Designated Materials meets the applicable standard for sealing. At minimum, Plaintiffs believe they should be able to file an unredacted version of the memorandum in support of their motion for summary judgment on the public docket. As to Defendants, the sealed material concerns officers' use of Flock, as well as Defendants' audits of officers' reasons for accessing the Flock system. The public has an overriding interest in this information that far overwhelms any justification Defendants may

have for seeking to seal information. Although Flock is a third party, it has the same counsel as Defendants, *see* Docs. 47–49, 79–80, 106, and has become an integral part of policing both in Norfolk and nationwide. *See, e.g.*, *Flock Safety*, https://www.flocksafety.com/ (stating that "5,000+ Law enforcement agencies in 49 states" use Flock's products). The public therefore has an overriding interest in access to this information. Much of the information Flock has designated confidential is already publicly known, and any discussions of Flock's products and business are too high level to qualify as trade secrets or confidential business information. Nonetheless, as required under the protective order, Plaintiffs are filing these documents under seal. *See* Doc. 59, PageID# 653 (¶ 17).

## ARGUMENT

The Court has the "authority to seal court documents 'if the public's right of access is outweighed by competing interests.'" *DSS A.S. v. Pacem Defense LLC*, 2025 WL 908040, at *1 (E.D. Va. Jan. 28, 2025) (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000)). Sealing is appropriate if both the "procedural" and "substantive" requirements are met. *Level 3 Comm., LLC v. Limelight Networks, Inc.*, 611 F.Supp.2d 572, 575–76 (E.D. Va. 2009) (Davis, J.). Because Plaintiffs have complied with applicable procedural requirements and have "an overriding interest" in sealing that "is essential to preserve higher values," the Court should permanently seal the unredacted versions of Plaintiffs' Expert Reports. *Id.* at 580 (quoting *Press-Enter. Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 510 (1984)). Unless Defendants meet the same requirements, the Court should not seal the Defendant-Designated Materials.

### I. Plaintiffs meet the procedural requirements.

The Court may seal filings if the following three procedural requirements are met: (1) there is "public notice of the request to seal" providing "interested parties a reasonable opportunity to object"; (2) there is a lack of "less drastic alternatives to sealing"; and (3) the Court "provide[s]

specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302. All three requirements are met.

***First,*** Plaintiffs are concurrently providing "public notice of the request to seal" and the required seven days for "interested parties . . . to object." *Id.*; *see also* L. Civ. R. 5(C).

***Second,*** "where redactions have been applied . . . , there are no alternatives to sealing [Plaintiffs' Expert Reports] that would adequately protect the . . . sensitive personal information contained therein, and the proposed redactions constitute only a small portion of the materials overall." *Espinosa v. Trans Union, LLC*, 2025 WL 291058 at *2 (E.D. Va. Jan. 10, 2025) (sealing unredacted summary-judgment materials containing plaintiff's account information). Courts have reached the same conclusion in similar cases, allowing the redaction of "home addresses and telephone numbers of the individual parties," *Guerrero v. Deane*, 2012 WL 3834919, at *2 (E.D. Va. Sept. 4, 2012), "personal contact" information, *Globus Medical Inc. v. Jamison*, 2024 WL 5455857, at *2–3 (E.D. Va. Nov. 14, 2024), and "sensitive medical information," *Ghaisar v. United States*, 2020 WL 6948183, at *2 (E.D. Va. Oct. 27, 2020), among others—all on summary judgment briefing. In addition, Federal Rule of Civil Procedure 5.2(a)(3) requires the redaction of the names of minors, like Mr. Schmidt's younger daughter. The sealing Plaintiffs seek here is no more "drastic" than the sealing this Court routinely allows at summary judgment. Plaintiffs do not seek to seal any documents in their entirety (other than one designated confidential by Defendants), only a small portion of the materials in a few discrete categories. As explained below in Section II-B, the information that Plaintiffs seek to redact and protect is highly sensitive and confidential. Short of sealing the redacted portions, there are no alternative measures that would protect Plaintiffs' privacy interests.

***Third,*** as described below in Section II-B, the material Plaintiffs request the Court to seal is highly sensitive personal information where the "potential harm from disclosure . . . outweighs the public's right to access judicial proceedings," *Globus*, 2024 WL 5455857, at *3, allowing the Court to "provide specific reasons and factual findings supporting its decision." *Ashcraft*, 218 F.3d at 302. Based on this memorandum and a "review[ of Plaintiffs'] proposed redactions," *Globus*, 2024 WL 5455857 at *3, the Court will be able to "fully explain[] its reasons for excision," *In re Knight Pub. Co.*, 743 F.2d 231, 236 (4th Cir. 1984).

