# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| **LEE SCHMIDT and CRYSTAL ARRINGTON,** | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No. 2:24-cv-621** |
| **CITY OF NORFOLK and MARK TALBOT, in** **his official capacity as the Norfolk Chief of Police,** | |
| **Defendants.** | |

## DECLARATION OF JOSH THOMAS

I, Joshua Thomas, declare as follows:

1.      I am the Chief Communications Officer of Flock Group, Inc., doing business as Flock Safety ("Flock").  I make this declaration based on personal knowledge.  If called as a witness, then I could and would testify competently to the facts stated herein.

### Flock Safety's Mission

2.      Flock was founded in 2017.

3.      Today, Flock has more than 5,000 customers.  The vast majority of Flock's customers are law enforcement agencies.  Flock contracts with law enforcement agencies ranging from large cities like Atlanta, Georgia to smaller cities like Martinsville, Virginia.  For example, Flock's customers include Dunwoody, Georgia; Forth Worth, Texas; and Elk Grove, California.

4.      Flock's mission since its founding has been to provide objective evidence to law enforcement to support their public safety efforts.

5.      Flock's flagship product to accomplish this mission is its line of license plate readers ("LPRs") provided to law enforcement customers, such as the Norfolk Police

Department ("NPD"). At a high level, NPD's Flock cameras are designed to (i) take photographs of the rears of vehicles as they drive on public streets; (ii) transcribe the license plate number of those vehicles and categorize certain external characteristics of the vehicle; (iii) provide alerts to law enforcement if any captured license plate numbers correspond to vehicles known to be involved in criminal activities or reports of missing persons; and (iv) identify certain specific, plain-view characteristics of the vehicles captured in the photographs so that law enforcement can query for vehicles believed to be involved in criminal activity.

6.     NPD's LPRs are designed to collect only information in plain view and on a public street, such as a vehicle's license plate and certain of the vehicle's characteristics that are visible to the naked eye. NPD officers cannot query LPR images for any additional information, whether or not it is captured in the image. On rare occasions, an LPR in Norfolk may capture an image of a passing vehicle that includes a person walking on the sidewalk. But no NPD officer will be able to query the Flock database specifically for images including that person.

**Flock's Support of NPD's Compliance with LPR Legislation**

7.     Many states, including Virginia, have enacted legislation governing the use of LPRs. Many cities and counties have also enacted laws, regulations, and policies governing the use of LPRs. Flock encourages LPR regulation to ensure that use of LPRs is guided by the democratic process.

8.     Flock regularly works with law enforcement agencies nationwide to ensure that those agencies have the tools they need to comply with state or local laws governing their use of LPRs. Flock has done this process with Virginia law enforcement agencies, including NPD, following the enactment of Virginia's LPR law, which went into effect on July 1, 2025.

9.      Based on my experience reviewing and discussing state and local laws with Flock's customers, I would categorize Virginia's LPR law as one of the most stringent in the country.

10.     After passage of Virginia's LPR law, Flock took several affirmative steps to assist its customers in complying with the law.  An email that Flock sent to NPD regarding these steps is attached as **Attachment A**.

11.     One step that Flock took was to automatically terminate any data sharing arrangements that permitted a Virginia law enforcement agency to share its Flock data with an out-of-state or federal law enforcement agency.[1]  Flock also disabled Virginia law enforcement agencies from entering into such data-sharing agreements in the future.

12.     Flock also imposed a maximum 21-day retention period for all LPR data derived from cameras operated by a Virginia law enforcement agency.

13.     Finally, Flock amended the requirements in its query interface for all Virginia law enforcement agencies.  Flock renamed the "case number" field to "case / call for service number," which reflects the Virginia requirement that all queries of LPR data be accompanied by a specific case or call for service number.  Flock also renamed the "search reason" field to "offense – reasonable suspicion."  Flock's guidance to customers was that authorized users should enter both the suspected offense and the basis for reasonable suspicion in this field.  Both of these fields are mandatory and must be completed before an authorized user conducts a query.

14.     These changes further enable effective use of Flock's audit tool.  Under the Virginia law, audits are required to be conducted at least once per month under the Virginia law.

---

[1] For all customers, Flock only permits law enforcement agencies to share with other law enforcement agencies.  There are no circumstances under which a law enforcement agency's data is shared with a private customer.

By tying every query to a specific case or call for service number, as well as requiring an offense type and a basis for reasonable suspicion, auditors will be better able to understand the reason for every query.  If auditors need to discuss any queries with the specific authorized user, then this information will assist the authorized user in reviewing the specific query and its basis.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Case 2:24-cr-00922-WDG-IDL   Document 234-9   Filed 09/12/25   Page 6 of 12 PageID#: 2853

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this ___15___ day of September, 2025, at Atlanta, Georgia.

