# EXHIBIT 22

## Unredacted Exhibit Filed Under Seal Per Protective Order

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

|  |  |
|---|---|
| LEE SCHMIDT and CRYSTAL ARRINGTON, | |
|      Plaintiffs, | |
| v. | Civil Case No. 2:24-cv-00621-MSD-LRL |
| CITY OF NORFOLK and MARK TALBOT, in his official capacity as the Norfolk Chief of Police, | |
|      Defendants. | |

**PLAINTIFF CRYSTAL ARRINGTON'S RESPONSES TO
DEFENDANTS' REQUESTS FOR ADMISSION**

1.  "CLAIM" or "CLAIMING" means or refers to the position YOU are taking in this litigation in support of YOUR civil rights legal claim against DEFENDANTS.

2.  "CLIENTS" shall mean and refer to the clients YOU identified in YOUR objections and responses to Interrogatory Nos. 13, 15, 16.

**OBJECTION:** Plaintiff objects to this definition as vague. Plaintiff did not identify any clients in response to Interrogatory Nos. 13, 15, or 16. Rather, Plaintiff asserted her First Amendment right (among other objections) to refuse to disclose the identities of people with whom she associates. Plaintiff will interpret "CLIENTS" to refer broadly to clients of Plaintiff's healthcare business.

3.  "DEFENDANTS" refers collectively to the City of Norfolk and Mark Talbot, in his official capacity as the Norfolk Chief of Police.

1

4.      "REPORTING PERIOD" shall mean the period of time from February 19, 2025 to July 1, 2025, or such other period of time that the parties agree shall apply to these requests.

5.      "YOU" and "YOUR" shall mean and refer to Plaintiff Lee Schmidt, and any of his current or former attorneys, agents, representatives, employees, alter egos, controlled entities, and/or any person acting on their behalf.

**OBJECTION:** Plaintiff objects to this definition as vague, overbroad, disproportionately burdensome, and imposing discovery obligations greater than those required by the Federal Rules of Civil Procedure. As a preliminary matter, these Requests for Admission are directed to Plaintiff Crystal Arrington, not Plaintiff Lee Schmidt, so Mr. Schmidt's inclusion in this definition seems to be an error. If it is not an error, then it is objectionable. But even aside from that error, this definition is objectionable and unworkable. Defendants' Requests for Admission—all of which include "You," "Your," or both—are unanswerable if "You" and/or "Your" include this large and undefined set of individuals. Under this definition, Defendants' Requests ask for Plaintiff to (among other things) make admissions concerning the movements of her current and former attorneys, wherever they live. Moreover, given that the requests are directed at an individual, it is unclear what most of these terms even mean in context, including "alter egos" and "any person acting on their behalf." Plaintiff will interpret "You" and "Your" as referring only to Plaintiff Crystal Arrington.

### INSTRUCTIONS

**OBJECTION:** Plaintiff objects to these instructions to the extent that they purport to impose different or greater discovery obligations than required by Federal Rules of Civil Procedure 26 and 36.

6.      YOUR answers shall specifically admit or deny the matter in each Request, or set forth in detail the reasons why YOU cannot truthfully admit or deny the matter. YOUR denials

2

shall fairly meet the substance of the requested admission, and when good faith requires that YOU qualify an answer or deny only a part of the matter of which an admission is requested, YOU shall specify so much of it as is true and qualify or deny the remainder.

7.    The following rules of construction apply to each Request herein:

a.    The word "any" shall be construed to include the word "all," and the word "all" shall be construed to include the word "any."

b.    The singular form of any word includes the plural and vice versa and the use of any tense of any verb includes also within its meaning all other tenses of the verb used.

**OBJECTIONS TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:** Admit that YOU do not CLAIM that DEFENDANTS can identify, by name, any of your individual CLIENTS through use of Flock camera data alone.

