# EXHIBIT 23



# Transcript of Kevin R. Horan

**Date:** September 4, 2025
**Case:** Schmidt and Arrington -v- City of Norfolk, et al.

**Planet Depos**
**Phone:** 888.433.3767 | **Email:** transcripts@planetdepos.com
www.planetdepos.com
Michigan #8598 | Nevada #089F | New Mexico #566

WORLDWIDE COURT REPORTING & LITIGATION TECHNOLOGY

**Page 1**

```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                   NORFOLK DIVISION
- - - - - - - - - - - - - x
LEE SCHMIDT and CRYSTAL      :
ARRINGTON,                   :
         Plaintiffs,         : Civil Case No.
   vs.                       : 2:24-cv-00621-MSD-LRL
CITY OF NORFOLK and          :
MARK TALBOT, in his          :
official capacity as the     :
Norfolk Chief of Police,     :
         Defendants.         :
- - - - - - - - - - - - - x
         Videotaped Deposition of KEVIN R. HORAN
              Arlington, Virginia
            Thursday, September 4, 2025
                 10:01 a.m.
Job No. 597095
Pages: 1 - 167
Reported By: Karen Young
```

**Page 2**

```
    Videotaped Deposition of KEVIN R. HORAN, held
at the offices of:


    ARLINGTON GATEWAY
    901 North Glebe Road
    Arlington, Virginia 22203
    (703) 682-9320




    Pursuant to notice, before Karen Young, Notary
Public in and for the Commonwealth of Virginia.
```

**Page 3**

```
              A P P E A R A N C E S
ON BEHALF OF LEE SCHMIDT and CRYSTAL ARRINGTON:
    MICHAEL B. SOYFER, ESQUIRE
    JAMES KNIGHT, ESQUIRE
    INSTITUTE FOR JUSTICE
    901 North Glebe Road, Suite 900
    Arlington, Virginia 22203
    (703) 682-9320

ON BEHALF OF THE DEFENDANTS:
    E. MARTIN ESTRADA, ESQUIRE
    ROBERT BOWEN, ESQUIRE
    MUNGER TOLLES & OLSON LLP
    350 South Grand Avenue
    50th Floor
    Los Angeles, California 90071-3426
    (213) 683-9100

ALSO PRESENT:
    Don Lane, Videographer
    Adam Melita, Esquire, City of Norfolk
```

**Page 4**

```
               C O N T E N T S
EXAMINATION OF KEVIN R. HORAN              PAGE
    By Mr. Soyfer                            6
    By Mr. Estrada                         161
    By Mr. Soyfer                          165









            E X H I B I T S
         (Attached to Transcript)
Exhibit 66  Expert Report of Kevin R.       11
    Horan
Exhibit 67  Rebuttal Expert Report on      150
    Behalf of Plaintiffs, Andrew P.
    Wheeler, Ph.D.
```

## 5

```
1         P R O C E E D I N G S
2         THE VIDEOGRAPHER:  Here begins Media
3  Number 1 in the videotaped deposition of Kevin
4  Horan in the matter of Lee Schmidt and Crystal
5  Arrington versus City of Norfolk and Mark Talbot
6  in his official capacity as the Norfolk chief of
7  police pending in the United States District Court
8  for the Eastern District of Virginia, Norfolk
9  Division, case number as it appears,
10 2:24-cv-00621-MSD-LRL.  Today's date is September
11 4th, 2025.  The time on the video monitor is 10:01
12 a.m.
13        The videographer today is Don Lane,
14 representing Planet Depos.  This video deposition
15 is taking place at 901 North Glebe Road,
16 Arlington, Virginia 22203.  Would counsel please
17 voice-identify themselves and state whom they
18 represent.
19        MR. SOYFER:  Michael Soyfer from the
20 Institute for Justice on behalf of plaintiffs, and
21 I'm joined by my colleague, James Knight.
22        MR. ESTRADA:  Good morning.  Martin
```

