# EXHIBIT 24

# Unredacted Exhibit Filed Under Seal Per Protective Order

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| LEE SCHMIDT and CRYSTAL ARRINGTON,<br><br>    Plaintiffs,<br><br>v.<br><br>CITY OF NORFOLK and MARK TALBOT, in his official capacity as the Norfolk Chief of Police,<br><br>    Defendants. | Civil Case No. 2:24-cv-00621-MSD-LRL |

**PLAINTIFF LEE SCHMIDT'S RESPONSES TO
DEFEENDANTS' FIRST SET OF INTERROGATORIES**

DEFINITIONS

1. "COMPLAINT" shall mean the Complaint that was filed on October 21, 2024 in the above captioned litigation.

2. "DEFENDANTS" refers collectively to the City of Norfolk and Mark Talbot, in his official capacity as the Norfolk Chief of Police.

3. "PLAINTIFFS" refers collectively to Lee Schmidt and Crystal Arrington.

4. "REPORTING PERIOD" refers to either February 1, 2025 through July 15, 2025 or another reasonable period as negotiated by the parties. Defendants recognize that Plaintiffs may not be able to remember the same level of detail going back in time to February as they can going forward in time to respond to the relevant interrogatories and are willing to meet-and-confer regarding these requests.

1

**OBJECTION:** Plaintiff objects to the Reporting Period's start date of February 1, 2025 as overbroad, disproportionately burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. As used in these Interrogatories, the Reporting Period governs requests for Plaintiff's whereabouts. But, even assuming such information is relevant, it could only be relevant to the extent that it can be compared to location information Defendants gathered through their Flock Cameras and Flock System. Defendants and Flock have represented that they deleted all Flock Data prior to Feb 19, 2025. *See* March 11, 2025 letter from J. Kravis to M. Soyfer. Plaintiff's whereabouts prior to February 19, 2025, thus cannot be compared to contemporaneous Flock Data, even assuming it would be relevant. Accordingly, Plaintiff will interpret the Reporting Period as beginning on February 19, 2025.

5.  "YOU" and "YOUR" shall mean and refer to Plaintiff Lee Schmidt, and any of his current or former attorneys, agents, representatives, employees, alter egos, controlled entities, and/or any person acting on their behalf.

**OBJECTION:** Plaintiff objects to this definition as vague, overbroad, disproportionately burdensome, and imposing discovery obligations greater than those required by the Federal Rules of Civil Procedure. Defendants' Interrogatories—all of which include "You," "Your," or both—are unanswerable if "You" and "Your" include this large and undefined set of individuals. Under this definition, Defendants' Interrogatories ask for, among other things, the name and addresses of every grocery store visited by all of Plaintiff's current and former attorneys, wherever they live. Moreover, given that the requests are directed at an individual, it is unclear what most of these terms even mean in context, including "alter egos" and "any person acting on their behalf." Plaintiff will interpret "You" and "Your" as referring only to Plaintiff Lee Schmidt.

2

**INSTRUCTIONS**

**OBJECTION:** Plaintiff objects to these instructions to the extent that they purport to impose different or greater discovery obligations than required by Federal Rules of Civil Procedure 26 and 33.

6. In responding to these interrogatories, YOU shall provide all responsive information in YOUR direct or indirect, actual or constructive, possession, custody, or control, including but not limited to information that YOU have the ability to reasonably obtain.

7. The following rules of construction apply to each interrogatory herein:

   a. The singular form of the word shall be interpreted as plural, wherever necessary, to bring within the scope of the request any information that might otherwise be construed to be outside its scope.

   b. The words "and" and "or" should be construed either disjunctively or conjunctively, wherever necessary, to bring within the scope of the request any material that might otherwise by construed to be outside its scope.

   c. The word "any" shall be construed to include the word "all," and the word "all" shall be construed to include the word "any."

   d. The word "each" shall be construed to include the word "every," and "every" shall be construed to include the word "each."

   e. The word "including" is not limiting.

8. These interrogatories are continuing in nature so as to require YOU to furnish supplemental answers whenever YOU acquire, obtain, locate, or identify different or additional knowledge, information, or beliefs relevant to these interrogatories, in accordance with the duty to supplement and correct under Federal Rule of Civil Procedure 26(e).

3

**Confidential – Subject to Protective Order**

### OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify all vehicles that YOU have driven since May 1, 2022, including the make, model year, color, and license plate number of each vehicle.

