**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| LEE SCHMIDT and CRYSTAL ARRINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NORFOLK and MARK TALBOT, in his Official Capacity as Norfolk Chief of Police,<br><br>Defendants. | Case No.: 2:24-cv-00621-MSD-LRL |

**THIRD-PARTY FLOCK SAFETY'S RESPONSE PARTIALLY IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL**

Third-party Flock Group, Inc. doing business as Flock Safety ("Flock") files this Response, pursuant to Rule 5(C) of the Local Civil Rules of Practice for this Court,[1] in partial support of Plaintiffs' Motion to File Under Seal Plaintiffs' Memorandum in Support of Their Motion for Partial Summary Judgment and Exhibits 2, 4, 6–7, 10, 19, 23–25, and 29–30. *See* ECF Nos. 109, 110, 111 (collectively "Motion to Seal"). This Response pertains only to portions of Exhibits 2, 10, and 19.

Flock seeks to seal via redaction two categories of information: (1) confidential third-party LPR camera location data (Exhibit 19); and (2) confidential portions of Flock 30(b)(6) witnesses' deposition testimony that involve competitively sensitive information (Exhibits 2 and 10). Flock is not seeking to seal any portion of Plaintiffs' Memorandum in Support of their

[1] Local Civil Rule 5 specifically permits nonparties to file responses to motions to seal. The notice required under the Rule must "inform . . . non-parties that they may submit memoranda in support of or in opposition to the motion within seven (7) days after the filing of the motion to seal." E.D. Va. Local Civ. R. 5.

Motion for Partial Summary Judgment ("MSJ"), ECF No. 107, nor any information from exhibits that are cited in that brief. Rather, the vast majority of Flock's sealing request pertains to Flock 30(b)(6) deposition testimony included in the record because Plaintiffs filed entire deposition transcripts as exhibits, instead of excerpting the relevant portions. Those lengthy transcripts include discussions of confidential Flock business information that is both not necessary for resolving Plaintiffs' MSJ, and remains competitively sensitive to Flock. When asked to limit their exhibit to the excerpts actually cited or relied on in their filings to avoid the need for the Court to decide these issues, Plaintiffs refused. Plaintiffs oppose sealing of this information.[2]

Flock requests targeted sealing of the following confidential and competitively sensitive information that is not necessary to decide Plaintiffs' MSJ:

- Portions of Exhibit 19 that reflect locations of Flock cameras operated by customers other than the Norfolk Police Department ("NPD");
- Portions of Exhibit 2, the deposition transcript of Davis Lukens, that are not cited in (nor necessary for deciding) Plaintiffs' MSJ: 23:22–26:15, 32:5–13, 33:3–35:7, 37:15–18, 39:6–44:22, 46:3–47:17, 47:21–48:18, 50:2–20, 52:11–53:20, 56:5–57:20, 64:4–67:18, 74:12–18, 75:4–76:1, 80:13–81:5, 82:4–83:14, 83:22–85:18, 88:2–97:2, 101:6–102:4, 111:17–112:6, 112:20–114:6, 114:10–123:3, 123:12–124:7, 126:4–129:2, 132:12–142:15, 142:18–144:4, 144:15–149:10, 151:16–154:8; and
- Portions of Exhibit 10, the deposition transcript of Joshua Thomas, that are not cited in (nor necessary for deciding) Plaintiffs' MSJ: 16:13–18:17, 19:14–20:18, 21:1–4, 36:4–11, 38:7–49:19, 54:6–57:18, 66:6–67:2, 68:8–86:10, 88:2–10, 88:17–89:16, 104:1–106:4, 109:9–113:16.

[2] Plaintiffs and their counsel have been very vocal in the media regarding developments in this case and their views on Flock. That is their right. But Flock itself is not at issue in this case—NPD's use of Flock cameras is. The Court should not permit this litigation to become a vehicle through which Plaintiffs obtain and disseminate irrelevant and sensitive information regarding Flock (or its other customers). This case—as Plaintiffs vehemently urged the Court when Flock sought to intervene—is about Norfolk and NPD.

