**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| LEE SCHMIDT and CRYSTAL ARRINGTON,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF NORFOLK and MARK TALBOT, in his Official Capacity as Norfolk Chief of Police,<br><br>Defendants. | Case No.: 2:24-cv-00621-MSD-LRL |

**THIRD-PARTY FLOCK SAFETY'S RESPONSE PARTIALLY IN SUPPORT OF DEFENDANTS' MOTION TO SEAL**

Third-party Flock Group, Inc. doing business as Flock Safety ("Flock") files this response, pursuant to Rule 5(C) of the Local Civil Rules of Practice for this Court[1], in partial support of Defendants' Motion to Seal portion of their Memorandum in Support of Summary Judgment and Exhibits 9, 12, 13, 14, 15, 19, 21, 22, 24, and 25. *See* ECF Nos. 115, 116, and 117 (collectively "Motion to Seal"). This Response pertains only to portions of Defendants' Exhibits 9, the Expert Report of Valentin Estevez, Ph.D ("Estevez Report").[2]

Flock seeks to seal via redaction Tables 2 and 3 to Appendix C, and items in Table 11. *See* ECF No. 114-9 at 81–84, PageID# 2594–2597 (Table 2); 82–89, PageID# 2598–2602 (Table 3); 102, PageID# 2615 (Table 11). Flock's redactions in the appendix of the Estevez Report do

[1] Local Civil Rule 5 specifically permits nonparties to file responses to motions to seal. The notice required under the Rule must "inform . . . non-parties that they may submit memoranda in support of or in opposition to the motion within seven (7) days after the filing of the motion to seal." E.D. Va. Local Civ. R. 5.

[2] As noted in Defendants' Memorandum in Support of their Motion to Seal, Flock agreed to de-designate certain portions of deposition testimony. *See* ECF No. 116 at 2 n.1.

not correspond to any redactions in Defendants' Memorandum in Support of their Motion for Summary Judgment ("MSJ"), ECF No. 113, or in the body of the Estevez Report itself.

## **LEGAL STANDARD**

Local Rule 5(C) and *Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), sets out three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *Id.* at 288; *see also, e.g.*, *Flexible Benefits Council v. Feltman*, 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft*, 218 F.3d at 288); E.D. Va. Civ. R. 5(C)(2)–(4) (requiring a statement of why sealing is necessary, why other procedures will not suffice, and evidentiary support as well as application of the relevant case law to the material requested to be filed under seal).

First, Defendants' Motion to Seal and this response are being publicly filed, satisfying the requirement of public notice with an opportunity to object. *Ashcraft*, 218 F.3d at 288.

Second, there are no less drastic alternatives to the limited sealing that Flock seeks. *See Ashcraft*, 218 F.3d at 288. Flock has proposed public redacted versions of Exhibit 9. ECF No. 114-9. The "proposed redactions constitute only a small portion of the materials overall." *Amperex Tech. Ltd. v. Semiconductor Energy Lab'y Co. Ltd.*, 2025 WL 1679522, at *1 (E.D. Va. Mar. 11, 2025).

Third, Flock applies the relevant law governing sealing to its requested redactions, and has supported its requests with a declaration of Michael Goldsticker ("Goldsticker Decl.").[3] While the summary judgment stage typically requires evaluating whether to seal filings using a

[3] The Goldsticker Declaration supports both this Response and Flock's Response in Partial Support of Plaintiffs' Motion to Seal.

First Amendment standard, *Level 3 Commc'ns., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 579 (E.D. Va. 2009), the material that Flock seeks to have sealed here is not necessary to resolving Defendants' MSJ. "The right of access in any given case may vary depending on the nature of the case and the specific item under review." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Where business information is "immaterial" to a court's decision-making, courts find that "the public's right of access is outweighed by the potential harm" to the party seeking confidentiality. *Brainchild Surgical Devices, LLC v. CPA Global Ltd.*, 2024 WL 4179175, at *2 (E.D. Va. May 24, 2024).

