**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

LEE SCHMIDT and CRYSTAL ARRINGTON,

Plaintiffs,

v.

CITY OF NORFOLK and MARK TALBOT, in his Official Capacity as Norfolk Chief of Police,

Defendants.

Case No.: 2:24-cv-00621-MSD-LRL

**DEFENDANTS' RESPONSE PARTIALLY IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL**

Defendants, the City of Norfolk, and Mark Talbot, in his official capacity as the Norfolk Chief of Police, file this response, pursuant to Rule 5(C) of the Local Civil Rules of Practice for this Court, in partial support of Plaintiffs' Motion to File Under Seal Plaintiffs' Memorandum in Support of Their Motion for Partial Summary Judgment and Exhibits 2, 4, 6-7, 10, 19, 23-25, and 29-30. (ECF Nos. 109, 110, 111, collectively "Motion to Seal".) Defendants seek sealing of two narrow categories of information, which should be redacted from the public filings: (1) the names of individually identified, non-party Norfolk police officers from Exhibit 6 and Exhibit 7; and (2) confidential criminal investigative information from Exhibit 7.[1]

Defendants are not seeking to seal any portion of Plaintiffs' memorandum in support of their Motion for Partial Summary Judgment ("MSJ") (ECF No. 107). Rather, Defendants seek

[1] Third-party Flock Group, Inc. doing business as Flock Safety ("Flock"), has filed a separate Response in support of Plaintiffs' Motion to Seal. Defendants take no position with regard to Flock's Response.

to seal limited references to individually named Norfolk Police Department ("NPD") officers and confidential criminal investigative information related to open homicide investigations. The information sought to be sealed is discussed in the deposition testimony of City witness NPD Assistant Chief Michele Naughton and the City's 30(b)(6) deposition testimony given by NPD Captain Charles M. Thomas (Plaintiffs' Ex. 6 and 7 to their MSJ, respectively). The identity of individual, non-party NPD officers, as discussed in connection with their use of the Flock System, is not relevant to the Plaintiffs' MSJ. To the extent non-public, criminal investigative information is relevant to Plaintiffs' MSJ,[2] the City has a compelling government interest in keeping information related to open law enforcement investigations confidential. Rather than taking no position, Plaintiffs oppose sealing of this information.

Defendants request sealing of the names of individual officers discussed in Assistant Chief Naughton's deposition and Captain Thomas's 30(b)(6) deposition as information that is not relevant to Plaintiffs' MSJ which should remain confidential. Specifically, Defendants request the name of one (1) individual officer be redacted from Plaintiffs' Exhibit 6 and the names of six (6) individual NPD officers be redacted from Plaintiffs' Exhibit 7 to their MSJ.

For purposes of this public memorandum, the specific references to such officer's name in the deposition testimony of Assistant Chief Michele Naughton (Exhibit 6) are identified as below:

- The name of Officer #1: 228:21, 228:22, 229:1, 231:5, 231:20, 234:3, 238:3. 238:17.

[2] For the avoidance of doubt, Defendants do not concede that the criminal investigative information discussed in the City's 30(b)(6) deposition and which Defendants seek to be sealed is relevant to whether Plaintiffs' have standing to bring their Fourth Amendment claims nor to whether Plaintiffs' have suffered injury to their Fourth Amendment rights.

For purposes of this public memorandum, the specific references to such officers' names in the deposition testimony of Captain Charles M. Thomas (Exhibit 7) are identified as below:

- The name of Officer #1: 274:15, 274:17, 275:3, 275:20, 275:21, 276:7, 280:14, 280:15, 281:10, 283:11.
- The name of Officer #2: 277:5.
- The name of Officer #3: 277:10.
- The name of Officer #4: 277:12.
- The name of Officer #5: 285:15, 286:21, 286:22.
- The name of Officer #6: 287:2, 287:3, 287:17, 288:8, 288:11.

Defendants additionally request sealing of confidential criminal investigative information that is the subject of open law enforcement investigations. Defendants request the following be redacted from Plaintiff's Exhibit 7 to their MSJ:

- 194:16-200:4
- 306:12-307:7

Defendants consent to the public filing of Plaintiffs' memorandum in support of their MSJ, as well as the portions of Exhibits 6 and 7 that are not identified above.

