UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| LEE SCHMIDT and CRYSTAL ARRINGTON,<br><br>              Plaintiffs,<br><br>v.<br><br>CITY OF NORFOLK and MARK TALBOT, in his official capacity as the Norfolk Chief of Police,<br><br>              Defendants. | Case No.: 2:24-cv-00621-MSD-LRL<br><br>Hon. Mark S. Davis |

**NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF MOTION TO FILE UNDER SEAL PLAINTIFFS' PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND EXHIBITS 34–35**

Pursuant to Local Civil Rule 5, Plaintiffs Lee Schmidt and Crystal Arrington request that the Court partially seal three documents: Plaintiffs' Opposition to Defendants' Motion for Summary Judgment and Exhibits 34–35 to that opposition brief. These documents contain the confidential information of Plaintiffs, Defendants, and Flock Safety. As required by Local Civil Rule 5(C)(1), this memorandum contains a "non-confidential description" of these materials. To the extent these documents contain the confidential information of Plaintiffs, this memorandum also meets the requirements of Local Civil Rule 5(C)(2)–(4). Defendants and Flock Safety must meet these requirements as to the remaining material.

**DESCRIPTION OF MATERIALS FILED UNDER SEAL**

Plaintiffs seek to file three documents under seal: Plaintiffs' Opposition to Defendants' Motion for Summary Judgment (the "Opposition Brief") and Exhibits 34–35 to the Opposition Brief. The Opposition Brief contains material that Plaintiffs, Defendants, and Flock Safety seek to maintain as confidential. Exhibit 34 (excerpts from the transcript of the deposition of Defendants'

expert Valentin Estevez) contains material that Plaintiffs and Defendants seek to maintain as confidential. And Exhibit 35 (excerpts from the transcript of the deposition of Defendants' expert Kevin Horan) contains material that Plaintiffs seek to maintain as confidential.[1] Because there are multiple reasons for the redactions in these documents, the table below identifies the source of the redaction by page number:

|  | Plaintiffs | Defendants | Flock |
|---|---|---|---|
| Opposition Brief | • 10<br>• 26–28 | • 5 (¶ 9)<br>• 26 (top of page) | • 5 (¶ 15) |
| Ex. 34 | • 156:10–11<br>• 157:15, 18, 21<br>• 160:3, 6, 9, 13–14<br>• 161:5, 7, 15 | • 49:7–22 |  |
| Ex. 35 | • 158:1–5, 8–10, 11–12, 15–17 |  |  |

The information Plaintiffs seek to redact in these documents concerns the locations of places and people (including a non-party) Plaintiffs frequently visit and reflects information about people's movements that can be gleaned from Flock data, information Plaintiffs contend is confidential.

Plaintiffs take no position on the propriety of Defendants' confidentiality designations.

As to the redaction on page five of the Opposition Brief that is attributable to Flock's confidentiality designations, Flock agreed that Plaintiffs could file their memorandum in support of their motion for summary judgment publicly, *see* Doc. 127, PageID# 2988–89, and this redaction concerns information that is disclosed in that memorandum. Flock has, however, maintained its confidentiality designation as to the testimony Plaintiffs cite for this assertion. *See id.*, PageID# 2989. In an abundance of caution, Plaintiffs are redacting this information.

---

[1] Although Plaintiffs' preference is to file full deposition transcripts, the parties were able to reach a compromise whereby Defendants agreed to de-designate testimony that Plaintiffs rely upon in exchange for Plaintiffs agreeing to file excerpts.

**ARGUMENT**

The Court has the "authority to seal court documents 'if the public's right of access is outweighed by competing interests.'" *DSS A.S. v. Pacem Defense LLC*, 2025 WL 908040, at *1 (E.D. Va. Jan. 28, 2025) (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000)). Sealing is appropriate if both the "procedural" and "substantive" requirements are met. *Level 3 Comm., LLC v. Limelight Networks, Inc.*, 611 F.Supp.2d 572, 575–76 (E.D. Va. 2009) (Davis, J.). Because Plaintiffs have complied with applicable procedural requirements and have "an overriding interest" in sealing that "is essential to preserve higher values," the Court should permanently seal the unredacted versions of the proposed sealed documents. *Id.* at 580 (quoting *Press-Enter. Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 510 (1984)).

**I.    Plaintiffs meet the procedural requirements.**

The Court may seal filings if the following three procedural requirements are met: (1) there is "public notice of the request to seal" providing "interested parties a reasonable opportunity to object"; (2) there is a lack of "less drastic alternatives to sealing"; and (3) the Court "provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302. All three requirements are met.

*First,* Plaintiffs are concurrently providing "public notice of the request to seal" and the required seven days for "interested parties . . . to object." *Id.*; *see also* L. Civ. R. 5(C).

