**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | |
|---|---|
| **LEE SCHMIDT and CRYSTAL ARRINGTON,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CITY OF NORFOLK and MARK TALBOT, in his official capacity as the Norfolk Chief of Police,**<br><br>**Defendants.** | **Civil Action No. 2:24-cv-621** |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO SEAL**

Pursuant to Local Rule 5, Defendants the City of Norfolk and Mark Talbot, in his official capacity as the Norfolk Chief of Police, move to seal the unredacted versions of Exhibits 9, 12, 13, 14, 15, and 19 of the Declaration of Lauren E. Ross in Support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment ("Sealed Exhibits") and Defendants' Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment ("Opposition"), and to allow the redacted versions of the Sealed Exhibits and the Opposition to remain on the public docket.

The Motion to Seal seeks to seal portions of the Sealed Exhibits and Summary Judgment Memorandum as containing information that has been designated by the Producing Party, either Plaintiffs Lee Schmidt and Crystal Arrington or third party Flock Group, Inc., doing business as Flock Safety ("Flock"), as "Confidential – Subject to Protective Order" or "Attorneys' Eyes Only – Subject to Protective Order" ("AEO") under the Protective Order in this case, ECF No. 59. The Protective Order provides that, when filing "pleadings or other papers that contain Protected Material," "a Receiving Party must seek the Court's permission to make such filing under seal, consistent with Local Rule 5." ECF No. 59 ¶ 17. Defendants are the Receiving Party for all material they seek to file under seal.

Specifically, the following categories of materials should remain under seal:

1. **Documents Designated as Confidential or AEO by Plaintiffs.** Plaintiffs designed portions of their deposition transcripts, which are **Exhibits 14** (Lee Schmidt) and **15** (Crystal Arrington), and of the deposition transcripts of their expert witnesses, which are **Exhibits 13** (Dr. Andrew Wheeler) and **19** (Dr. Chad Higdon-Topaz), as Protected Material under the Protective Order.[1]

2. **Expert Reports.** The expert report of Valentin Estevez, Ph.D., relies in part on information that is designated as Confidential or AEO. Plaintiffs and Flock have proposed redactions to these reports, which Defendants have applied. This is **Exhibit 9**. Similarly, the expert report of Kevin Horan relies on information designated as Confidential or AEO and contains redactions proposed by Plaintiffs. This is **Exhibit 12**.

3. **Portions of Defendants' Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment** that rely on the redacted exhibits should be sealed.

Defendants have filed redacted versions of these materials on the public docket and submitted unredacted versions pursuant to the Eastern District of Virginia's Standing Order In Re Procedures for the Filing of Sealed Documents. The redactions to the Sealed Exhibits and Opposition are limited to passages designated Confidential or AEO by its Producing Party, no document is being sealed in full, and the redactions constitute a small portion of the overall material.

## I. The Procedural Requirements for Sealing are Met

*Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), sets out three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *Id.* at 288; *see also, e.g.*, *Flexible Benefits Council v. Feltman*, 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft*, 218 F.3d at 288); E.D. Va. Civ. R. 5(C).

[1] All exhibits are to the Declaration of Lauren E. Ross in Support of Defendants' Opposition to Plaintiffs' Motion for Summary Judgment.

Defendants filed contemporaneously with their Motion to Seal a Notice of Motion to Seal. That filing satisfies the requirement of public notice with an opportunity to object. *Ashcraft*, 218 F.3d at 288.

There are no less drastic alternatives to the limited sealing Defendants request. *See Ashcraft*, 218 F.3d at 288. The Protective Order governing this case requires Defendants to file any Confidential- or AEO-designated material received by Defendants under seal. *See* ECF No. 59 ¶ 17. Defendants do not seek sealing of any documents in their entirety; the "proposed redactions constitute only a small portion of the materials overall." *Amperex Tech. Ltd. v. Semiconductor Energy Lab'y Co. Ltd.*, 2025 WL 1679522, at *1 (E.D. Va. Mar. 11, 2025).

Finally, to satisfy the third *Ashcraft* consideration, Defendants filed proposed findings of fact and conclusions of law contemporaneously with their Motion to Seal.

## II. Defendants Take No Position on Whether the First Amendment Concerns Outweigh the Public's Interest in Openness

The right to public access of documents filed in a court proceeding "derives from two independent sources: the common law and the First Amendment." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). The First Amendment standard applies when documents are filed under seal in support of a motion for summary judgment. *Level 3 Communications, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 579 (E.D. Va. 2009). The First Amendment standard begins with a "presumption of openness," which can only be overcome "by an overriding interest based on findings that closure is essential to preserve higher values." *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984); *see also Level 3 Comms.*, 611 F. Supp. 2d at 579–84 (conducting the First Amendment balancing test).

Defendants take no position on whether the Sealed Exhibits and redacted portions of the Opposition meet the First Amendment standard for sealing. Here, the parties negotiated and

entered a Modified Consent Protective Order that requires a party who receives Protected Material from another party and wishes to file it with the Court to "seek the Court's permission to make such filing under seal, consistent with Local Rule 5." ECF No. 59 ¶ 17. This filing adheres to that directive. Every passage Defendants seek to file under seal is either material designated under the Protective Order by Plaintiffs or third party Flock, or is expert analysis and opinion derived directly from such designated material.

THE CITY OF NORFOLK and
MARK TALBOT

/s/

Karla J. Soloria (VSB 82674)
Assistant City Attorney
Adam D. Melita (VSB 41716)
Chief Deputy City Attorney
karla.soloria@norfolk.gov
adam.melita@norfolk.gov
City of Norfolk Department of Law
810 Union Street, Suite 900
Norfolk, VA 23510
Telephone: (757) 664-4529
Facsimile: (757) 664-4201

*Attorneys for Defendants the City of Norfolk and Mark Talbot*

E. Martin Estrada (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
(213) 683-9100
Martin.Estrada@mto.com

Jonathan I. Kravis (*pro hac vice*)
Lauren E. Ross (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100
Jonathan.Kravis@mto.com
Lauren.Ross@mto.com

Justin P. Raphael (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, 27th Floor
San Francisco, California 94105
(415) 512-4000
Justin.Raphael@mto.com

*Attorneys for Defendant the City of Norfolk*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of September, 2025, I will electronically file the foregoing Memorandum in Support of Defendants' Motion to Seal with the Clerk of Court using the CM/ECF system, which will send a copy of the foregoing to the following:

Michael B. Soyfer, Esq. (NY Bar # 5488580; DC Bar # 230366)
Robert Frommer, Esq. (VA Bar #70086)
Joshua Windham, Esq. (NC Bar #51071)
Tahmineh Dehbozorgi, Esq. (DC Bar #90030252)
Jessica Bigbie, Esq. (TX Bar #24134429)
James T. Knight, II (DC Bar #1671382)
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Suite 900
Arlington, VA 22203-1854
703-682-9320 phone
703-682-9321 fax
rfrommer@ij.org
jwindham@ij.org
msoyfer@ij.org
tdehbozorgi@ij.org
jbigbie@ij.org
jknight@ij.org

*Counsel for Plaintiffs*

/s/ ______________________________

Karla J. Soloria (VSB 82674)
Assistant City Attorney
karla.soloria@norfolk.gov
City of Norfolk Department of Law
810 Union Street, Suite 900
Norfolk, VA 23510
Telephone: (757) 664-4529
Facsimile: (757) 664-4201

*Attorney for Defendants the City of Norfolk and Mark Talbot*