**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

LEE SCHMIDT and CRYSTAL ARRINGTON,

Plaintiffs,

v.

CITY OF NORFOLK and MARK TALBOT, in his official capacity as the Norfolk Chief of Police,

Defendants.

Case No.: 2:24-cv-00621-MSD-LRL

Hon. Mark S. Davis

**NON-CONFIDENTIAL MEMORANDUM SUPPORTING DEFENDANTS' SEPTEMBER 29, 2025 MOTION TO SEAL EXCEPT AS TO FLOCK DESIGNATIONS**

On September 29, 2025, Defendants moved to file under seal unredacted versions of their Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment ("Defendants' MSJ Opposition") and 6 exhibits to the Declaration of Lauren E. Ross, Doc. 146, in support of the same. Doc. 147. Pursuant to Local Civil Rule 5(C), Plaintiffs file this non-confidential memorandum supporting Defendants' motion to seal except as to the redactions designated by third-party Flock Safety: pages 7-8 and Tables 2, 3, and 11 of Exhibit 9 to the Ross Declaration and lines 141:20–142:11 of Exhibit 13 to the same ("Flock's Designations").[1] The remainder of Defendants' redactions ("Plaintiffs' Designations") were designated confidential by Plaintiffs under the Protective Order governing this case and, as explained below, meet the standard for sealing. This memorandum meets the requirements under Rule 5(C) for materials designated by the non-moving

[1] In the redacted versions filed on the public docket, the Flock Designations can be found at Doc. 146-4, PageID# 3597–3598, 3667–3675, 3688 and Doc. 146-6, PageID# 3726.

party, and the Court should order the unredacted versions of these materials permanently sealed to protect the privacy rights of Plaintiffs and non-parties.

**DESCRIPTION OF MATERIALS FILED UNDER SEAL**

Defendants moved to seal the unredacted versions of the following exhibits to the Ross Declaration, in addition to the unredacted version of Defendants' MSJ Opposition:

1. **Exhibit 9** (Expert Report of Valentin Estevez, Ph.D., and accompanying appendices);
2. **Exhibit 12** (Expert Report of Kevin Horan);
3. **Exhibit 13** (Excerpts from Deposition of Andrew Wheeler, Ph.D.);
4. **Exhibit 14** (Excerpts from Deposition of Plaintiff Lee Schmidt);
5. **Exhibit 15** (Excerpts from Deposition of Plaintiff Crystal Arrington);
6. **Exhibit 19** (Excerpts from Deposition of Chad Higdon-Topaz, Ph.D.);

Plaintiffs have reviewed the redactions in these documents, and each document contains Plaintiffs' Designations that fall into one or more of the following categories:

a. Plaintiffs' license plate numbers;
b. Plaintiffs' addresses;
c. Information on Plaintiffs' specific movements around the Hampton Roads area;
d. The addresses of locations Plaintiffs frequently visit; or
e. The names and addresses of nonparties, including Mr. Schmidt's minor daughter.

Exhibits 9 and 13 also contain Flock's Designations: pages 7-8 and Tables 2, 3, and 11 of Exhibit 9 and lines 141:20–142:11 of Exhibit 13. Flock "must file a response" to support the sealing of these documents. L. Civ. R. 5(C).

**ARGUMENT**

The Court has the "authority to seal court documents 'if the public's right of access is outweighed by competing interests.'" *DSS A.S. v. Pacem Defense LLC*, 2025 WL 908040, at *1 (E.D. Va. Jan. 28, 2025) (quoting *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000)). Sealing is appropriate if both the "procedural" and "substantive" requirements are met. *Level 3 Comm., LLC v. Limelight Networks, Inc.*, 611 F.Supp.2d 572, 575–76 (E.D. Va. 2009) (Davis, J.). Because the parties have complied with applicable procedural requirements and Plaintiffs have "an

overriding interest" in sealing that "is essential to preserve higher values," the Court should permanently seal the unredacted versions of Defendants' materials as to Plaintiffs' Designations. *Id.* at 580 (quoting *Press-Enter. Co. v. Super. Ct. of Cal.*, 464 U.S. 501, 510 (1984)). Unless Flock meets the same requirements, the Court should not seal Flock's Designations and should order Defendants to file versions redacting only Plaintiffs' Designations on the public docket.

