**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

LEE SCHMIDT and CRYSTAL ARRINGTON,

Plaintiffs,

v.

CITY OF NORFOLK and MARK TALBOT, in his Official Capacity as Norfolk Chief of Police,

Defendants.

Case No.: 2:24-cv-00621-MSD-LRL

**THIRD-PARTY FLOCK SAFETY'S RESPONSE**
**PARTIALLY IN SUPPORT OF DEFENDANTS' MOTION TO SEAL**

Third-party Flock Group, Inc. doing business as Flock Safety ("Flock") files this response, pursuant to Rule 5(C) of the Local Civil Rules of Practice for this Court,[1] in partial support of Defendants' Motion to Seal. *See* ECF Nos. 147 (Motion), 148 (Notice), 156 (Memorandum). This Response pertains only to portions of Defendants' Exhibits 9, the Expert Report of Valentin Estevez, Ph.D ("Estevez Report"), ECF No. 146-4, and footnote 2 of Defendants' Memorandum in Opposition to Plaintiffs' Motion for Summary Judgment ("Opposition"), ECF No. 145 at 4 n.2.

As it did in connection with Defendants' Motion for Summary Judgment, Flock seeks to seal via redaction Tables 2 and 3 to Appendix C, and items in Table 11 of the Estevez Report. *See* ECF No. 146-4 at 81–84 (Table 2); 85–89 (Table 3); 102 (Table 11). Flock further seeks to

[1] Local Civil Rule 5 specifically permits nonparties to file responses to motions to seal. The notice required under the Rule must "inform . . . non-parties that they may submit memoranda in support of or in opposition to the motion within seven (7) days after the filing of the motion to seal." E.D. Va. Local Civ. R. 5.

seal the redacted portions of footnote 2 to Defendants' Opposition, which discusses proprietary details of Convoy Analysis and Real-Time Routing, two Flock offerings discussed by Plaintiffs but not used by Defendants and thus irrelevant to this case.

## LEGAL STANDARD

Local Rule 5(C) and *Ashcraft v. Conoco, Inc.*, 218 F.3d 282 (4th Cir. 2000), set out three requirements for sealing court filings: (1) public notice with an opportunity to object; (2) consideration of less drastic alternatives; and (3) a statement of specific findings in support of a decision to seal and rejecting alternatives to sealing. *Id.* at 288; *see also, e.g.*, *Flexible Benefits Council v. Feltman*, 2008 WL 4924711, at *1 (E.D. Va. Nov. 13, 2008) (citing *Ashcraft*, 218 F.3d at 288); E.D. Va. Civ. R. 5(C)(2)–(4) (requiring a statement of why sealing is necessary, why other procedures will not suffice, and evidentiary support as well as application of the relevant case law to the material requested to be filed under seal).

First, Defendants' Motion to Seal and this response are being publicly filed, satisfying the requirement of public notice with an opportunity to object. *Ashcraft*, 218 F.3d at 288.

Second, there are no less drastic alternatives to the limited sealing that Flock seeks. *See Ashcraft*, 218 F.3d at 288. Flock has proposed public redacted versions of Exhibit 9 and footnote 2 of the Opposition. ECF Nos. 146-4 (Estevez Report); 145 (Opposition). The "proposed redactions constitute only a small portion of the materials overall." *Amperex Tech. Ltd. v. Semiconductor Energy Lab'y Co. Ltd.*, 2025 WL 1679522, at *1 (E.D. Va. Mar. 11, 2025).

Third, Flock applies the relevant law governing sealing to its requested redactions, and has supported its requests with a declaration of Michael Goldsticker ("Goldsticker Decl."), ECF No. 129.[2] While the summary judgment stage typically requires evaluating whether to seal

[2] The materials Flock seeks to seal are the same as, or overlap with, the materials Flock sought to seal in response to the Parties' Motions for Summary Judgment. *See* ECF Nos. 127 (Flock

filings using a First Amendment standard, *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 579 (E.D. Va. 2009), the material that Flock seeks to have sealed here is not necessary to ruling on the parties' summary judgement motions. "The right of access in any given case may vary depending on the nature of the case and the specific item under review." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 576 (4th Cir. 2004). Where business information is "immaterial" to a court's decision-making, courts find that "the public's right of access is outweighed by the potential harm" to the party seeking confidentiality. *Brainchild Surgical Devices, LLC v. CPA Global Ltd.*, 2024 WL 4179175, at *2 (E.D. Va. May 24, 2024).

## ARGUMENT

Flock requests targeted sealing of the redacted information in Tables 2, 3, and 11 to the Estevez Report (Exhibit 9 to Defendants' Opposition) because those tables contain confidential information relating to Flock customers who are not parties to this litigation and have not consented to their LPR information being released publicly. The intersections and total number of cameras for all non-NPD customers are sensitive third-party information that Flock requests this Court maintain under seal.[3] Flock further requests targeted sealing of footnote 2 to Defendants' Opposition, which discusses proprietary technical information relating to the Convoy Analysis and Real-Time Routing technologies that are not used by NPD and therefore irrelevant to this case.

