UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| LEE SCHMIDT and CRYSTAL ARRINGTON, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| CITY OF NORFOLK, the NORFOLK POLICE DEPARTMENT, and MARK TALBOT, in his official capacity as the Norfolk Chief of Police, | ) ) ) ) ) |
| Defendants. | ) ) ) |

Case No. 2:24cv621

## OMNIBUS ORDER

Before the Court are six motions to seal filed by Plaintiffs Lee Schmidt and Crystal Arrington (collectively, "Plaintiffs") (ECF Nos. 109, 141, 159) and Defendants the City of Norfolk and Norfolk Chief of Police Mark Talbot (collectively, "Defendants") (ECF Nos. 115, 147, 167). Plaintiffs and Defendants each filed a motion for summary judgment and briefs in support. ECF Nos. 107, 108, 112, 113. Plaintiffs and Defendants then filed briefs in opposition to each other's motion for summary judgment. ECF Nos. 140, 145. Finally, Plaintiffs and Defendants filed reply briefs in response to each other's opposition. ECF Nos. 158, 166.

Attendant to each round of briefing, Plaintiffs and Defendants filed the instant motions to seal, each pertaining to its own confidential information, the opposing party's confidential information, and interested party Flock Group, Inc. doing business as Flock Safety's ("Flock") confidential information. The motions to seal seek redaction of confidential information in the

motion for summary judgment briefing[1] and in certain exhibits provided in support of the motions for summary judgment and oppositions. The confidential information sought to be sealed includes expert reports, deposition transcripts, and other documents. Briefing on the motions to seal includes responses from the opposing side whose information is at issue, along with responses from Flock wherever its information is at issue. Some of the exhibits at issue are offered in support of more than one brief. For example, Plaintiffs seek to rely on specific deposition excerpts to support their opening brief in support of summary judgment and use the same or different excerpts from those depositions in their opposition to Defendants' motion for summary judgment and/or in their reply brief.

Generally, the parties base their requests for sealing to protect from disclosure five types of information. For Plaintiffs, each of their requested redactions pertains to their own personal, identifying information disclosed in deposition testimony and expert witness reports, such as license plate numbers, Plaintiffs' movements in and around Hampton Roads, and the names and addresses of non-parties. *See* ECF No. 111 at 2. For Defendants, their proposed redactions pertain to two types of information: (1) the identities of certain police officers disclosed in depositions who utilized the Flock camera data in investigating crimes; and (2) information discussed in depositions about certain open criminal investigations. For Flock, its proposed redactions include: (1) an exhibit ("Exhibit 19") detailing the locations of every Flock camera in the Hampton Roads area; and (2) Flock's business information disclosed in Exhibit 19 and discussed in Flock depositions, which includes discussion of Flock's customers other than the City of Norfolk ("the City") and the present and potential capability of the Flock camera system, where those capabilities are either not utilized by the City or not yet realized.

---

[1] Parties have agreed to not seek redactions of the briefs themselves. *See* ECF Nos. 122, 127, 128, 130, 157 163, 164, 165, 173.

2

Consequently, the Court has determined for the sake of clarity to resolve the six motions to seal in one omnibus order that addresses the exhibits by the type of information sought to be redacted. For the reasons explained below, the motions to seal (ECF Nos. 109, 115, 141, 147, 159, 167) are **GRANTED IN PART**.

## I. LEGAL STANDARD

### A. The First Amendment Right of Access to Judicial Records

The public's right to access judicial records stems from either the First Amendment or the common law. *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 576 (E.D. Va. 2009). In a civil case, the "more rigorous" First Amendment standard applies to documents filed in connection with trial or dispositive motions. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). With respect to other filings, "[t]he common law presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)).

Under the First Amendment right of access, the trial court may restrict public access to judicial records only when it identifies a "compelling governmental interest" and can ensure that any denial of this right "is narrowly tailored to serve that interest." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). In determining whether this standard is met, the court "must weigh the competing public and private interests" to determine if the moving party has shown "some significant interest that outweighs the presumption" of access. *Level 3 Commc'ns, LLC*, 611 F. Supp. 2d at 579 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). Even if that burden is satisfied, a court must still ensure that any

3

sealing order and related relief remains narrowly tailored to serve only the specific compelling interest at stake. *See id.* at 580.