**II. Plaintiffs have an overriding interest that outweighs the public interest.**

The Court has the power to restrict public access to the extent that it would harm genuine privacy interests of the litigants. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978). "[T]he decision as to access is one best left to the sound discretion of the trial court . . . in light of the relevant facts and circumstances of the particular case." *Id.* at 599. The First Amendment sets the standard here, where Plaintiffs seek sealing of "documents filed in connection with a summary judgment motion in a civil case." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The First Amendment creates a "presumption of openness," but that presumption may be "outweigh[ed]" and "overcome . . . by an overriding interest" in sealing to "preserve higher values," so long as the sealing "is narrowly tailored to serve that interest." *Press-Enter. Co.*, 464 U.S. at 509–510. One of "the most clearly articulated examples of such an overriding non-governmental interest . . . [is] the individual constitutional right to privacy." *Level 3 Comm.*, 611 F. Supp. 2d at 580 (citation omitted).

Plaintiffs brought this Fourth Amendment lawsuit to protect their Fourth Amendment rights and wish to protect a very limited subset of sensitive, confidential information from public disclosure. And "[t]he Fourth Circuit [has] recognized the importance of protecting non-public information." *Globus*, 2024 WL 5455857 at *2 (citing *Pittson Co. v. United States*, 368 F.3d 385,

406 (4th Cir. 2004)). None of the information that Plaintiffs ask the Court to redact and seal is public information and the disclosure of any of it would greatly harm the privacy rights of Plaintiffs and non-parties. Plaintiffs' license plates, their addresses, their movements, the locations they frequently visit, and the names and address of nonparties are private in themselves. But the context here drastically heightens the potential harms to Plaintiffs: Plaintiffs' Expert Reports—the only documents at issue here—meticulously explain and demonstrate the detailed and intrusive deductions that Defendants can make about Plaintiffs' lives through Flock Camera data. Plaintiffs are filing those reports with the Court to aid it in evaluating Defendants' serious breach of Plaintiffs' Fourth Amendment rights. If left unredacted, Plaintiffs' Expert Reports would *further* expose Plaintiffs' addresses, movements, and private lives to vastly more people. In other words, Plaintiffs should not have to "surrender their own privacy interests to vindicate their constitutional rights." Doc. 104, PageID# 1528. To that end, Plaintiffs' redactions are narrowly tailored to keep confidential to prevent the general public from learning the very information that they filed this case to keep private, while ensuring public access to most of the information in the exhibits.

As explained above in Section II-A, courts in this district have repeatedly granted similar motions, including at summary judgment when the First Amendment's heightened standard applies. *See, e.g.*, *Espinosa*, 2025 WL 291058, at *2 (account information); *Globus*, 2024 WL 5455857, at *2–*3 (personal contact information); *Ghaisar*, 2020 WL 6948183, at *2 (medical information); *Guerrero*, 2012 WL 3834919, at *2 (home addresses and telephone numbers). The same privacy interests that prevailed in those cases should prevail here. Like the redactions in those cases, Plaintiffs' proposed redactions are narrowly tailored to their privacy interests and satisfy the First Amendment standard. Plaintiffs' Expert Reports contain highly sensitive information about Plaintiffs, the public disclosure of which could undermine the privacy interests that Plaintiffs

brought this case and retained those experts to protect. Permanent sealing—with redacted versions accessible to the public—is the only way to prevent these harms.

## CONCLUSION

For these reasons, the Court should grant Plaintiffs' motion to file under seal.

DATED: September 15, 2025

Respectfully submitted,

*/s/ Robert Frommer*

Robert Frommer
(VA Bar No. 70086)
Joshua Windham
(NC Bar No. 51071)*
Michael B. Soyfer
(NY Bar No. 5488580; DC Bar No. 230366)*
Tahmineh Dehbozorgi
(DC Bar No. 90030252)*
James T. Knight II
(DC Bar No. 1671382)*

Institute for Justice
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
rfrommer@ij.org
jwindham@ij.org
msoyfer@ij.org
tdehbozorgi@ij.org
jknight@ij.org

Jessica Bigbie
(TX Bar No. 24134429)*
Institute for Justice
816 Congress Ave, Suite 970
Austin, TX 78701
Tel: (512) 480-5936
Fax: (512) 480-5937
jbigbie@ij.org

*Attorneys for Plaintiffs*

*pro hac vice