_____

Josh Thomas

# ATTACHMENT A

**From:** "Naughton, Michele" <Michele.Naughton@norfolk.gov>
**To:** "Soloria, Karla" <Karla.Soloria@norfolk.gov>
**Subject:** Fwd: Flock Safety | Product Updates for Virginia Law Enforcement Agencies
**Date:** Mon, 30 Jun 2025 17:57:20 +0000
**Importance:** Normal
**Inline-Images:** Outlook-4b3he20f.png; Outlook-jzoemaqz.png; Outlook-1wnxjb1q.png; Outlook-jykusvx5.png; Outlook-ena5gski.png

# Attorney client privilege

Begin forwarded message:

**From:** "Naughton, Michele" <Michele.Naughton@norfolk.gov>
**Date:** June 25, 2025 at 4:56:16 PM EDT
**To:** PD – Chiefs <PDChiefs@norfolk.gov>
**Subject: Fw: Flock Safety | Product Updates for Virginia Law Enforcement Agencies**

Below are the changes from Flock to bring the portal into compliance on July 1st.

Michele M. Naughton
Assistant Chief of Police
Investigative Services Bureau



Norfolk Police Department
100 Brooke Ave
Norfolk, VA 23510
757/664-3285 (O) 757-633-9909 (C)

Connect with us:
www.norfolk.gov

   

**From:** Vernon, Derrick <Derrick.Vernon@norfolk.gov>
**Sent:** Wednesday, June 25, 2025 8:49 AM
**To:** Naughton, Michele <Michele.Naughton@norfolk.gov>
**Subject:** Fwd: Flock Safety | Product Updates for Virginia Law Enforcement Agencies

Please see the attached. The email details how NPD will be brought in to compliance with Virginia Law prior to July 1, 2025.

Derrick S. Vernon, Lieutenant
Norfolk Police Department
Strategic Intelligence Division
100 Brooke Avenue
Norfolk, VA 23510
Cell: 757-570-8238

**From:** Myron Maret <myron.maret@flocksafety.com>
**Sent:** Tuesday, June 24, 2025 4:43 PM
**To:** Vernon, Derrick <Derrick.Vernon@norfolk.gov>
**Subject:** Flock Safety | Product Updates for Virginia Law Enforcement Agencies

EXTERNAL EMAIL - This email was sent by a person from outside your organization. Exercise caution when clicking links, opening attachments or taking further action, before validating its authenticity.

NORF022194

Hello,

We want to update you on the changes that Flock Safety will be making to the product to help customers comply with the new Virginia law regulating the use of automatic license plate recognition (ALPR) systems.

As a reminder, Flock is making these product updates to ensure our customers' full compliance with the law, such as adjusting data retention limits and data sharing permissions and ensuring customers have access to the data needed to satisfy reporting requirements. These system updates will be completed prior to **July 1, 2025**.

The specific updates that Flock Safety will be making are as follows:

**1.** <u>Data Sharing</u>

   **a.**  All Virginia law enforcement agencies will be removed from the National Lookup feature and will not be able to add themselves back to it.

   **b.**  Out-of-state sharing will be disabled in the Flock system, such that all Virginia law enforcement agencies will be unable to receive requests from out-of-state agencies to share their networks/data.

   **c.**  All current network/data sharing arrangements will be revoked, except for arrangements between Virginia law enforcement agencies.

**2.** <u>Data Retention</u>

   **a.**  Data retention for ALPR data will switch to 21 days beginning on July 1, 2025. This shortened retention period will apply to data collected from July 1, 2025 onward.

   **b.**  Data retention for audit data will switch to 2 years beginning on July 1, 2025. This shortened retention period will apply to data collected from July 1, 2025 onward.

**3.** <u>Searching</u>
-
   **a.**  The "Case number" field on the search page will be renamed "Case / Call for Service No" to reflect the legal requirement that a case number or a call for service number must be entered for every search of the system.

   **b.**  The "search reason" field will be renamed "Offense - reasonable suspicion."

   - A user who performs an ALPR search should write the offense type (e.g., "stolen auto") and then briefly describe the reasonable suspicion for the search. Example: "stolen auto - victim reported vehicle stolen."

   - This change is being made because the law requires an audit trail reflecting that every search was conducted for one of the permitted purposes in the law, including offense type. Reasonable suspicion is also now required to perform a search.

   - The permitted purpose can be shown from the offense type, because it is either A) a search connected to a violation of Virginia code or B) connected to a missing or endangered person.

NORF022195

If you have any questions about these updates or would like to speak further about this, please contact Flock at legalaffairs@flocksafety.com

**Myron Maret**

**Flock Safety**

**Customer Success**

---

📱 myron.maret@flocksafety.com   📞 404.631.6599

🖱 flocksafety.com

---

Click here to unsubscribe from this list or manage your preferences here.

NORF022196