**OBJECTION:** Plaintiff objects to this request as vague and irrelevant. It is not clear what Defendants mean by "through use of Flock camera data alone." To the extent Defendants' request concerns their ability to "identify" individuals "by name" using data from Flock cameras without referencing *any* information at their disposal not obtained from a Flock camera (e.g., without inputting a license plate number obtained from a Flock camera into a Department of Motor Vehicles database to determine the registered owner), the request is irrelevant. As Plaintiffs' Response to Defendants' Motion to Compel explains, *see* Doc. 88, PageID# 9–12, the legal standard applicable to Plaintiff's claims concerns what Defendants can "*in combination with other information, deduce*" about Plaintiff's movements. *Leaders of a Beautiful Struggle v. Baltimore Police Dep't*, 2 F.4th 330, 344–45 (4th Cir. 2021) (alteration in original) (quoting *Carpenter v. United States*, 585 U.S. 296, 312 (2018)).

3

**RESPONSE:** Consistent with Plaintiff's objections:

Plaintiff admits that she does not claim that Defendants can "identify" individuals "by name" using data from Flock cameras "alone" without referencing *any* other information at their disposal not obtained from a Flock camera.

**REQUEST FOR ADMISSION NO. 2**: Admit that YOU do not CLAIM that DEFENDANTS can identify, by name, YOUR personal friends through use of Flock camera data alone.

**OBJECTION:** Plaintiff objects to this request as vague and irrelevant. It is not clear what Defendants mean by "through use of Flock camera data alone." To the extent Defendants' request concerns their ability to "identify" individuals "by name" using data from Flock cameras without referencing *any* information at their disposal not obtained from a Flock camera (e.g., without inputting a license plate number obtained from a Flock camera into a database to determine the registered owner), the request is irrelevant. As Plaintiffs' Response to Defendants' Motion to Compel explains, *see* Doc. 88, PageID# 9–12, the legal standard applicable to Plaintiff's claims concerns what Defendants can "*in combination with other information, deduce*" about Plaintiff's movements. *Beautiful Struggle*, 2 F.4th at 344–45 (alteration in original) (quoting *Carpenter*, 585 U.S. at 312).

**RESPONSE:** Consistent with Plaintiff's objections:

Plaintiff admits that she does not claim that Defendants can "identify" individuals "by name" using data from Flock cameras "alone" without referencing *any* other information at their disposal not obtained from a Flock camera.

**REQUEST FOR ADMISSION NO. 3:** Admit that during the REPORTING PERIOD, YOU have visited places in Norfolk other than those listed in YOUR response to Interrogatory No. 4.

**OBJECTION:** Plaintiff objects to this request as vague and irrelevant. Interrogatory No. 4 asks only for "ten locations within the City of Norfolk that [Plaintiff has] visited most frequently in the REPORTING PERIOD," and Plaintiff "respond[ed] generally with the locations in the City of Norfolk that she recalls visiting often," "excluding addresses associated with her clients or their appointments." Interrogatory No. 4 did not seek, nor did Plaintiff claim to provide, an exhaustive list of every place she has visited in Norfolk during the reporting period.

**RESPONSE:** Consistent with Plaintiff's objections:

Admit.

**REQUEST FOR ADMISSION NO. 4 [CONFIDENTIAL]:** ████████████
████████████████████████████████████████

**OBJECTION:** ████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

Plaintiff's response to Defendants' Interrogatory No. 2, the vehicle referenced in this Request for

Admission is driven primarily by Plaintiff's husband, not Plaintiff.

**RESPONSE:** Consistent with Plaintiff's objections:

Admit.

**REQUEST FOR ADMISSION NO. 5 [CONFIDENTIAL]:** ███████████████

████████████████████████████████████████████████████████████

████████

**OBJECTION:** ███████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████

**RESPONSE:** ███████████████████████████████████

████████

**REQUEST FOR ADMISSION NO. 6 [CONFIDENTIAL]:** ████████████

████████████████████████████████████████████████████████

████████████████████████████

**OBJECTION:** ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████

**RESPONSE:** ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████

**REQUEST FOR ADMISSION NO. 7:** Admit that the only individuals that YOU frequently interact with in the City of Norfolk are the individuals listed in YOUR response to Interrogatory No. 5 and YOUR clients.