## 6

```
1  Estrada on behalf of the City of Norfolk.  I'll
2  let my colleagues introduce themselves.
3         MR. BOWEN:  Robert Bowen on behalf of the
4  City of Norfolk.
5         MR. MELITA:  Adam Melita on behalf of the
6  defendants.
7         THE VIDEOGRAPHER:  The court reporter
8  today is Karen Young, representing Planet Depos.
9  The witness will now be sworn.
10           KEVIN R. HORAN,
11  having been duly sworn, testified as follows:
12         EXAMINATION BY COUNSEL FOR
13      LEE SCHMIDT and CRYSTAL ARRINGTON
14 BY MR. SOYFER:
15    Q  Good morning.  Would you please state your
16 name for the record?
17    A  It's Kevin Horan, H-O-R-A-N.
18    Q  Okay, and Mr. Horan, other than briefly
19 just before the depo started, we've never met
20 before today, correct?
21    A  We have not, no.
22    Q  Have you -- have you had your deposition
```

## 7

```
1  taken before?
2     A  I have, yes.
3     Q  Okay, and so I'll kind of skip some of the
4  -- the very basic ground rules since you have
5  experience, but you understand you're under oath
6  today, correct?
7     A  Yes.
8     Q  Just as if you were testifying in a
9  courtroom?
10    A  Correct.
11    Q  And you understand that your testimony
12 could potentially be played at trial, correct?
13    A  Yes.
14    Q  Is there any reason you can't give
15 truthful and accurate testimony today?
16    A  No.
17    Q  Are you on any drugs or other substances
18 that might affect your ability to testify
19 truthfully and accurately today?
20    A  No.
21    Q  So during today, I might ask some
22 questions that you don't understand initially or
```

## 8

```
1  that are unclear.  If I do that, please just ask
2  me for clarification.  I'm always happy to
3  rephrase or clarify.  By extension, if you answer
4  the questions that I've asked, I'll assume that
5  you understood them.  Is that fair?
6     A  That's fair.
7     Q  And you've been retained in this case as
8  an expert witness on behalf of the defendants,
9  correct?
10    A  That is correct.
11    Q  And you understand when I refer to the
12 defendants, I mean the City of Norfolk and Police
13 Chief Mark Talbot in his official capacity,
14 correct?
15    A  Yes.
16    Q  Okay.  Do you have an understanding of who
17 is ultimately responsible for paying your bills in
18 this case?
19    A  My understanding is it's the City of
20 Norfolk, and I believe that Flock Camera System is
21 part of that as well.
22    Q  Okay, so it's split somehow between those
```

### 161

1  break? I think I may be close to finished.
2      MR. ESTRADA: Five minutes, ten minutes?
3      THE VIDEOGRAPHER: We are now going off
4  the record. The time is 2:07 p.m.
5      (Recessed at 2:07 p.m.)
6      (Reconvened at 2:19 p.m.)
7      THE VIDEOGRAPHER: We are now back on the
8  record. The time is 2:19 p.m.
9  BY MR. SOYFER:
10  Q  Mr. Horan, we're back from a break, but
11  you understand you're still under oath, correct?
12  A  I do, yes.
13      MR. SOYFER: And I'll just say those are
14  all of my questions subject to any redirect.
15      EXAMINATION BY COUNSEL FOR THE DEFENDANTS
16  BY MR. ESTRADA:
17  Q  Great. Just a few questions from me --
18  A  Sure.
19  Q  -- Mr. Horan. Mr. Horan, based on your 30
20  plus years in federal and local law enforcement,
21  do you believe CSLI data can help law enforcement
22  track a suspect?

### 162

1      MR. SOYFER: Objection, form.
2  A  Yes.
3  Q  Based on your over 30 years in law
4  enforcement working on the federal side and the
5  state side, do you believe that GPS data,
6  including a GPS tracker on a vehicle can help
7  track a suspect?
8      MR. SOYFER: Objection, form.
9  A  Yes.
10  Q  Based on your 30 plus years in law
11  enforcement, including on the federal and state
12  sides, do you believe that ALPR data can track a
13  suspect?
14      MR. SOYFER: Objection, form, foundation.
15  A  No.
16  Q  Why not?
17  A  Unlike the other two technologies, ALPR
18  data has too many gaps in collection that does not
19  allow for law enforcement to reliably and
20  effectively track an individual. The ALPR system
21  is set up such that it is in very finite
22  locations. It is certainly not everywhere, unlike