**OBJECTION:** █████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████

**RESPONSE:** Consistent with Plaintiff's objections:

- ████████████████████████████████
- ██████████████████████████
- ████████████████████████████████
- ██████████████████████████████████████████████

**INTERROGATORY NO. 2:** For each vehicle YOU identified in response to Interrogatory No. 1, describe the extent to which and circumstances under which that vehicle has been driven by another individual since May 1, 2022, for example, if a member of YOUR family or a friend have used the vehicle and, if so, a description of that use.

**OBJECTION:** ████████████████████████████████

████████████████████████████████████████████████

any vehicle he has driven over more than three years has been driven by someone else, nor can he reasonably be expected to recall this information. And such information would be irrelevant outside of the date range covered by Defendants' preserved Flock Data (February 19, 2025, through present) since Defendants' spoliation of Flock Data means there is no way to show how Defendants tracked Plaintiff prior to that date range. Nevertheless, Plaintiff will respond with the requested information at a general level, to the best of his knowledge, for all vehicles he has driven since September 1, 2024.

**RESPONSE:** Consistent with Plaintiff's objections:

- 2020 Jeep Grand Cherokee: Driven only by Plaintiff;
- 2018 Subaru Outback: Driven primarily by Plaintiff's wife, Laura Schmidt;
- 2014 Volkswagen Passat: Driven primarily by Plaintiff's daughter, Madelyn Cooper;
- 2004 SAAB 9-3 Aero: Driven primarily by Plaintiff's daughter, Madelyn Cooper (until sold).

**INTERROGATORY NO. 3:** For the REPORTING PERIOD, identify and describe with particularity every instance in which YOU have been a passenger in an automobile other than an automobile identified in response to Interrogatory No. 1, including the driver; the make, model and license plate number of the vehicle (to the extent available); the approximate date and time of each trip; and the location to which you were driven.

**OBJECTION:** Plaintiff objects to this interrogatory as overbroad, disproportionately burdensome, irrelevant, and seeking associational information protected from disclosure by the First Amendment. Plaintiff does not recall or maintain records of every instance in which he has been a passenger in an automobile or the driver, make, model, and license plate of those vehicles, nor can he reasonably be expected to do so. Recording and reporting such information on an

5

**Confidential – Subject to Protective Order**

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████████

**INTERROGATORY NO. 4:** Identify the ten locations within the City of Norfolk that YOU have visited most frequently in the REPORTING PERIOD, including the name and address of each location as well as the dates on which you have visited each location.

**OBJECTION:** ████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████

████████████████████████████████████████

████████████████████████████████

**RESPONSE:** Consistent with Plaintiff's objections:

- ████████████████████████████████████████
- ██████████████████████████████
- ████████████████████████████
- ██████████████████████████████████
- ████████████████████████████████████████████
- ██████████████████████████████████████

6

■ ███████████████████████████████

**INTERROGATORY NO. 5:** Identify the ten individuals that YOU have interacted with most frequently in the City of Norfolk in the REPORTING PERIOD and the date on which YOU interacted with those individuals.

**OBJECTION:** ███████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████

████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████

Nevertheless, Plaintiff will respond generally with the individuals in the City of Norfolk that he recalls interacting with most often from February 19, 2025, to the present, excluding any fellow churchgoers or members of his anonymous program.

**RESPONSE:** Consistent with Plaintiff's objections:

- Plaintiff's wife, Laura Schmidt;
- Plaintiff's daughter, Madelyn Cooper;
- Plaintiff's minor daughter, A.S.

**INTERROGATORY NO. 6:** Identify the license plate (or if not available, make, model and color) of any vehicle driven by the individuals that YOU identified in response to Interrogatory No. 5.

**OBJECTION:** Plaintiff objects to this interrogatory as overbroad, disproportionately burdensome, irrelevant, and seeking associational information protected from disclosure by the First Amendment. Plaintiff does not recall or maintain records of the details of vehicles driven by people he knows in Norfolk. Recording and reporting such information on an ongoing basis for the Reporting Period would be immensely burdensome and would be disproportionate to the needs of this case. Information regarding vehicles driven by Plaintiff's family, friends, and acquaintances are irrelevant to any claim or defense because they would not show how the Flock Cameras can be used to infer private information about Plaintiff.