None of this confidential material should be made public. Flock consents to the public filing of Plaintiffs' memorandum in support of their MSJ, as well as the portions of Exhibits 2, 10, and 19 that are not identified above.[3]

## LEGAL STANDARD

Local Rule 5(C) and *Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), sets out three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *Id.* at 288; *see also, e.g.*, *Flexible Benefits Council v. Feltman*, 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft*, 218 F.3d at 288); E.D. Va. Civ. R. 5(C)(2)–(4) (requiring a statement of why sealing is necessary, why other procedures will not suffice, and evidentiary support as well as application of the relevant case law to the material requested to be filed under seal).

First, Plaintiffs' Motion to Seal and this response are being publicly filed, satisfying the requirement of public notice with an opportunity to object. *Ashcraft*, 218 F.3d at 288.

Second, there are no less drastic alternatives to the limited sealing that Flock seeks. *See Ashcraft*, 218 F.3d at 288. Flock requested that Plaintiffs withdraw the unnecessary portions of the transcripts, but Plaintiffs refused. Flock proposes public redacted versions of Exhibits 2, 10, and 19. The "proposed redactions constitute only a small portion of the materials overall." *Amperex Tech. Ltd. v. Semiconductor Energy Lab'y Co. Ltd.*, 2025 WL 1679522, at *1 (E.D. Va. Mar. 11, 2025).

[3] Flock takes no position on Plaintiffs' Motion to Seal Exhibits 4, 6–7, 23–25, or 29–30.

Third, Flock applies the relevant law governing sealing to its requested redactions, and has supported its requests with a declaration of Michael Goldsticker.[4] While the summary judgment stage typically requires evaluating whether to seal filings using a First Amendment standard, *Level 3 Commc'ns., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 579 (E.D. Va. 2009), the material that Flock seeks to have sealed here is not necessary to resolving Plaintiffs' MSJ. "The right of access in any given case may vary depending on the nature of the case and the specific item under review." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Where business information is "immaterial" to a court's decision-making, courts find that "the public's right of access is outweighed by the potential harm" to the party seeking confidentiality. *Brainchild Surgical Devices, LLC v. CPA Global Ltd.*, 2024 WL 4179175, at *2 (E.D. Va. May 24, 2024).

## <u>ARGUMENT</u>

### I. FLOCK WITHDRAWS ITS CONFIDENTIALITY DESIGNATIONS FOR NEARLY ALL OF THE FLOCK-PRODUCED INFORMATION UPON WHICH PLAINTIFFS RELY

During discovery, Flock designated materials as "Confidential" or "Attorneys' Eyes Only" as appropriate under the Protective Order. Plaintiff did not challenge those designations, and when they did raise a request for certain material to be downgraded, Flock agreed. *See* Ex. 1 [May 5, 2025 Email].

Consistent with Plaintiffs' request in their Motion to Seal, Flock does not object to the public filing of their memorandum in support of their MSJ. ECF No. 111 at 2 ("At minimum, Plaintiffs believe they should be able to file an unredacted version of the memorandum in

[4] The Michael Goldsticker declaration supports both this Response and Flock's Response in Partial Support of Defendants' Motion to Seal.

support of their motion for summary judgment on the public docket"). Flock also withdraws its confidentiality designations and does not seek to seal any Flock-related information in the corresponding evidence in the record. Pls.' Ex. 2 [Lukens Dep] at 36:8–37:18, 55:12–56:4, 57:21–60:12, 61:3–7, 63:6–12, 63:21–64:3, 67:19–71:20, 79:11–80:12, 81:6–82:3, 83:15–21, 85:19–86:3, 97:3–99:21, 100:12–21, 123:4–11, 124:8–17, 129:3–132:11; Pls' Ex. 10 [Josh Thomas Dep.] at 58:20–63:19, 65:7–66:5.[5]

## II. FLOCK SEEKS TO SEAL THIRD-PARTY LOCATION DATA IN EXHIBIT 19

Exhibit 19 to Plaintiffs' MSJ is a list of camera locations produced by Flock that discloses the LPR camera locations for 14 of its customers, including NPD. Declaration of Michael Goldsticker, filed concurrently herewith, ¶ 9 ("Goldsticker Decl."). Only one of these customers—NPD—is at issue in this case. The spreadsheet includes specific latitudes and longitudes of the cameras, street addresses, and which customer operates which camera. *Id.* All of this is sensitive third-party information that Flock requests this Court maintain under seal.