## ARGUMENT

Flock requests targeted sealing of the redacted information in Tables 2, 3, and 11 to the Estevez Report (Exhibit 9 to Defendants' MSJ) because they contain confidential information relating to Flock customers who are not parties to this litigation and have not consented to their LPR information being released publicly. The intersections and total number of cameras for all non-NPD customers are sensitive third-party information that Flock requests this Court maintain under seal.[4]

First, the public interest in this information is minimal. The public does not need access to this information to understand the bases and arguments in Defendants' MSJ nor to understand the Court's resolution of that motion. Defendants refer to this information only once, and do so in a manner that aggregates the information and does not reveal any customer-specific information. *See* Defs.' MSJ at 8 SUF ¶ 25, ECF No. 113.

---

[4] Flock does not object to this information being used publicly in the aggregate—for example, to say the total number of non-NPD LPRs within Norfolk, or the total number of LPRs in the Hampton Roads area to which NPD has access. Flock's objection is to disclosure of customer-specific information—for example, the total number of cameras operated by a specific non-NPD customer, or the total coverage of a specific non-NPD customer.

Second, Flock has a strong interest—on behalf of its non-party customers—in maintaining the confidentiality over this information. Goldsticker Decl. ¶¶ 9-10. The information pertains to non-parties who are not at issue in this case. *Cf. Robinson v. Bowser*, 2013 WL 3791770, at *4 (M.D.N.C. July 19, 2013) (permitting sealing of third-party information); *Nettles v. Farmers Ins. Exchange,* 2007 WL 858060, at *1 (W.D. Wash. Mar.16, 2007) (granting motion to seal in part because information at issue related to nonparties "who have not sought to place [their] private information in the public sphere"). Disclosure risks harm to Flock by revealing its customers' data without their consent. As is true in the context of injunctive relief, courts recognize the public (and private) interest in "protect[ing] companies' confidential information, enforc[ing] and uphold[ing] valid contracts, and protect[ing] the legitimate expectations of contracting parties." *Globus Med., Inc. v. Jamison*, 2023 WL 5826908, at *19 (E.D. Va. Aug. 15, 2023) (citing *Home Funding Grp., LLC v. Myers*, 2006 WL 6847953 (E.D. Va. Dec. 14, 2006)).

Likewise, here, Flock has a substantial interest in maintaining the confidentiality of its customers' data, including not disclosing its customers' information absent their consent. Goldsticker Decl. ¶ 10. Given Flock's confidentiality commitments to its other customers—none of which are a party to this case—it would harm Flock's relationship with these customers if it publicly revealed information about specific cameras locations without their consent. *Id.* ¶ 10. Flock therefore proposes limited redactions to customer-specific data not relied upon in Defendants' MSJ.

These proposed redactions are narrowly tailored, involve information not directly relevant to the substantive motion, and appropriately balance the public's interest in this

litigation with information involving third-party customers of Flock who are not relevant to this case.

## CONCLUSION

Flock respectfully requests that the Court enter the contemporaneously filed Proposed Order granting Defendants' Motion to Seal as to the redacted portions of Tables 2, 3, and 11 to the Estevez Report, Defendants' Exhibit 9.

Dated: September 22, 2025

Respectfully submitted,

/s/ *Stephen E. Noona*

Stephen E. Noona (VSB No. 25367)
Brandan M. Goodwin (VSB No. 94766)
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, Virginia 23510-1665
Tel: (757) 624-3239
Fax: (888) 360-9092
senoona@kaufcan.com
bmgoodwin@kaufcan.com

E. Martin Estrada (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
(213) 683-9100
Martin.Estrada@mto.com

Jonathan I. Kravis (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100
Jonathan.Kravis@mto.com

*Attorneys for Third Party Flock Group, Inc., d/b/a Flock Safety*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of electronic filing to all counsel of record.

/s/ *Stephen E. Noona*

Stephen E. Noona (VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, Virginia 23510-1665
Tel: (757) 624-3239
Fax: (888) 360-9092
senoona@kaufcan.com