**LEGAL STANDARD**

Local Rule 5(C) and *Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), sets out three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *Id.* at 288; *see also, e.g.*, *Flexible Benefits Council v. Feltman*, No. 1:08-CV-371, 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft*, 218 F.3d at 288); E.D. Va. Civ. R. 5(C)(2)-(4) (requiring a statement of why

sealing is necessary, why other procedure will not suffice, and evidentiary support as well as application of the relevant case law to the material requested to be filed under seal).

First, Plaintiffs' Motion to Seal and this response are being publicly filed, satisfying the requirement of public notice with an opportunity to object. *Ashcraft*, 218 F.3d at 288.

Second, there are no less drastic alternatives to the limited sealing that Defendants seek. *See Ashcraft*, 218 F.3d at 288. The "proposed redactions constitute only a small portion of the materials overall." *Amperex Tech. Ltd. v. Semiconductor Energy Lab'y Co. Ltd.*, 2025 WL 1679522, at *1 (E.D. Va. Mar. 11, 2025).

Third, Defendants set out herein the legal basis for sealing and evidentiary support in a declaration by Captain Charles M. Thomas. While the summary judgment stage typically requires evaluating whether to seal filings using a First Amendment standard, *Level 3 Comms., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 579 (E.D. Va. 2009), "[t]he right of access in any given case may vary depending on the nature of the case and the specific item under review." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Where information is "immaterial" to a court's decision-making, courts find that "the public's right of access is outweighed by the potential harm" to the party seeking confidentiality. *Brainchild Surgical Devices, LLC v. CPA Global Ltd.*, 2024 WL 4179175, at *2 (E.D. Va. May 24, 2024).

## ARGUMENT

### I. DEFENDANTS WITHDRAW THEIR CONFIDENTIALITY DESIGNATIONS FOR EXHIBITS 4 AND 23 AND SEEK ONLY LIMITED SEALING OF EXHIBITS 6 AND 7

During discovery, Defendants designated materials, including deposition testimony, as "Confidential" or "Attorneys' Eyes Only" as appropriate under the Protective Order. Plaintiff did not challenge those designations.

Consistent with Plaintiffs' request in their Motion to Seal, Defendants do not object to the public filing of their memorandum in support of their MSJ. ECF No. 111 at 2 ("At minimum, Plaintiffs believe they should be able to file an unredacted version of the memorandum in support of their motion for summary judgment on the public docket"). Defendants also withdraw their confidentiality designations with regard to City deposition witness testimony in Plaintiffs' Exhibits 4 and 23 to their MSJ. Defendants seek only to seal limited portions of the deposition testimony of Assistant Chief Michele Naughton and the City's 30(b)(6) witness Captain Charles M. Thomas, which are contained in Plaintiffs' Exhibits 6 and 7 to their MSJ, respectively.

## II. DEFENDANTS SEEK TO SEAL THE NAMES OF INDIVIDUAL, NON-PARTY NORFOLK POLICE DEPARTMENT OFFICERS

Exhibit 6 to Plaintiffs' MSJ is the full transcript of deposition testimony given by City witness Assistant Chief Michele Naughton. During the deposition, Plaintiffs' counsel showed Assistant Chief Naughton an exhibit consisting of an email previously designated as confidential protected material, pursuant to the parties' agreed protective order. The email related to one NPD officer's use of the Flock system. During the line of questioning and responses regarding this exhibit, the individual officer's full name was stated on the record. *See* Ex. 6 to Plaintiff's MSJ, pp. 228-238.

Exhibit 7 to Plaintiffs' MSJ is the full transcript of the deposition testimony of the City's 30(b)(6) witness, Captain Charles M. Thomas. During the deposition, Plaintiffs' counsel showed Captain Thomas spreadsheets reflecting queries of the Flock System by NPD officers. Declaration of Captain Charles M. Thomas, filed concurrently herewith, ¶ 4 ("Thomas Decl."). These spreadsheets were previously designated by Defendants as protected material, for attorneys' eyes only, pursuant to the parties' agreed protective order. At Captain Thomas's

deposition, Plaintiffs' counsel used the search function in the spreadsheets to show Captain Thomas specific queries by 6 particular NPD officers. *Id.* These individual officers' names were stated on the record. *Id.*; Ex. 7 to Plaintiff's MSJ, pp. 269:22-291:6. None of the queries associated with the 6 named NPD officers that were shown to Captain Thomas were related to either Plaintiff or any of their vehicles. Thomas Decl. ¶ 5.