*Second,* "where redactions have been applied . . . , there are no alternatives to sealing [the proposed sealed documents] that would adequately protect the . . . sensitive personal information contained therein, and the proposed redactions constitute only a small portion of the materials overall." *Espinosa v. Trans Union, LLC*, 2025 WL 291058 at *2 (E.D. Va. Jan. 10, 2025) (sealing unredacted summary-judgment materials containing plaintiff's account information). Courts have reached the same conclusion in similar cases, allowing the redaction of "home addresses and

3

telephone numbers of the individual parties," *Guerrero v. Deane*, 2012 WL 3834919, at *2 (E.D. Va. Sept. 4, 2012), "personal contact" information, *Globus Medical Inc. v. Jamison*, 2024 WL 5455857, at *2–3 (E.D. Va. Nov. 14, 2024), and "sensitive medical information," *Ghaisar v. United States*, 2020 WL 6948183, at *2 (E.D. Va. Oct. 27, 2020), among others—all on summary judgment briefing. The sealing Plaintiffs seek here is no more "drastic" than the sealing this Court routinely allows at summary judgment. Plaintiffs do not seek to seal any documents in their entirety, only a small portion of the materials. As explained below in Section II(B), the information that Plaintiffs seek to redact and protect is sensitive and confidential. Short of sealing the redacted portions, there are no alternative measures that would protect privacy interests.

***Third,*** as described below in Section II(B), the material Plaintiffs request the Court to seal is sensitive information where the "potential harm from disclosure . . . outweighs the public's right to access judicial proceedings," *Globus*, 2024 WL 5455857, at *3, allowing the Court to "provide specific reasons and factual findings supporting its decision." *Ashcraft*, 218 F.3d at 302. Based on this memorandum and a "review[ of Plaintiffs'] proposed redactions," *Globus*, 2024 WL 5455857 at *3, the Court will be able to "fully explain[] its reasons for excision," *In re Knight Pub. Co.*, 743 F.2d 231, 236 (4th Cir. 1984).

**II.     Plaintiffs have an overriding interest that outweighs the public interest.**

The Court has the power to restrict public access to the extent that it would harm genuine privacy interests of the litigants. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978). "[T]he decision as to access is one best left to the sound discretion of the trial court . . . in light of the relevant facts and circumstances of the particular case." *Id.* at 599. The First Amendment sets the standard here, where Plaintiffs seek sealing of "documents filed in connection with a summary judgment motion in a civil case." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The First Amendment creates a "presumption of openness," but that presumption may

be "outweigh[ed]" and "overcome . . . by an overriding interest" in sealing to "preserve higher values," so long as the sealing "is narrowly tailored to serve that interest." *Press-Enter. Co.*, 464 U.S. at 509–510. One of "the most clearly articulated examples of such an overriding non-governmental interest . . . [is] the individual constitutional right to privacy." *Level 3 Comm.*, 611 F. Supp. 2d at 580 (citation omitted).

Plaintiffs brought this Fourth Amendment lawsuit to protect their Fourth Amendment rights and wish to protect a very limited subset of sensitive, confidential information from public disclosure. And "[t]he Fourth Circuit [has] recognized the importance of protecting non-public information." *Globus*, 2024 WL 5455857 at *2 (citing *Pittson Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004)). None of the information that Plaintiffs ask the Court to redact and seal is public information and the disclosure of any of it would greatly harm the privacy rights of Plaintiffs and non-parties. Plaintiffs' movements, the locations they frequently visit, and the names and address of nonparties are private in themselves. If left unredacted, the proposed sealed documents would expose this information to many people. In other words, Plaintiffs should not have to "surrender their own privacy interests to vindicate their constitutional rights." Doc. 104, PageID# 1528. To that end, Plaintiffs' redactions are narrowly tailored to keep confidential to prevent the general public from learning the very information that they filed this case to keep private, while ensuring public access to most of the information in the exhibits.

As explained above in Section II(A), courts in this district have repeatedly granted similar motions, including at summary judgment when the First Amendment's heightened standard applies. *See, e.g.*, *Espinosa*, 2025 WL 291058, at *2 (account information); *Globus*, 2024 WL 5455857, at *2–*3 (personal contact information); *Ghaisar*, 2020 WL 6948183, at *2 (medical information); *Guerrero*, 2012 WL 3834919, at *2 (home addresses and telephone numbers). The

5

same privacy interests that prevailed in those cases should prevail here. Like the redactions in those cases, Plaintiffs' proposed redactions are narrowly tailored to their privacy interests and satisfy the First Amendment standard. The proposed sealed documents contain sensitive information, the public disclosure of which would undermine the privacy interests that Plaintiffs brought this case to protect. Permanent sealing—with redacted versions accessible to the public—is the only way to prevent these harms.

## CONCLUSION

For these reasons, the Court should grant Plaintiffs' motion to file under seal.

DATED: September 29, 2025

                                          Respectfully submitted,

                                          */s/ Robert Frommer*

| | |
|---|---|
| Jessica Bigbie<br>  (TX Bar No. 24134429)*<br>Institute for Justice<br>816 Congress Ave, Suite 970<br>Austin, TX 78701<br>Tel: (512) 480-5936<br>Fax: (512) 480-5937<br>jbigbie@ij.org | Robert Frommer<br>  (VA Bar No. 70086)<br>Joshua Windham<br>  (NC Bar No. 51071)*<br>Michael B. Soyfer<br>  (NY Bar No. 5488580; DC Bar No. 230366)*<br>Tahmineh Dehbozorgi<br>  (DC Bar No. 90030252)*<br>James T. Knight II<br>  (DC Bar No. 1671382)*<br><br>Institute for Justice<br>901 N. Glebe Rd., Suite 900<br>Arlington, VA 22203<br>Tel: (703) 682-9320<br>Fax: (703) 682-9321<br>rfrommer@ij.org<br>jwindham@ij.org<br>msoyfer@ij.org<br>tdehbozorgi@ij.org<br>jknight@ij.org<br><br>*Attorneys for Plaintiffs*<br><br>*pro hac vice |