## I. The parties have met the procedural requirements.

Defendants are correct that the procedural requirements for sealing have been met. Doc. 156, PageID# 4218–4219. The Court may seal filings if the following three procedural requirements are met: (1) there is "public notice of the request to seal" providing "interested parties a reasonable opportunity to object"; (2) there are no "less drastic alternatives to sealing"; and (3) the Court "provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft*, 218 F.3d at 302. All three requirements are met.

***First,*** Defendants provided "public notice of the request to seal," *see* Doc. 148, and the required seven days for "interested parties . . . to object." *Id.*; *see also* L. Civ. R. 5(C).

***Second,*** "where redactions have been applied . . . , there are no alternatives to sealing [Plaintiffs' Designations] that would adequately protect the . . . sensitive personal information contained therein, and the proposed redactions constitute only a small portion of the materials overall." *Espinosa v. Trans Union, LLC*, 2025 WL 291058 at *2 (E.D. Va. Jan. 10, 2025) (sealing unredacted summary-judgment materials containing plaintiff's account information). Courts have reached the same conclusion in similar cases, allowing the redaction of "home addresses and telephone numbers of the individual parties," *Guerrero v. Deane*, 2012 WL 3834919, at *2 (E.D. Va. Sept. 4, 2012), "personal contact" information, *Globus Medical Inc. v. Jamison*, 2024 WL 5455857, at *2–3 (E.D. Va. Nov. 14, 2024), and "sensitive medical information," *Ghaisar v. United*

*States*, 2020 WL 6948183, at *2 (E.D. Va. Oct. 27, 2020), among others—all on summary judgment briefing. In addition, Federal Rule of Civil Procedure 5.2(a)(3) requires the redaction of the names of minors, like Mr. Schmidt's younger daughter. The sealing Plaintiffs seek here is no more "drastic" than the sealing this Court routinely allows at summary judgment. Plaintiffs do not seek to seal any documents in their entirety, only a small portion of the materials in a few discrete categories. As explained below in Section II-B, the information that Plaintiffs seek to redact and protect is highly sensitive and confidential. Short of sealing the redacted portions, there are no alternative measures that would protect Plaintiffs' privacy interests.

***Third,*** as described below in Section II-B, the material Plaintiffs request the Court to seal is highly sensitive personal information where the "potential harm from disclosure . . . outweighs the public's right to access judicial proceedings," *Globus*, 2024 WL 5455857, at *3, allowing the Court to "provide specific reasons and factual findings supporting its decision." *Ashcraft*, 218 F.3d at 302. Based on this memorandum, Defendants' memorandum, and a "review[ of the parties'] proposed redactions," *Globus*, 2024 WL 5455857 at *3, the Court will be able to "fully explain[] its reasons for excision," *In re Knight Pub. Co.*, 743 F.2d 231, 236 (4th Cir. 1984).

**II. Plaintiffs have an overriding interest that outweighs the public interest.**

The Court has the power to restrict public access to the extent that it would harm genuine privacy interests of the litigants. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978). "[T]he decision as to access is one best left to the sound discretion of the trial court . . . in light of the relevant facts and circumstances of the particular case." *Id.* at 599. The First Amendment sets the standard here, where Plaintiffs seek sealing of "documents filed in connection with a summary judgment motion in a civil case." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The First Amendment creates a "presumption of openness," but that presumption may be "outweigh[ed]" and "overcome . . . by an overriding interest" in sealing to "preserve higher

values," so long as the sealing "is narrowly tailored to serve that interest." *Press-Enter. Co.*, 464 U.S. at 509–510. One of "the most clearly articulated examples of such an overriding non-governmental interest . . . [is] the individual constitutional right to privacy." *Level 3 Comm.*, 611 F. Supp. 2d at 580 (citation omitted).