---

Response to Plaintiffs' Motion to Seal); 128 (Flock Response to Defendants' Motion to Seal). The Goldsticker Declaration submitted in support of its prior responses to the Parties' Motions to Seal therefore applies equally here. ECF No. 129.

[3] Flock does not object to *aggregate* information derived from this data being filed publicly—for example, to say the total number of non-NPD LPRs within Norfolk, or the total number of LPRs in the Hampton Roads area to which NPD has access. Flock's objection is to disclosure of customer-specific information—for example, the total number of cameras operated by a specific non-NPD customer, or the total coverage of a specific non-NPD customer.

First, the public interest in this information is minimal. The public does not need access to this information to understand the bases and arguments in Defendants' Opposition nor to understand the Court's resolution of the parties' cross-motions for summary judgment. There are no redactions applied to the Opposition derived from Flock's redactions in the Estevez Report. While footnote 2 is in the Opposition, its purpose is to clarify an incorrect description of a technology that Defendants do not use based on confidential information drawn from Flock's 30(b)(6) deposition. Because Convoy Analysis and Real-Time Routing are not used by Defendants, they have no direct relevance to the Court's decision-making, which favors maintaining the information under seal. *Brainchild*, 2024 WL 4179175, at *2.

Second, Flock is a third party and the information relates to customers who are not parties to this litigation and Flock's offerings that are not relevant to this litigation.

Flock has a strong interest—on behalf of its non-party customers—in maintaining the confidentiality over the information in the Estevez Report. Goldsticker Decl. ¶¶ 9–10, ECF No. 129. The information pertains to non-parties who are not at issue in this case. *Cf. Robinson v. Bowser*, 2013 WL 3791770, at *4 (M.D.N.C. July 19, 2013) (permitting sealing of third-party information); *Nettles v. Farmers Ins. Exch.*, 2007 WL 858060, at *1 (W.D. Wash. Mar. 16, 2007) (granting motion to seal in part because information at issue related to nonparties "who have not sought to place [their] private information in the public sphere"). Disclosure risks harm to Flock by revealing its customers' data without their consent. Goldsticker Decl. ¶ 10, ECF No. 129. As is true in the context of injunctive relief, courts recognize the public (and private) interest in "protect[ing] companies' confidential information, enforc[ing] and uphold[ing] valid contracts, and protect[ing] the legitimate expectations of contracting parties." *Globus Med., Inc. v. Jamison*, 2023 WL 5826908, at *19 (E.D. Va. Aug. 15, 2023) (citing *Home Funding Grp.,*

*LLC v. Myers*, 2006 WL 6847953 (E.D. Va. Dec. 14, 2006)). Given Flock's confidentiality commitments to its other customers—none of which are a party to this case—it would harm Flock's relationship with these customers if it publicly revealed information about specific cameras locations without their consent. Goldsticker Decl. ¶ 10, ECF No. 129. Flock therefore proposes limited redactions to customer-specific data not relied upon in Defendants' MSJ.

As to the material in Defendants' Opposition footnote 2, Flock also has a strong interest in maintaining confidentiality of technical information that is not generally known, such as the information in this footnote. *See* Goldsticker Decl. ¶ 5, ECF No. 129. The Fourth Circuit recognizes that third parties to litigation have an interest in protecting non-public information. *See Pittston Co. v. United States*, 368 F.3d 385, 406 (4th Cir. 2004) (affirming decision to seal certain "confidential, proprietary, commercial, or financial data" that was produced under a protective order); *Globus Med.*, 2023 WL 5826908, at *2; *Mr. Dee's Inc. v. Inmar, Inc.*, 2021 WL 826679, at *4 (M.D.N.C. Mar. 4, 2021). These proposed redactions are narrowly tailored, involve information not directly relevant to the Court's decision, and appropriately balance the public's interest in this litigation with information involving third-party customers of Flock who are not relevant to this case.

## **CONCLUSION**

Flock respectfully requests that the Court enter the contemporaneously filed Proposed Order granting Defendants' Motion to Seal as to the redacted portions of Tables 2, 3, and 11 to the Estevez Report (Defendants' Exhibit 9) and footnote 2 of Defendants' Opposition.

Dated: October 6, 2025

Respectfully submitted,

*/s/ Stephen E. Noona*

Stephen E. Noona (VSB No. 25367)
Brandan M. Goodwin (VSB No. 94766)
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
senoona@kaufcan.com
bmgoodwin@kaufcan.com

E. Martin Estrada (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, Fiftieth Floor
Los Angeles, CA 90071
Telephone: (213) 683-9100
Martin.Estrada@mto.com

Jonathan I. Kravis (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW, Suite 500E
Washington, DC 20001
Telephone: (202) 220-1100
Jonathan.Kravis@mto.com

*Attorneys for Third Party Flock Group, Inc., d/b/a Flock Safety*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 6, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send notification of electronic filing to all counsel of record.

*/s/ Stephen E. Noona*

Stephen E. Noona (VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
senoona@kaufcan.com