Courts routinely permit litigants to seal documents that contain commercially sensitive internal business information, including confidential business communications and confidential information about financial data, transactions, strategy, and trade secrets. *See, e.g., E.I. du Pont de Nemours & Co. v. Agfa NV*, No. 2:18cv326, 2019 WL 13443144, at *1 (E.D. Va. June 7, 2019) (explaining the materials to be sealed as "confidential business communications, business strategy, and proprietary information relating to the confidential business transactions and practices" of the defendant); *Coleman Co., Inc. v. Team Worldwide Corp.*, No. 2:20cv351, 2021 WL 9181925, at *1 (E.D. Va. Dec. 2, 2021) (granting motion to seal "commercially sensitive, confidential and/or proprietary information[], including the material terms of licenses and settlement agreements with third parties."); *Brainchild Surgical Devices, LLC v. CPA Glob. Ltd.*, No. 1:21cv554, 2023 WL 9197751, at *2 (E.D. Va. Sept. 28, 2023) (granting motion to seal where "materials contain detailed descriptions of Defendant's confidential business practices, references to, and excerpts of, confidential customer contracts, detailed analysis and figures relating to Defendant's alleged overcharges and fees, and other confidential pricing information."); *Rxd Media, LLC v. IP Application Dev. LLC*, No. 1:18cv486, 2019 WL 8112894, at *1 (E.D. Va. June 10, 2019) (granting motion to seal "confidential and proprietary information, including 'Apple's branding processes, trademark search strategies, and steps it takes to protect intellectual property when launching new products and services.'").

However, it is not enough to assert generally that exhibits contain "sensitive and confidential business information" without supplying "specific underlying reasons for the district court to understand how [the party's interest] reasonably could be affected by the release of such

4

information." *FTC v. Syngenta Crop Prot. AG*, 695 F. Supp. 3d 701, 706 (M.D.N.C. 2023) (alteration in original) (citations and quotations omitted); *see also Lomangino v. Polaris Indus. Inc.*, No. 2:21-cv-501, 2023 WL 2054278, at *2 (S.D.W. Va. Feb. 16, 2023) (finding defendants' "bare assertion that these documents contain confidential and proprietary information, including trade secrets" insufficient); *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 123 (D. Md. 2009) (noting that a movant must "explicitly identify information akin to trade secrets, and describe how its release will result in an unfair commercial disadvantage."); *Walhonde Tools, Inc. v. Allegheny Energy, Inc.*, No. CIV A 2:06-0537, 2008 WL 4509365, at *1 (S.D.W. Va. Sept. 30, 2008) (finding plaintiffs' grounds for their motion to seal—that documents were designated as confidential pursuant to protective orders because they contain proprietary business information—insufficient).

Finally, pursuant to Eastern District of Virginia Local Civil Rule 5(C), "the designation of a document or other material as confidential during discovery is not, by itself, sufficient justification for allowing a document or other material to be filed under seal." E.D. Va. Loc. Civ. R. 5(C); *see also Consumer Fin. Prot. Bureau v. Nexus Servs., Inc.*, No. 5:21-cv-16, 2023 WL 4850764, at *3 (W.D. Va. July 28, 2023) ("A party's designation of a document or information as 'Confidential' pursuant to a protective order is not, in and of itself, sufficient to support sealing that document—under either the Local Rules, the common law, or the First Amendment.").

### B. The Procedural Requirements to File Documents Under Seal

As a procedural matter, any request to seal any judicial records must also comply with certain requirements. "Motions to file documents under seal are disfavored and discouraged," and require compliance with the procedures set forth in Eastern District of Virginia Local Civil Rule 5. E.D. Va. Loc. Civ. R. 5(A), (C). Before this Court may seal documents, it must: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object,

5

(2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (internal citations omitted). The Court will not simply "rubber-stamp" a party's request to seal. *Dreher v. Experian Info. Sols., Inc.*, No. 3:11-cv-624, 2015 WL 5147260, at *1 (E.D. Va. Mar. 25, 2015).