**OBJECTION:** Plaintiff objects to this request as vague. It is not clear how Plaintiff would determine which individuals she "frequently" interacts with. And as Plaintiff explained in her

response to Defendants' Interrogatory No. 14, she (like most people) does not keep records of or recall every person she interacts with, nor does she track how frequently those interactions occur.

**RESPONSE:** Consistent with Plaintiff's objections:

Plaintiff cannot truthfully admit or deny this request for the reasons stated in her objections.

**REQUEST FOR ADMISSION NO. 8:** Admit that Flock camera data does not enable DEFENDANTS to track the whole of YOUR physical movements.

**OBJECTION:** Plaintiff objects to this request as vague and irrelevant. In light of Defendants' arguments in their Motion to Compel, *see* Doc. 82, it is not clear whether "the whole of YOUR movements" is intended to mean the term of art used in controlling caselaw, *see Beautiful Struggle*, 2 F.4th at 342–43 (police unconstitutionally surveilled "the whole of individuals' movements" when they conducted a daytime-only surveillance program with "gaps in the data"), or whether it refers to Defendants' separate interpretation of that term as referring to 100% of a person's movements without "gaps". *See* Doc. 82, PageID# 967. To the extent it calls for the latter, it is irrelevant to Plaintiff's claims. *See* Doc. 88, PageID# 1153–56. Plaintiff will interpret this term to have the same meaning as in controlling caselaw.

Nor is it clear what Defendants mean by "enable." Specifically, whether Defendants' request refers to their ability to track Plaintiff's location using data from Flock cameras without referencing *any* information not obtained from a Flock camera or Defendants' ability to "*in combination with other information, deduce*" Plaintiff's location. *Beautiful Struggle*, 2 F.4th at 344–45 (alteration in original) (quoting *Carpenter*, 585 U.S. at 312). To the extent that the request means the former, it is irrelevant to this case. *See* Doc. 88, PageID# 9–12.

**RESPONSE:** Consistent with Plaintiff's objections:

Deny.

8

**REQUEST FOR ADMISSION NO. 9:** Admit that Flock camera data does not enable DEFENDANTS to track YOUR location at any time other than when the Flock cameras capture a vehicle that YOU are driving.

**OBJECTION:** Plaintiff objects to this request as vague and irrelevant. It is not clear what Defendants mean by "enable." Nor is it clear whether Defendants' request refers to their ability to track Plaintiff's location using data from Flock cameras without referencing *any* information not obtained from a Flock camera or Defendants' ability to "*in combination with other information, deduce*" Plaintiff's location. *Beautiful Struggle*, 2 F.4th at 344–45 (alteration in original) (quoting *Carpenter*, 585 U.S. at 312). To the extent that the request means the former, it is irrelevant to this case. *See* Doc. 88, PageID# 9–12.

**RESPONSE:** Consistent with Plaintiff's objections:

Deny.

9

Dated: July 28, 2025

Respectfully submitted,

*/s/ Michael B. Soyfer*

Jessica Bigbie
  (TX Bar No. 24134429)*

Robert Frommer
  (VA Bar No. 70086)
Joshua Windham
  (NC Bar No. 51071)*
Michael B. Soyfer
  (NY Bar No. 5488580; DC Bar No. 230366)*
Tahmineh Dehbozorgi
  (DC Bar No. 90030252)*
James T. Knight II
  (DC Bar No. 1671382)*

Institute for Justice
816 Congress Ave, Suite 970
Austin, TX 78701
Tel: (512) 480-5936
Fax: (512) 480-5937
jbigbie@ij.org

Institute for Justice
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
rfrommer@ij.org
jwindham@ij.org
msoyfer@ij.org
tdehbozorgi@ij.org

*Attorneys for Plaintiffs*
*pro hac vice

10

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2025, I caused the foregoing document to be served by email on counsel of record for Defendants.

*/s/Michael B. Soyfer*
Michael B. Soyfer