### 163

1  the cellular network, which covers every square
2  inch of the Norfolk, Virginia area and nationwide
3  practically. That's how the system is now set up
4  worldwide. You cannot go anywhere without being
5  tracked or viewed for your activity through the
6  cellular system.
7      GPS would be the same way as long as GPS
8  has visibility to cell sites, or to satellites,
9  the device will work and the device will provide
10  an accurate location of where the -- the vehicle
11  or whoever's with that device is. The ALPR data
12  lacks that coverage in significant ways. It is
13  finite to where it's located, it's finite to its
14  field of vision, which is -- which is very small,
15  perhaps 50 to a hundred yards at best, on what it
16  can see, and it's certainly not in the same --
17  it's not prolific as you might see with the
18  cellular networks.
19      So as a tracking mechanism, it is -- it is
20  -- it is not one and the same. We are not
21  comparing apples to apples here, and its purpose
22  is much much different than what we see with

### 164

1  cellular or GPS.
2  Q  Do you believe that ALPR data can even be
3  used as a tracking mechanism by law enforcement?
4      MR. SOYFER: Objection, form, foundation.
5  A  I don't believe it -- I don't believe it
6  can be used that way, and I don't believe it is
7  used that way. I don't believe that law
8  enforcement is using it in that fashion where
9  they're trying to track people based upon ALPR
10  hits in a certain jurisdiction. Again, the system
11  to my knowledge was set up for very limited
12  purposes for primarily alerts for -- almost like a
13  offense, if you will, coming in and out of an
14  area, a high-traffic area, you might see a vehicle
15  leave or come through, and that's very limited in
16  time and space and what it reveals at that
17  particular moment, unlike the cellular data, which
18  again, is something that the user cannot get away
19  from.
20  Q  During your 30 plus years in law
21  enforcement, both on the federal side and the
22  state side, are you aware of any cases you've

**165**

1 investigated or participated in in which ALPR data
2 was used to track a suspect?
3      MR. SOYFER: Objection, form, foundation.
4   A  No.
5   Q  About how many cases have you investigated
6 or participated in during your career in law
7 enforcement, if you can give a ball park number?
8   A  It would -- especially with the cell site
9 information or cell site investigations I've been
10 involved, it would be hundreds, perhaps even
11 approaching a thousand or more investigations that
12 I've been involved in over 31 years of my career.
13      MR. ESTRADA: No further questions.
14      FURTHER EXAMINATION BY COUNSEL FOR
15      LEE SCHMIDT and CRYSTAL ARRINGTON
16 BY MR. SOYFER:
17   Q  I have just one or two clarifications that
18 I wanted to ask about. When you were referring to
19 ALPR data in your answers to Mr. Estrada's
20 questions, were you referring to ALPR images?
21   A  Yes, as -- as that is my familiarity in
22 that area.

**166**

1   Q  Okay, and in your answers just now in
2 response to Mr. Estrada's questions, you were
3 talking about ALPR sort of at a general level and
4 not specifically speaking about the City of
5 Norfolk; is that right?
6   A  Having read the -- some of the depositions
7 from the City of Norfolk, some of the chief and
8 some of the other employees, I'm not aware of them
9 using this ALPR data in that fashion.
10      MR. SOYFER: Okay. No further questions.
11      MR. ESTRADA: Nothing further here. Thank
12 you.
13      THE VIDEOGRAPHER: This marks the end of
14 the deposition. We are now going off record. The
15 time is 2:25 p.m.
16      (Off the record at 2:25 p.m.)

**167**

1 CERTIFICATE OF SHORTHAND REPORTER - NOTARY PUBLIC
2      I, Karen Young, the officer before whom
3 the foregoing deposition was taken, do hereby
4 certify that the foregoing transcript is a true
5 and correct record of the testimony given; that
6 said testimony was taken by me stenographically
7 and thereafter reduced to typewriting under my
8 supervision; that reading and signing was not
9 requested, and that I am neither counsel for or
10 related to, nor employed by any of the parties to
11 this case and have no interest, financial or
12 otherwise, in its outcome.
13      IN WITNESS WHEREOF, I have hereunto set my
14 hand and affixed my notarial seal this 7th day of
15 September, 2025.
16
17 _Karen Young_____
18 NOTARY PUBLIC IN AND FOR
19 THE COMMONWEALTH OF VIRGINIA
20 My commission expires:
21 June 20, 2026
22 Registration No. 704852