Furthermore, Plaintiff attends churches and belongs to an anonymous program. Plaintiff cannot be required to provide any information in response to this interrogatory that would infringe on his First Amendment associational rights, including his associational activities and the members of his churches and anonymous program. *See, e.g.*, *In re Motor Fuel Temperature Sales Pracs. Litig.*, 641 F.3d 470, 481 (10th Cir. 2011) ("[T]he First Amendment privilege applies 'whether the

8

beliefs sought to be advanced by association pertain to political, *economic,* religious, or cultural matters.' Moreover, . . . we expressly held that the First Amendment privilege applies to discovery orders issued in litigation involving only private parties." (alteration in original) (citing *NAACP v. Alabama*, 357 U.S. 449, 461 (1958)) (second citation omitted)).

Accordingly, Plaintiff will not respond to this interrogatory.

**INTERROGATORY NO. 7:** For each day starting on May 1, 2025 and ending on July 15, 2025, provide the odometer reading as of 7:00 a.m. of any vehicles YOU drive.

**OBJECTION:** Plaintiff objects to this interrogatory as vague, overbroad, disproportionately burdensome, and irrelevant. Requiring Plaintiff to check the odometer of every vehicle he drives at a precise time early each morning for two and a half months would be immensely burdensome, impractical, and grossly disproportionate to the needs of the case. Nor is it clear how often Plaintiff must drive a vehicle for it qualify as a vehicle he "drive[s]" for the purposes of this interrogatory. Given that Plaintiff owns multiple vehicles, two of which are primarily used by his family members, there is no way to know that even the vehicles that Plaintiff owns would all be in the same location at 7:00 a.m. every day for two and a half months, rendering it impossible for Plaintiff to respond to this interrogatory as written. In addition, the number of miles Plaintiff drives on a daily basis is not relevant to any claim or defense. Nevertheless, Plaintiff will provide one odometer reading from his primary car on or around May 1, 2025, and one from on or around July 15, 2025.

**RESPONSE:** Consistent with Plaintiff's objections:

On or around April 29, 2025, Plaintiff recorded the following odometer readings:

- 2020 Jeep Grand Cherokee: 57,607;
- 2018 Subaru Outback: 47,445;

9

- 2014 Volkswagen Passat: 83,135.

**INTERROGATORY NO. 8:** Identify each individual who, to YOUR knowledge or belief, has any knowledge of the facts alleged in the COMPLAINT and describe the knowledge each is known or believed to have.

**OBJECTION:** Plaintiff objects to this interrogatory as vague and overbroad. Plaintiff has no way to provide a full list of all individuals with "any" knowledge of *all* "facts alleged" in his Complaint, particularly since his Complaint contains a large amount of background information. Nor would the identities of all persons with "any" knowledge of this background information be relevant or proportional to the claims or defenses in this lawsuit. Plaintiff further objects to this interrogatory to the extent it seeks associational information protected by the First Amendment. Consistent with these objections, Plaintiff will identify individuals he believes to have knowledge about the allegations of the Complaint that are material to his claims.

**RESPONSE:** Consistent with Plaintiff's objections:

All individuals identified in Plaintiff's Initial Disclosures and Defendants' Initial Disclosures, including any supplements and amendments.

**INTERROGATORY NO. 9:** Describe the basis for YOUR contention that "Defendants have captured the whole of Lee's and Crystal's public movements since at least February 2023 and will continue to do so until at least December 31, 2027 (when the Flock Agreement expires) unless enjoined," including all facts known to YOU that YOU believe contribute to the basis for YOUR contention.

**OBJECTION:** Plaintiff objects to this interrogatory as overbroad, disproportionately burdensome, vague, and premature. This interrogatory is overbroad and disproportionate because it improperly asks Plaintiff to identify "all facts" that support his contention, rather than just the

10

material or principal facts. This interrogatory is also vague insofar as it asks him to identify facts that "contribute to the basis for [his] contention." It is unclear what that means, so Plaintiff will interpret it to mean facts that support his contention. Finally, this interrogatory is premature in light of the parties' recent agreement to a mutual deadline for responding to contention interrogatories. Consistent with these objections, Plaintiff will describe the basis for his contention, including the principal and material facts that support that contention, by the parties' agreed-upon deadline.

**INTERROGATORY NO. 10:** Identify all interactions YOU or anyone acting on YOUR behalf has had with DEFENDANTS or any member of the Norfolk Police Department since May 1, 2022 by setting forth (a) the name, contact information (and in the case of an individual, the employer and position) of each PERSON involved in the interaction (including each employee or agent of an entity); (b) the date; (c) the circumstances of the interaction, (in-person, telephone call, e-mail); and (d) the substance of the interaction in as much detail as possible.