First, the public interest in this information is minimal. The public does not need access to the material to understand the bases and arguments in Plaintiffs' MSJ nor to understand the Court's resolution of that motion. Plaintiffs reference the information reflected in Exhibit 19 only once in their MSJ memorandum, and that reference does not rely on the specific locations of any cameras. *See* MSJ at 7. The relevant aspect of the exhibit is the aggregated total number of LPR cameras, which Plaintiffs discuss in their memorandum. *Id.* Flock has no objection to that total number being in the public record.

[5] Flock has also withdrawn its designations regarding certain Flock-related information relied upon by Defendants in support of their Motion for Summary Judgment, and includes those passages in this citation.

Second, Flock has a strong interest—on behalf of its non-party customers—in maintaining the confidentiality over this information. Goldsticker Decl. ¶¶ 9–10. The information pertains to non-parties who are not at issue in this case. *Cf. Robinson v. Bowser*, 2013 WL 3791770, at *4 (M.D.N.C. July 19, 2013) (permitting sealing of third-party information); *Nettles v. Farmers Ins. Exchange,* 2007 WL 858060, at *1 (W.D. Wash. Mar.16, 2007) (granting motion to seal in part because information at issue related to nonparties "who have not sought to place [their] private information in the public sphere"). Disclosure risks harm to Flock by revealing its customers' data without their consent. As is true in the context of injunctive relief, courts recognize the public (and private) interest in "protect[ing] companies' confidential information, enforc[ing] and uphold[ing] valid contracts, and protect[ing] the legitimate expectations of contracting parties." *Globus Med., Inc. v. Jamison*, 2023 WL 5826908, at *19 (E.D. Va. Aug. 15, 2023) (citing *Home Funding Grp., LLC v. Myers*, 2006 WL 6847953 (E.D. Va. Dec. 14, 2006)).

Likewise here, Flock has a substantial interest in maintaining the confidentiality of its customers' data, including not disclosing information its customers would prefer remains private absent their consent. Goldsticker Decl. ¶ 10. Given Flock's confidentiality commitments to its other customers—none of which are a party to this case—it would harm Flock's relationship with these customers if it publicly revealed information about specific cameras locations without their consent. *Id.* ¶ 10. Flock therefore proposes limited redactions of the lines of the spreadsheet relating to cameras operated by non-party entities (i.e., entities other than NPD).

## III. FLOCK SEEKS TO SEAL DEPOSITION TESTIMONY THAT IS BOTH IRRELEVANT TO THIS CASE AND COMMERCIALLY SENSITIVE

Plaintiffs' Exhibits 2 and 10 include the *full* deposition transcripts for both Flock 30(b)(6) witnesses. The vast majority of this testimony is irrelevant to Plaintiffs' MSJ. Plaintiffs

nevertheless object to the redaction of these portions of the transcripts—when those portions did not need to be filed at all. ECF No. 111 at 2. Flock withdraws its confidentiality designations with respect to evidence that Plaintiffs specifically cite in their MSJ and that might underlie the Court's decision-making.[6] Flock asks the Court to seal the remaining evidence, which is not necessary to resolution of Plaintiffs' MSJ and remains competitively sensitive.[7] Flock's request should be granted for three reasons.