Defendants do not seek to seal any of the testimony surrounding the email or the use of the Flock System by the identified officer discussed in Assistant Chief Naughton's deposition at pages 228-238. Similarly, Defendants do not seek to seal any of the testimony surrounding the queries of the Flock System discussed in Captain Thomas's deposition at pages 269:22-291:6. They merely seek to keep the identities of the named, non-party NPD officers confidential. While Plaintiffs have relied on this testimony in support of their MSJ, the identities of the specific officers who utilized the Flock System or performed particular queries using the Fock System are not relevant to Plaintiffs' MSJ. Plaintiffs in no way rely on the specific identities of officers who used or performed queries of the Flock System in their MSJ. Accordingly, Defendants request the Court maintain the names of the 7 individually named officers under seal.

Defendants have a strong interest on behalf of NPD's employees in maintaining the confidentiality of non-party individual NPD officers in connection with the performance of their criminal investigatory duties. *E.g.*, *Globus Med. Inc. v. Jamison*, 2024 WL 5455857, at *2 (E.D. Va. Nov. 14, 2024) ("Exhibits containing private information that do not bear on any issues pending can properly remain under seal."); *Level 3 Commc'ns*, 611 F. Supp. 2d at 581 (discussing the privacy interests of third parties to litigation and noting that such interests can override the First Amendment presumption of openness). Plaintiffs do not, and cannot, contend

that the specific identity of these officers is relevant to the case; it is the act, not the actor, that is at issue.

This is also private information for several reasons. The identities of particular NPD officers in relation to how they use or have used the Flock System is not generally made known to the public. Thomas Decl. ¶ 6. The identities of particular NPD officers in relation to their involvement in criminal investigations are not generally made known to the public, subject to the right of an accused person to access that information. *Id.*, ¶ 7. Given that this case has received attention from national news media, releasing the names of individual officers in relation to their use of the Flock System can reasonably be expected to pose a risk to such officers' safety. *Id.*, ¶ 8. Releasing the names of individual officers in relation to their use of the Flock System can reasonably be expected to frustrate NPD's interest in using the Flock System as a criminal investigatory tool and jeopardize the integrity of open criminal investigations. *Id.* ¶ 9.

Given NPD's strong interest in maintaining the confidentiality of the individual officers who utilized the Flock System, the public's right of access is far outweighed by the potential harm to NPD and its officers should this information be released. This is especially true here because, while Plaintiffs rely on a particular use of the Flock System and the content of queries in support of their MSJ, the specific identities of the officers who used or queried the Flock System are immaterial to Plaintiffs' MSJ. *See Brainchild Surgical Devices, LLC*, 2024 WL 4179175, at *2; *see also Jones v. Lowe's Cos., Inc.*, 402 F. Supp. 3d 266, 292 (W.D.N.C. Aug. 30, 2019) ("[K]eeping those portions of the deposition under seal does not infringe upon the public's interest in assessing the basis of the court's decision in this matter."), *aff'd*, 845 F. App'x 205 (4th Cir. 2021); *Globus Med. Inc.*, 2024 WL 5455800, at *2 ("Exhibits containing private information that do not bear on any issues pending can properly remain under seal").

The public does not have a meaningful interest in the information that Defendants seek to keep sealed because the identities of specific officers are not relevant or necessary for resolving Plaintiffs' MSJ. Defendants therefore request the Court maintain the confidentiality of the 7 individual officers discussed in Assistant Chief Naughton's deposition at pages 228-238 and Captain Thomas's deposition at pages 269:22-291:6 by allowing redaction of each officer's name.