Plaintiffs brought this Fourth Amendment lawsuit to protect their Fourth Amendment rights, and they wish to protect a very limited subset of sensitive, confidential information from public disclosure. "The Fourth Circuit [has] recognized the importance of protecting non-public information." *Globus*, 2024 WL 5455857 at *2 (citing *Pittson Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004)). None of the information that Plaintiffs ask the Court to redact and seal is public information, and the disclosure of any of it would greatly harm the privacy rights of Plaintiffs and non-parties.

Plaintiffs' license plates, their addresses, their movements, the locations they frequently visit, and the names and address of nonparties are private in themselves. But the context here drastically heightens the potential harms to Plaintiffs. **Exhibits 9** and **12** (Defendants' Expert Reports) provide in-depth analysis of the deductions that can be made about Plaintiffs' lives through Flock Camera data. **Exhibits 13** and **19** (excerpts from the depositions of Plaintiffs' expert witnesses) go into even greater detail, with Plaintiffs' experts meticulously explaining the intrusive conclusions that can be drawn about Plaintiffs' movements. Plaintiffs retained their experts and proffered them for deposition to aid the Court in evaluating Defendants' serious breach of Plaintiffs' Fourth Amendment rights, not to bring the information they contend Defendants improperly learned to the attention of the public. The remaining exhibits contain Plaintiffs' responses to written discovery requests and excerpts from Plaintiffs' depositions. This testimony contains large amounts of private and confidential information, including the name of Plaintiff

Schmidt's minor daughter, medical information, associational information protected by the First Amendment, detailed accounts of Plaintiffs' movements and habits, and other information that the Court previously excluded from discovery. *See* Doc. 104 (denying Defendants' Motion to Compel). And the redactions in Defendants' MSJ Opposition cite and refer to the confidential information in these exhibits.

If left unredacted, Plaintiffs' Designations would expose Plaintiffs' addresses, movements, associations, and private lives to large numbers of strangers. Plaintiffs should not have to "surrender their own privacy interests to vindicate their constitutional rights." Doc. 104, PageID# 1528. To that end, Plaintiffs' Designations are narrowly tailored to prevent the general public from learning the very information that they filed this case to keep private, while ensuring public access to most of the information in the exhibits. The redactions concern the specific details of Plaintiffs' private lives, not the capabilities of the Flock system on which this case turns.

As explained above in Section II-A, courts in this district have repeatedly granted similar motions, including at summary judgment when the First Amendment's heightened standard applies. *See, e.g.*, *Espinosa*, 2025 WL 291058, at *2 (account information); *Globus*, 2024 WL 5455857, at *2–*3 (personal contact information); *Ghaisar*, 2020 WL 6948183, at *2 (medical information); *Guerrero*, 2012 WL 3834919, at *2 (home addresses and telephone numbers). The same privacy interests that prevailed in those cases should prevail here. Like the redactions in those cases, Plaintiffs' proposed redactions are narrowly tailored to their privacy interests and satisfy the First Amendment standard. Plaintiffs' Designations contain highly sensitive information about Plaintiffs, the public disclosure of which could undermine the privacy interests that Plaintiffs brought this case and retained those experts to protect. Permanent sealing—with redacted versions accessible to the public—is the only way to prevent these harms.

## CONCLUSION

For these reasons, the Court should grant Defendants' motion to seal in part as to any redactions required by Plaintiffs' confidentiality designations.

DATED: October 6, 2025

Respectfully submitted,

*/s/ Robert Frommer*

Robert Frommer
(VA Bar No. 70086)
Joshua Windham
(NC Bar No. 51071)*
Michael B. Soyfer
(NY Bar No. 5488580; DC Bar No. 230366)*
Tahmineh Dehbozorgi
(DC Bar No. 90030252)*
James T. Knight II
(DC Bar No. 1671382)*

Institute for Justice
901 N. Glebe Rd., Suite 900
Arlington, VA 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
rfrommer@ij.org
jwindham@ij.org
msoyfer@ij.org
tdehbozorgi@ij.org
jknight@ij.org

Jessica Bigbie
(TX Bar No. 24134429)*
Institute for Justice
816 Congress Ave, Suite 970
Austin, TX 78701
Tel: (512) 480-5936
Fax: (512) 480-5937
jbigbie@ij.org

*Attorneys for Plaintiffs*

*pro hac vice