## II. ANALYSIS

Because the parties seek to seal materials "filed in connection with a summary judgment motion in a civil case," the First Amendment standard for sealing applies. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The First Amendment right of access cannot be overcome by merely a "conclusory assertion." *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). Instead, the moving party must present "specific reasons in support of its position." *Id.* Moreover, sealing is only appropriate so long as both the applicable "procedural" and "substantive" requirements are met. *Level 3 Commc'ns, LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 575-76 (E.D. Va. 2009). Here, the Court recognizes that the notice requirement is met because the parties provided public notice of their requests to seal and allowed interested parties a reasonable opportunity to object. *See* ECF Nos. 110, 117, 142, 148, 160, 168. Thus, the remainder of the Court's analysis will focus on whether the parties have substantively demonstrated a significant interest in sealing that outweighs the public's right to access judicial records such that the exhibits at issue should be kept under seal.

As explained *supra*, the information that Plaintiffs, Defendants, and Flock seek to seal falls into the following five categories: (1) Plaintiffs' personal, identifying information; (2) the identities of certain police officers who utilized Flock camera data in investigating crimes; (3) information about certain open criminal investigations; (4) the locations of every Flock camera in

6

the Hampton Roads area; and (5) Flock's business information, which includes information regarding Flock customers other than the City as well as the present and potential capability of the Flock camera system, where those capabilities are either not utilized by the City or not yet realized. The Court will address these categories in turn.

A. <u>Plaintiffs' Personal, Identifying Information</u>

Plaintiffs request that certain exhibits containing their own personal, identifying information be permanently sealed and redacted to "protect the privacy rights of Plaintiffs and non-parties." ECF No. 111 at 1. The information sought to be sealed includes "Plaintiffs' license plate numbers; addresses; [i]nformation on Plaintiffs' specific movements around the Hampton Roads area; [t]he addresses of locations Plaintiffs frequently visit; [and] [t]he names and addresses of nonparties, including Mr. Schmidt's minor daughter." *Id.* at 2.

The public's right to access judicial records is reduced when the records pertain to the personal, identifying information of parties and nonparties. Moreover, redacting this information will not hinder the public's ability to understand the issues before the Court, thereby striking a balance between Plaintiffs' confidentiality interests and the presumption favoring the public's access to judicial records. Accordingly, the Court agrees that Plaintiffs' personal information can remain sealed and redacted.

B. <u>Identities of Police Officers</u>

Defendants request sealing the names of individual officers with the Norfolk Police Department. Specifically, Defendants request the name of one individual officer be redacted from Plaintiffs' Exhibit 6 and the names of six officers be redacted from Plaintiffs' Exhibit 7. ECF No. 130 at 2. The names of officers are discussed "in connection with their use of the Flock System" but, as Defendants point out, are not relevant to Plaintiffs' motion for summary judgment. *Id.*

7

While Plaintiffs rely on the testimony of officers who may have utilized the Flock System in their motion for summary judgment, the identities of those officers are not relevant to Plaintiffs' motion. Accordingly, the identities of individual Norfolk Police Department officers can remain sealed and redacted.

### C. Information Related to Open Law Enforcement Investigations

Defendants also request sealing references to "confidential criminal investigative information related to open homicide investigations." ECF No. 130 at 2. For example, Exhibit 7 to Plaintiffs' Motion for Summary Judgment contains examples of the Norfolk Police Department using the Flock System to advance open homicide investigations, the details of which have not generally been made public. *Id.* at 8. To the extent that any non-public information regarding ongoing criminal investigations is relevant to Plaintiffs' Motion for Summary Judgment, Defendants argue that the City has a "compelling government interest" in keeping such information confidential. *Id.* Plaintiffs disagree, noting that the public's right to know outweighs any government interest in sealing information "concern[ing] officers' use of Flock, as well as Defendants' audits of officers' reasons for accessing the Flock system." ECF No. 111 at 2.

Maintaining the confidentiality of ongoing investigations outweighs the public's right to know and protects the integrity of ongoing criminal investigations. The Court concludes that information related to ongoing law enforcement investigations can remain sealed and redacted.

### D. Locations of Flock Cameras

During discovery, Flock designated Exhibit 19 confidential in its entirety. ECF No. 111 at 2. Exhibit 19 is a list of camera locations produced by Flock disclosing the locations of license plate recognition cameras for fourteen of its customers, including the Norfolk Police Department. ECF No. 127 at 5. Plaintiffs argue that the public has an "overriding interest" in accessing this

information and that much of the information Flock has designated confidential is already publicly known. ECF No. 111 at 3. In its response, Flock argues that Exhibit 19 should be sealed to the extent that it reflects the locations of Flock cameras operated by customers, both public and private entities, other than the Norfolk Police Department as that information is confidential, proprietary, and unnecessary to decide Plaintiffs' Motion for Partial Summary Judgment. ECF No. 127 at 2.