**OBJECTION:** Plaintiff objects to this interrogatory as vague, overbroad, disproportionately burdensome, and irrelevant. It is not clear what Defendants mean by "anyone acting on YOUR behalf," especially given that Plaintiff is an individual. Further, Plaintiff does not recall or maintain detailed records of every interaction he has had with those individuals over more than three years, including the multiple data components Defendants are requesting. Any such interactions are also irrelevant because they have nothing to do with how Defendants have used the Flock Cameras to track Plaintiff's or anyone else's movements and locations. Nevertheless, Plaintiff will respond with the requested information at a general level, to the best of his knowledge, for all interactions he has had since September 1, 2024. Consistent with these objections, Plaintiff will interpret this interrogatory as asking him to identify only the interactions

that he has personally had with Defendants or a member of the Norfolk Police Department since September 1, 2024.

**RESPONSE:** Consistent with Plaintiff's objections:

Since September 1, 2024, Plaintiff has called a non-emergency number for the Norfolk Police Department to report illegally parked vehicles near a construction site. He has also submitted requests to the city for residential trash pickup. He does not recall the dates of these communications.

**INTERROGATORY NO. 11:** Identify which, if any, of the following social media platforms you have a registered account on and, except for the ones on which you do not have a registered account, state (i) what is your username on each platform and (ii) whether any location services associated with your account have been turned on at any time on or after November 1, 2024: Facebook; TikTok; Instagram; X (formerly twitter); WhatsApp; Snapchat; Telegram; and YouTube.

**OBJECTION:** Plaintiff objects to this interrogatory as vague, overbroad, disproportionately burdensome, and irrelevant. It is not clear if "location services" refers solely to location services for smartphone apps that Plaintiff has downloaded to access his social media accounts or whether it has some broader meaning. Plaintiff also has no way to determine whether any location services were turned on in the past. Moreover, Plaintiff's decision (if any) to enable location services for the listed social media platforms is irrelevant to Defendants' ability to track his locations and movements, since Defendants do not have access to any data or business records that may be collected by these third-party companies. Even if that information were somehow relevant, the requested date range is overbroad given Defendants' spoliation of their Flock Data pre-dating February 19, 2025. Nevertheless, Plaintiff will identify which of his smartphone apps

12

██████████████████████████████████████████████

██████████████████

    **RESPONSE:** Consistent with Plaintiff's objections:

- ████████████████████████████████

- ██████████████████████████████

- ████████████████████████████████████

    **INTERROGATORY NO. 12:** Identify which, if any, location services YOU use, including Google Maps, Maps, Find My iPhone, and other smartphone app location services, vehicle location services (e.g., OnStar). This response should cover all of your mobile devices, including all of those for which documents are produced in response to Request for Production No. 14.

    **OBJECTION:** ████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████

    **RESPONSE:** Consistent with Plaintiff's objections:

- ██████████

- █████████

- ███

- Starlink (2018 Subaru Outback);

- Waze.

**INTERROGATORY NO. 13:** Provide YOUR location throughout the day for each of the dates for which YOU have requested that Defendants provide data, including the address and individuals present with you. Please provide this information to the best of your recollection historically and contemporaneously going forward. Exhibit A to these interrogatories provides a format for a chart/table for this information.

**OBJECTION:** Plaintiff objects to this interrogatory as overbroad, disproportionately burdensome, irrelevant, and seeking associational information protected from disclosure by the First Amendment. This is a "blockbuster" interrogatory that is abusive and improper on its face. It requests that Plaintiff keep a 24-hour, hour-by-hour log of his whereabouts and all people in his presence. Responding to this interrogatory would impose an immense burden and invasion of Plaintiff's privacy utterly disproportionate to the needs of this case. Indeed, using Defendants' preferred format would result in an answer that runs, at a minimum, 460 pages from February 19, 2025, through trial. It is also vague what Defendants mean by "each of the dates for which YOU have requested that Defendants provide data," given that Defendants spoliated much of their data after the filing of the Complaint and were unable to produce data for the dates that Plaintiff requested.