First, Plaintiffs do not have a justification for filing the entire deposition transcripts as exhibits. Plaintiffs' memorandum in support of their MSJ refers to only 36 (of 157) pages of Mr. Lukens's deposition, and only 9 (of 118) pages of Mr. Thomas's deposition. Plaintiffs nevertheless filed the entire transcripts as exhibits. Flock contacted Plaintiffs and, when asked to replace these with excerpts, Plaintiffs' counsel refused, citing the Court's theoretical interest in reviewing other parts of the record not cited in the briefing. Ex. 2 [Sept. 19, 2025 Email].[8] The

---

[6] Flock agrees the following can be unredacted in the public record: Pls.' Ex. 2 [Lukens Dep] at 36:8–37:18, 55:12–56:4, 57:21–60:12, 61:3–7, 63:6–12, 63:21–64:3, 67:19–71:20, 79:11–80:12, 81:6–82:3, 83:15–21, 85:19–86:3, 97:3–99:21, 100:12–21, 123:4–11, 124:8–17, 129:3–132:11; Pls' Ex. 10 [Josh Thomas Dep.] at 58:20–63:19, 65:7–66:5; Pls.' Ex. 19 [Camera Locations] (limited to NPD-operated cameras).

[7] For the avoidance of doubt, Flock's position is not simply that a page range may be filed publicly only if it is cited in the brief. Instead, Flock's de-designations here are based on review of the sensitivity of the underlying material. As discussed in Section III, the information Flock seeks to seal is both irrelevant to Plaintiffs' motion and sensitive. If Plaintiffs' reply brief—or their opposition to Defendants' motion for summary judgment—contain citations to broad swaths of information designated as confidential and not cited in Plaintiffs' motion, Flock reserves the right to oppose public filing.

[8] Plaintiffs also indicated they are unfamiliar with the practice of excerpting depositions at all, despite it being a regular occurrence in this (and many other) courts. *E.g.*, *Jenkins v. Canon Sols. Am., Inc.*, 2019 WL 13295803, at *1 (E.D. Va. Oct. 18, 2019) (noting the summary judgment record included "excerpts of Plaintiff's deposition"); *Moody v. City of Newport News, Va.*, 193 F. Supp. 3d 530 (E.D. Va. 2016) (referencing deposition excerpts as exhibits at summary judgment throughout); *Vollette v. Watson*, 937 F. Supp. 2d 706, 719 (E.D. Va. 2013) ("It is clear from the submitted deposition excerpts . . .").

entire point of summary judgment briefing, and the requirement to identify specific undisputed facts with relevant evidentiary support, is to identify for the Court the evidence necessary to decide the motion. *Cf. BAE Sys. Norfolk Ship Repair, Inc. v. United States ex rel. Dep't of Navy*, 745 F. Supp. 3d 336, 371 n.61 (E.D. Va. 2024) ("[T]he Court relies on the evidence . . . discussed at trial as well as evidence identified in both parties' post-trial briefs. . . . As the Seventh Circuit elegantly put it, judges are not like pigs, hunting for truffles buried in the record." (citation modified)).

Second, the public does not have a meaningful interest in the information that Flock seeks to keep sealed because it is not relevant or necessary for resolving Plaintiffs' MSJ. Plaintiffs' choice to file unnecessary portions of deposition transcripts as exhibits to a summary judgment motion does not mean the public has an interest in that information requiring it to be in the public record. Indeed, "where exhibits and attachments . . . are largely comprised of irrelevant information that is immaterial to the Court's summary judgment decision, . . . the public's right of access is outweighed by the potential harm to Defendant in unsealing its confidential business information." *Brainchild*, 2024 WL 4179175, at *2; *see also Jones v. Lowe's Cos., Inc.*, 402 F. Supp. 3d 266, 292 (W.D.N.C. 2019) ("[K]eeping those portions of the deposition under seal does not infringe upon the public's interest in assessing the basis of the court's decision in this matter."), *aff'd*, 845 F. App'x 205 (4th Cir. 2021); *Globus Med. Inc.*, 2024 WL 5455800, at *2 ("Exhibits containing private information that do not bear on any issues pending can properly remain under seal.").