## III. DEFENDANTS SEEK TO SEAL CONFIDENTIAL CRIMINAL INVESTIGATIVE INFORMATION REGARDING OPEN INVESTIGATIONS

When the First Amendment provides a right of access, a district court may restrict access "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Virginia Dep't of State Police v. Washington Post*, 386 F.3d at 567 (internal citation omitted). A compelling governmental interest exists in protecting the integrity of an ongoing law enforcement investigation. *Id.* at 579. Whether this general interest is applicable in a given case will depend on the specific facts and circumstances presented in support of the effort to restrict public access. *Id.* at 579. "One consideration is…whether the granting of access to the contents of an ongoing police investigation file will disclose facts that are otherwise unknown to the public." *Id.*

Plaintiffs' Exhibits 7 contains testimony wherein Captain Thomas provided examples of the NPD using the Flock System to provide an investigatory lead in relation to a criminal incident. Thomas Decl. ¶ 10; Ex. 7 to Plaintiffs' MSJ pp. 194:16-200:4; 306:12-307:7. This testimony discuses criminal investigative information that has not generally been made known to the public. Thomas Decl. ¶ 11. Two of the examples given by Captain Thomas concern open homicide investigations where charges against the accused persons are still pending. *Id.* Releasing the information provided by Captain Thomas during his deposition regarding the

homicide investigations can reasonably be expected to frustrate the NPD's efforts to protect the integrity of ongoing law enforcement investigations. *Id.*, ¶12.

Here, the NPD has a compelling governmental interest in protecting the integrity of ongoing law enforcement investigations, in particular the open homicide investigations discussed by Captain Thomas in his deposition. The details provided by Captain Thomas with regard to the investigation of these homicide incidents have not been made known to the public. Thomas Decl. ¶ 11. Defendants seek redaction of this information, contained on just 9 pages out of over 300 comprising Captain Thomas's deposition transcript, which redaction is narrowly tailored to serve the NPD's interest in protecting the integrity of open and ongoing law enforcement investigations.

The NPD has a compelling government interest in protecting the integrity of ongoing law enforcement investigations into homicide incidents. As Captain Thomas disclosed criminal investigative information not otherwise known to the public, Defendants request that the Court maintain such information under seal by permitting redaction of Captain Thomas's deposition transcript at pages 194:16-200:4 and 306:12-307:7.

## CONCLUSION

Defendants respectfully request the Court enter the contemporaneously filed Proposed Order granting Plaintiffs' Motion to Seal as to portions of Plaintiffs' Exhibits 6 and 7 and ordering the parties to file reformed materials as set forth in the Proposed Order.

Dated: September 22, 2025

THE CITY OF NORFOLK and
MARK TALBOT

/s/

Karla J. Soloria (VSB 82674)
Assistant City Attorney
Adam D. Melita (VSB 41716)
Chief Deputy City Attorney
karla.soloria@norfolk.gov
adam.melita@norfolk.gov
City of Norfolk Department of Law
810 Union Street, Suite 900
Norfolk, VA 23510
Telephone: (757) 664-4529
Facsimile: (757) 664-4201

*Attorneys for Defendants the City of Norfolk and Mark Talbot*

E. Martin Estrada (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
(213) 683-9100
Martin.Estrada@mto.com

Jonathan I. Kravis (*pro hac vice*)
Lauren E. Ross (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Lauren.Ross@mto.com

Justin P. Raphael (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
(415) 512-4000
Justin.Raphael@mto.com

*Attorneys for Defendant the City of Norfolk*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of September, 2025, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a copy of the foregoing to the following:

Michael B. Soyfer, Esq. (NY Bar # 5488580; DC Bar # 230366)
Robert Frommer, Esq. (VA Bar #70086)
Joshua Windham, Esq. (NC Bar #51071)
Tahmineh Dehbozorgi, Esq. (DC Bar #90030252)
James T. Knight II (DC Bar #1671382)
Jessica Bigbie, Esq. (TX Bar #24134429)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203-1854
703-682-9320 phone
703-682-9321 fax
msoyfer@ij.org
rfrommer@ij.org
jwindham@ij.org
tdehbozorgi@ij.org
jknight@ij.org
jbigbie@ij.org

*Counsel for Plaintiffs*

/s/
Karla J. Soloria (VSB 82674)
Assistant City Attorney
karla.soloria@norfolk.gov
City of Norfolk Department of Law
810 Union Street, Suite 900
Norfolk, VA 23510
Telephone: (757) 664-4529
Facsimile: (757) 664-4201
*Counsel for Defendants*