The Court finds that Flock has not demonstrated a sufficiently significant interest in maintaining this information under seal that outweighs the presumption of the public's access to judicial records for all but their private entity customers. The public has a legitimate interest in knowing where Flock's cameras are located when those cameras are operated by public entity customers other than the Norfolk Police Department, such as other municipal police departments. However, the public's interest is reduced with respect to Flock cameras operated by private entities, as the locations of those cameras do not raise the same concerns about governmental transparency—and the Court recognizes the proprietary interest there. Accordingly, only information identifying the locations of Flock cameras operated by private entity customers warrants sealing.

E. Flock's Business Information

In its Response Partially in Support of Plaintiffs' Motion to Seal, Flock requests targeted sealing of Exhibits 2 and 10, which are the deposition transcripts of its corporate representatives Davis Lukens and Joshua Thomas, respectively. ECF No. 127 at 2. Flock explains that the targeted information falls into five categories of competitive business information that warrant sealing: (1) Flock's strategic decisions; (2) Flock's technical, proprietary functionality; (3) Flock's hardware operation; (4) Flock's use and storage of data; and (5) Flock's commercial relationships. Id. at 9-10. Flock does not seek sealing "any portion of Plaintiffs' Memorandum in Support of

9

their Motion for Partial Summary Judgment . . . nor any information from exhibits that are cited in that brief." *Id.* at 1-2. Flock has also withdrawn its confidentiality designations and agrees to the public filing of the portions of Exhibits 2 and 10 that Plaintiffs cited and relied upon in their summary judgment briefing. *Id.* at 3. Instead, Flock argues that the portions of these exhibits that are neither cited in nor necessary for deciding Plaintiffs' Motion for Partial Summary Judgment should remain under seal because that information includes "discussions of confidential Flock business information." *Id.* at 2. Plaintiffs argue that "any discussions of Flock's products and business practices are too high level to qualify as trade secrets or confidential business information." ECF No. 122 at 3.

Although Plaintiffs seek to publicly file the full deposition transcripts, they did not rely upon the entire transcripts in their summary judgment briefing. Portions of the transcripts that Plaintiffs did not cite or rely upon can remain sealed and redacted, as they are apparently not relevant to the issues raised in the summary judgment briefing and need not have been proffered in the first place. Accordingly, the Court concludes that only the portions of Flock's business information that were cited or relied upon should be unsealed and unredacted. The remaining business information may be confidential and therefore can remain sealed and redacted.

F. <u>Withdrawn Confidentiality Designations</u>

During discovery, Defendants designated City deposition witness testimony in Plaintiffs' Exhibits 4 and 23 as confidential. ECF No. 130 at 4-5. In their response to Plaintiffs' Motion to Seal, ECF No. 109, Defendants state that they have withdrawn their confidentiality designations regarding this testimony. *Id.* Accordingly, this information may remain unsealed and unredacted.

10

## III. CONCLUSION

For the foregoing reasons, and after weighing the public's right of access against the parties' asserted privacy interests, the Court concludes that limited sealing based on the type of information is appropriate. Accordingly, the six motions to seal (ECF Nos. 109, 115, 141, 147, 159, 167) are **GRANTED IN PART**. The Court authorizes sealing only as to (1) Plaintiffs' personal information, (2) the names of individual Norfolk Police Department Officers, (3) information pertaining to ongoing law enforcement investigations, (4) the locations of Flock cameras operated by private entity customers, and (5) Flock's business information that is not cited or relied upon by the parties. All other information—including expert reports and withdrawn confidentiality designations—should be unsealed and unredacted. The parties are **DIRECTED** to confer with each other and with Flock to make the authorized redactions to their exhibits and materials. The parties are further **DIRECTED** to refile the appropriately redacted materials as attachments to a notice of filing **within twenty-one (21) days**. Each side must file its own notice attaching the corresponding redacted exhibits as authorized by this Order.

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/ Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
October 31, 2025