Furthermore, Plaintiff attends churches and belongs to an anonymous program. Plaintiff cannot be required to provide any information in response to this interrogatory that would infringe on his First Amendment associational rights, including his associational activities and the members of his churches and anonymous program. *See, e.g.*, *In re Motor Fuel Temperature Sales Pracs. Litig.*, 641 F.3d 470, 481 (10th Cir. 2011) ("[T]he First Amendment privilege applies 'whether the

beliefs sought to be advanced by association pertain to political, *economic,* religious, or cultural matters.' Moreover, . . . we expressly held that the First Amendment privilege applies to discovery orders issued in litigation involving only private parties." (alteration in original) (citing *NAACP v. Alabama*, 357 U.S. 449, 461 (1958)) (second citation omitted)).

Accordingly, Plaintiff will not respond to this interrogatory.

**INTERROGATORY NO. 14:** Identify the individuals who are YOUR "closest friends," who YOU "go[] to church with," and who YOU "meet[] at the shooting range" (Complaint ¶ 58) that YOU have driven to meet since January 1, 2025 and the date on which YOU interacted with those individuals.

**OBJECTION:** Plaintiff objects to this interrogatory as overbroad, disproportionately burdensome, irrelevant, and seeking associational information protected from disclosure by the First Amendment. Plaintiff does not keep records or recall every person he has gone to church with, met at the shooting range, or driven to meet this year or the "date on which [he] interacted with" them. At both church and his shooting range, he meets and sees many people he knows only by their appearance. And such information would be irrelevant outside of the date range covered by Defendants' preserved Flock Data (February 19, 2025, through present).

Furthermore, Plaintiff attends churches and belongs to an anonymous program. Plaintiff cannot be required to provide any information in response to this interrogatory that would infringe on his First Amendment associational rights, including his associational activities and the members of his churches and anonymous program. *See, e.g.*, *In re Motor Fuel Temperature Sales Pracs. Litig.*, 641 F.3d 470, 481 (10th Cir. 2011) ("[T]he First Amendment privilege applies 'whether the beliefs sought to be advanced by association pertain to political, *economic,* religious, or cultural matters.' Moreover, . . . we expressly held that the First Amendment privilege applies to discovery

15

███████████████████████████████████████████████

████████████████████████████

████████████████████████████████████

**INTERROGATORY NO. 15**: Identify the name and address of YOUR church.

**RESPONSE:** Consistent with Plaintiff's objections:

████████████████████████████████████████████████

**INTERROGATORY NO. 16:** Identify the name and address of YOUR shooting range.

**RESPONSE:** Consistent with Plaintiff's objections:

████████████████████████████████

**INTERROGATORY NO. 17:** Identify the name and address of YOUR daughter's school.

**RESPONSE:** Consistent with Plaintiff's objections:

████████████████████████████████

**INTERROGATORY NO. 18:** Identify the name and address of every grocery store YOU have visited since January 1, 2025 and the corresponding dates.

**OBJECTION:** ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████

**RESPONSE:** Consistent with Plaintiff's objections:

- ████████████████████████████████
- ██████████████████████
- ████████████████████████████████████████

16

## VERIFICATION

I do solemnly declare and affirm under the penalty of perjury that the foregoing Responses to Interrogatories are true and correct to the best of my knowledge, information, and belief.

Dated: 22May25

_____
Lee Schmidt

Dated: May 23, 2025                          Respectfully submitted,

                                             */s/ Michael B. Soyfer*

Jessica Bigbie                               Robert Frommer
  (TX Bar No. 24134429)*                       (VA Bar No. 70086)
                                             Joshua Windham
Institute for Justice                          (NC Bar No. 51071)*
816 Congress Ave, Suite 970                  Michael B. Soyfer
Austin, TX 78701                               (NY Bar No. 5488580; DC Bar No. 230366)*
Tel: (512) 480-5936                          Tahmineh Dehbozorgi
Fax: (512) 480-5937                            (DC Bar No. 90030252)*
jbigbie@ij.org
                                             Institute for Justice
                                             901 N. Glebe Rd., Suite 900
                                             Arlington, VA 22203
                                             Tel: (703) 682-9320
                                             Fax: (703) 682-9321
                                             rfrommer@ij.org
                                             jwindham@ij.org
                                             msoyfer@ij.org
                                             tdehbozorgi@ij.org

                                             *Attorneys for Plaintiffs*

                                             *pro hac vice

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2025, I caused the foregoing document to be served by email on counsel of record for Defendants.

/s/Michael B. Soyfer
Michael B. Soyfer