Third, Flock remains a third party to this litigation, and it has valid confidentiality interests in protecting its business information that outweigh any countervailing interest. The Fourth Circuit has recognized the interest parties have in protecting non-public information. *See*

*Pittson Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (affirming decision to seal certain "confidential, proprietary, commercial, or financial data" that was produced under a protective order). Courts regularly recognize that confidential business information should be sealed if it poses "a competitive advantage against a litigant [or non-party] if it became public." *See Globus Med. Inc.*, 2024 WL 5455857, at *2 (citing *Mr. Dee's Inc. v. Inmar, Inc.*, 1:19cv141, 2021 WL 826679, at *4 (M.D.N.C. Mar. 4, 2021) ("court files should not 'serve ... as sources of business information that might harm a litigant's competitive standing" ') (quoting *Nixon v. Warner Commc'n, Inc.* 435 U.S. 589, 598 (1978))); *see also Coleman Co., Inc. v. Team Worldwide Corp.*, 2021 WL 9181136, at *1–2 (E.D. Va. Nov. 1, 2021) (sealing information at the summary judgment stage after finding that it "contain[ed] confidential and/or proprietary and trade secret[] information that is properly subject to a sealing order"). Where, as here, disclosure would harm "[t]he competitive and financial interest" of Flock, confidential business information is properly sealed. *Mr. Dee's Inc.* 2021 WL 826679 at *4 (*citing Bayer CropScience, Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656–57 (M.D.N.C. 2013)).

Consistent with these authorities, Flock seeks protection over five categories of information, the disclosure of which would risk competitive and financial harms:

1. Flock's strategic decisions, including confidential future business plans and organization-level decision making, which risks competitive harm to Flock if disclosed to publicly and then used by its competitors; *see* Goldsticker Decl. ¶ 4;

2. Flock's technical, proprietary functionality, including the operation and training of Flock's machine learning systems and detailed descriptions of technologies Norfolk does not use or even have access to, which risks competitive harm if the details of its functionality were disclosed to competitors, *see id.* ¶ 5;

3. Flock's hardware operation, such as Flock's rationale for selecting different camera lenses and locations, which would also risk competitive harm if disclosed to its competitors, *see id.* ¶ 6;

4. Flock's data storage, structure, and use, including in-depth discussions of the type of information Flock collects, how it stores the information, and how it processes and filters it for user consumption, which is not generally known and risks market harm if customers and competitors were to know this information is disclosed publicly, *see id.* ¶ 7; and

5. Information regarding Flock's commercial relationships, including details about its internal contractual interpretations, which risks harm to Flock's ability to negotiate with current and future customers, *see id.* ¶ 8.

Flock's proposed redactions of the confidential portions of Mr. Lukens and Mr. Thomas's depositions are a "narrowly tailored" solution designed "to protect only commercially sensitive information." *In re Genworth Fin. Sec. Litig.*, 2015 WL 12830373, at *4 (E.D. Va. Dec. 10, 2015). Flock, a third party to this lawsuit, should not have to waive its interests in preserving the confidentiality of its business information because Plaintiffs chose to file irrelevant deposition passages as exhibits. Ordering that such information must be disclosed creates unhelpful incentives in litigation, including using exhibit filings as a means of subverting the stipulated process set forth in the Protective Order's mechanisms for seeking de-designation of confidential material. ECF No. 59 ¶ 15.

## CONCLUSION

Flock respectfully requests that the Court enter the contemporaneously filed Proposed Order granting Plaintiffs' Motion to Seal as to portions of Exhibits 2, 10, and 19 and ordering the parties to file reformed materials as set forth in the Proposed Order.

Dated: September 22, 2025

Respectfully submitted,

/s/ *Stephen E. Noona*

Stephen E. Noona (VSB No. 25367)
Brandan M. Goodwin (VSB No. 94766)
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, Virginia 23510-1665
Tel: (757) 624-3239
Fax: (888) 360-9092
senoona@kaufcan.com
bmgoodwin@kaufcan.com

E. Martin Estrada (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
(213) 683-9100
Martin.Estrada@mto.com

Jonathan I. Kravis (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100
Jonathan.Kravis@mto.com

*Attorneys for Third Party Flock Group, Inc., d/b/a Flock Safety*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of electronic filing to all counsel of record.

/s/ *Stephen E. Noona*

Stephen E. Noona (VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, Virginia 23510-1665
Tel: (757) 624-3239
Fax: (888) 360-9092
senoona@kaufcan.com